# **EXHIBIT D**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Department of Education (collectively the "United States"); the States of California, Florida, Illinois, Indiana, and Minnesota (collectively the "Intervened States"); the Commonwealth of Massachusetts, the Commonwealth of Kentucky, the District of Columbia and the States of Montana, New Jersey, New Mexico, New York, and Tennessee (collectively the "Non-Intervened States"); Education Management Corporation and its subsidiaries and affiliates, including but not limited to Education Management Holdings II LLC, Education Management II LLC, Education Finance III LLC, the Argosy Education Group, Inc., Argosy University of California LLC, the Art Institutes International II LLC, Brown Mackie Education II LLC, the Institute of Post-Secondary Education, Inc., and South University LLC (collectively "EDMC"); and the Relators as identified in Recital Paragraphs B through E of this Agreement ("Relators") (hereafter collectively referred to as "the Parties"), each through their authorized representatives.

## RECITALS

A.     Education Management Holdings II LLC, Education Management II LLC, Education Finance III LLC, the Argosy Education Group, Inc., Argosy University of California LLC, the Art Institutes International II LLC, Brown Mackie Education II LLC, the Institute of Post-Secondary Education, Inc., and South University LLC are subsidiaries of Education Management Corporation, a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania.  EDMC operates

proprietary institutions of higher education through over 100 ground campuses, and also offers online education programs. EDMC operates under four primary school brand names, including Argosy University, The Art Institutes, Brown Mackie College, and South University. EDMC's campuses are located throughout the United States, including in each of the Intervened States, Pennsylvania, and Tennessee. EDMC's schools participate in federal student financial assistance programs authorized pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 *et seq*.

B.       On April 5, 2007, Lynntoya Washington ("Relator Washington") filed a *qui tam* action in the United States District Court for the Western District of Pennsylvania captioned *United States of America ex rel. Lynntoya Washington v. Education Management LLC et al.*, Civil Action No. 07-461, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "*Washington* Civil Action"). Relator Washington subsequently filed a First Amended Complaint on October 29, 2007, and a Second Amended Complaint on May 2, 2011. Relator Michael T. Mahoney ("Relator Mahoney") also filed suit pursuant to the *qui tam* provisions of the False Claims Act, and joined in Relator Washington's Second Amended Complaint. The United States intervened in the *Washington* Civil Action on April 29, 2011. The Intervened States intervened in the *Washington* Civil Action on April 29, 2011 (California and Illinois), May 27, 2011 (Florida), June 9, 2011 (Indiana), and September 22, 2011 (Minnesota). The United States, California, Florida, Illinois and Indiana filed their Joint Complaint in Intervention on August 8, 2011. The State of Minnesota filed its Complaint in Intervention on September 22, 2011. (The Joint Complaint in Intervention filed by the United States, California, Florida, Illinois and Indiana, together with Minnesota's

Complaint in Intervention, are collectively referred to hereinafter as the "Complaints in Intervention."). The Commonwealth of Massachusetts, the States of Montana, New Jersey, New Mexico, New York, Tennessee, and the District of Columbia were also named as real parties in the action. The District of Columbia intervened in the action on October 27, 2011 and its Complaint in Intervention was dismissed with prejudice by the Court on May 11, 2012. The Commonwealth of Kentucky also moved to intervene in the action on August 8, 2011. Kentucky's Motion to Intervene was denied on October 24, 2011.

C.        On January 28, 2010, Jason Sobek ("Relator Sobek") filed a *qui tam* action in the United States District Court for the Western District of Pennsylvania captioned *United States of America ex rel. Jason Sobek v. Education Management, LLC et al.*, Civil Action No. 10-131, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "*Sobek* Civil Action"). Relator Sobek subsequently filed a First Amended Complaint on June 8, 2010. The United States filed a Notice That it is Not Intervening at This Time on February 9, 2012. Relator Sobek then filed a Second Amended Complaint on February 10, 2012.

D.        On May 6, 2011, Michael Laukaitis, Gregory Carter, and Oksana Hiser filed a *qui tam* action in the United States District Court for the Western District of Pennsylvania captioned *United States of America ex rel. Michael Laukaitis, Gregory Carter, and Oksana Hiser v. The Art Institute Online, Inc. and Education Management Corporation*, Civil Action No. 11-601, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "*Laukaitis* Civil Action"). Subsequently, a First Amended Complaint was filed on May 1, 2012, a Second Amended Complaint was filed

on March 1, 2013, and a Third Amended Complaint was filed on October 22, 2013. Relators Garland Richie, Sean A. Lardo, Jack Boring, and Chanel Dennis (together, with Relators Laukaitis, Carter, and Hiser, "Relator Laukaitis") joined in the aforementioned October 22, 2013 Third Amended Complaint. The United States filed a Notice That it is Not Intervening at This Time on December 8, 2014.

E.     On October 2, 2012, Dr. Mara Rainwater ("Relator Rainwater") filed a *qui tam* action in the United States District Court for the Middle District of Tennessee captioned *United States of America ex rel. Dr. Mara Rainwater v. Education Management Corporation et al.*, Civil Action No. 12-1008, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "*Rainwater* Civil Action"). The United States has not submitted an election decision in this case. (Collectively, the four lawsuits described in Recital Paragraphs B-E will be referred to as the "Civil Actions," and the individuals referred to in Recital Paragraphs B-E collectively will be referred to as the "Relators.")

F.     The United States and the Intervened States contend that they have certain civil claims against EDMC for engaging in the conduct alleged in the *Washington* Civil Action Complaints in Intervention. The United States additionally contends that it has certain claims against EDMC for engaging in the conduct alleged in the *Sobek* Civil Action Second Amended Complaint; the *Laukaitis* Civil Action Third Amended Complaint; and the *Rainwater* Civil Action. The Commonwealth of Massachusetts and the States of Montana, New Jersey, New Mexico, New York and Tennessee, through Relators Washington and Mahoney, contend that they are the real parties in interest for certain claims against EDMC for engaging in the conduct alleged in Relator

Washington's Second Amended Complaint. The District of Columbia contends that it has certain claims against EDMC for engaging in the conduct alleged in its Complaint in Intervention. The Commonwealth of Kentucky contends that it has certain claims against EDMC for engaging in conduct alleged in its Complaint in Intervention, which was attached as Exhibit 2 to its Motion to Intervene in the *Washington* Civil Action (The civil claims described in Paragraph F constitute, and are collectively hereinafter referred to as, the "Covered Conduct").

G.    The District of Columbia and the States and/or Commonwealths of Alabama, Arizona, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Mississippi, Missouri, Montana, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming ("Consumer Protection Consortium States") also contend that each of them have certain civil claims against EDMC. The Consumer Protection Consortium States are contemporaneously entering into separate settlement agreements with EDMC to resolve the Consumer Protection Consortium States' claims. Those agreements are hereinafter referred to as the "Consumer Protection Consortium Agreements."

H.    This Agreement is neither an admission of liability by the EDMC Releasees (hereinafter defined) nor a concession by the United States or the Intervened States or the Non-Intervened States that their claims are not well founded.

I.      Relators claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Agreement and to Relators' reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

1.     EDMC shall pay to the United States $95,500,000 (Ninety-Five and a Half Million Dollars ("Settlement Amount").  On the Effective Date of this Agreement, this sum shall constitute a debt due and immediately owing collectively to the United States, the Intervened States and the Non-Intervened States.  The Settlement Amount shall be paid as follows:

a.     EDMC shall pay to the United States the Settlement Amount in accordance with the payment schedule attached hereto as Exhibit A.  Within fourteen (14) business days after the Effective Date of this Agreement, EDMC shall pay the United States the initial payment in the amount of $45,500,000 (Forty-Five and a Half Million Dollars) and thereafter make payments according to the schedule in Exhibit A. All payments shall be made to the United States by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Western District of Pennsylvania.  The entire balance of the face amount of the Settlement Amount, or any portion thereof, may be prepaid without penalty.

b.     If EDMC sells or otherwise transfers to an unaffiliated third party all or substantially all of the assets or operations of one or more of its subsidiaries, divisions, campuses, or school brands (including but not limited to Argosy University, The Art Institutes, Brown Mackie College, or South University), EDMC shall give the United States notice within seven (7) days of the execution of a definitive sales agreement, and payment of the remaining unpaid balance of the Settlement Amount shall be accelerated as follows:     (i) If EDMC or substantially all of EDMC's assets or operations is sold or otherwise transferred to an unaffiliated third party, the remaining unpaid balance of the

Settlement Amount shall become accelerated and due and payable within ten (10) business days of the Receipt of Proceeds (as hereinafter defined) by EDMC from the sale or transfer;  (ii) If EDMC sells or otherwise transfers to an unaffiliated third party all or substantially all of the assets or operations of a particular subsidiary, division, school brand, or campus, a percentage of the remaining settlement balance that is equal to any such subsidiary, division, school brand, or campus's percentage of EDMC's net revenue for the previous fiscal year or the average of the three previous fiscal years, whichever is higher ("Accelerated Percentage") shall become accelerated and due and payable within ten (10) business days of the Receipt of Proceeds by EDMC from the sale or transfer. For purposes of Paragraph 1.b., "Receipt of Proceeds" means the receipt of cash proceeds by EDMC from a sale or transfer subject to Paragraph 1.b.  Exclusively for the purposes of clarification, in the event that EDMC agrees to an "earn-out" provision or receives a note or other security in connection with a sale or transfer, the payment of the accelerated amount related to such earn-out provision or security, if any, shall not be payable by EDMC until receipt of cash proceeds by EDMC from such earn-out provision or security. There shall be no acceleration of the Settlement Amount pursuant to this Paragraph in the event that a sale or transfer to an unaffiliated third party involves a sale or transfer involving gross proceeds of less than $1,500,000.  Following payment of the Accelerated Percentage, the accelerated amount shall be applied to the final scheduled payment or payments set forth in Exhibit A that are still owed at the time of the acceleration.

c.    The Settlement Amount is allocated among the matters being settled as follows:

| | |
|---|---|
| *Washington* Civil Action (total): | $80,375,000 |
| *Washington* Civil Action (United States) | $47,625,000 |
| *Washington* Civil Action (Intervened States) | $13,750,000 |
| *Washington* Civil Action (Non-Intervened States) | $500,000 |
| *Sobek* Civil Action: | $3,250,000 |
| *Laukaitis* Civil Action: | $1,675,000 |
| *Rainwater* Civil Action: | $1,450,000 |
| Consumer Protection Consortium States | $8,750,000 |

Each payment ("Specific Installment Payment") shall be made to the United States as provided in Exhibit A.  EDMC has no responsibility for the distribution of such payments to other parties, as provided for in this agreement.  Subject to Paragraphs 2 and 3 of this Agreement, funds paid to the Intervened States and the Non-Intervened States may be used or expended in any way permitted by applicable state law at each State's individual discretion.

2.    Conditioned upon the United States receiving the Settlement Amount payments, the United States agrees that it shall pay to Relators as soon as feasible after receipt of the payment by electronic funds transfer the amounts set forth in Exhibit B as their shares of the proceeds pursuant to 31 U.S.C. § 3730(d) (the "Relators' Share"), pursuant to written instructions to be provided to the United States Attorney's Office for the Western District of Pennsylvania by each Relator's counsel.  The Relators expressly understand and agree that the United States and/or the Intervened States and/or the Non-

9

Intervened States are only liable to the Relators for funds actually received or collected by the United States from any source being used to fund EDMC's obligations under this settlement agreement.

3.      The Parties have allocated $19,875,000 of the Settlement Amount as expenses, and attorneys' fees and costs (the "Attorneys' Fees and Costs Settlement Amount").   Conditioned upon the United States receiving the Settlement Amount payments, the United States agrees that it shall pay to Relators and/or Relators' counsel as soon as feasible after receipt of the payment by electronic funds the amounts set forth in Exhibit C as their portion of the Attorneys' Fees and Costs Settlement Amount, pursuant to written instructions to be provided to the United States Attorney's Office for the Western District of Pennsylvania by each Relator's counsel.   The Relators and Relators' counsel expressly understand and agree that the United States and/or the Intervened States and/or the Non-Intervened States are only liable to the Relators and/or Relators' counsel for funds actually received or collected by the United States from any source being used to fund EDMC's obligations under this settlement agreement.

4.      In the event that EDMC informs the United States in writing, at least seven (7) calendar days in advance of the date upon which a Specific Installment Payment called for in Exhibit A, as set forth in Paragraph 1, is due, that EDMC will not timely pay the full amount of the Specific Installment Payment ("Future Missed Payment"), EDMC agrees that for purposes of this Agreement, the Future Missed Payment will constitute liabilities owing to the Secretary arising from acts or omissions of the Institution, and that the Department of Education may draw on any letter of credit it may possess from EDMC to secure the amount owing on behalf of the United States,

the Intervened States, and the Non-Intervened States, including payment of appropriate Relators' shares. If a Future Missed Payment is resolved through such a draw on a letter of credit, the Future Missed Payment shall be treated as if it was timely paid in full by EDMC.

5.      In the event that EDMC fails to pay any part of the Settlement Amount as called for in Exhibit A, as set forth in Paragraph 1, within fourteen (14) calendar days of the date upon which each such Specific Installment Payment is due, EDMC shall be in default of its payment obligations ("Default"). The United States will provide a written Notice of Default, and EDMC shall have an opportunity to cure such Default within fourteen (14) calendar days from the date of receipt of the Notice of Default. Notice of Default will be delivered to the attention of the Chief Financial Officer with a copy to the General Counsel, Education Management Corporation, 210 Sixth Avenue, Pittsburgh, PA 15222, or to such other representative as EDMC shall designate in advance in writing. If EDMC fails to cure the Default within fourteen (14) calendar days of receiving the Notice of Default ("Uncured Default"), then the remaining unpaid balance of the Settlement Amount shall become accelerated and immediately due and payable, and the United States and/or the Intervened States and/or the Non-Intervened States may exercise the following options:

a.      EDMC shall upon execution of this Agreement enter into a Consent Judgment in the form attached as Exhibit D, which may be filed in the United States District Court for the Western District of Pennsylvania by the United States and/or the Intervened States and/or the Non-Intervened States as provided in Paragraph 5.b.

b.      EDMC agrees that in the event of an Uncured Default:

11

(1) For purposes of this Agreement, such Uncured Default will constitute liabilities owing to the Secretary arising from acts or omissions of the Institution, and that the Department of Education may draw on any letter of credit it may possess from EDMC to secure the amount owing on behalf of the United States, the Intervened States, and the Non-Intervened States, including payment of appropriate Relators' shares.

(2) The United States and/or the Intervened States and/or the Non-Intervened States may exercise any other rights granted by law or in equity to collect the remaining unpaid balance of the Settlement Amount, including the option of filing and executing on the Consent Judgment described in Paragraph 5.a. above, and/or referring the matter for private collection. EDMC agrees not to contest any action undertaken by the United States and/or the Intervened States and/or the Non-Intervened States pursuant to this Paragraph, except on the grounds of actual payment to the United States.

(3) The United States and/or the Intervened States and/or the Non-Intervened States may, at their discretion, accept late payment of a Specific Installment Payment without penalty and deem the Default cured; acceptance of any late payment creates no obligation to accept any future late payment.

(4) The United States and/or the Intervened States and/or the Non-Intervened States may rescind this Agreement and pursue the Civil Actions or bring any civil and/or administrative claim, action, or

proceeding against EDMC for the claims that would otherwise be covered by the releases provided in Paragraphs 12 and 13, below.  In the event that the United States and/or the Intervened States and/or the Non-Intervened States opt to rescind this Agreement ("Rescinding Parties") pursuant to this Paragraph: (a)  EDMC agrees not to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that are (i) filed by the Rescinding Parties against EDMC within 120 days of written notification that this Agreement has been rescinded, and (ii) relate to the Covered Conduct, except to the extent these defenses were available on the particular date when each Civil Action referenced in Recital Paragraphs B-E was filed; (b) EDMC shall have no obligation to make further settlement payments to the Rescinding Parties.  The further amounts due to the Rescinding Parties shall be deducted from amounts otherwise due from EDMC under Exhibit A;  (c)  EDMC shall be entitled to an offset against any monies ultimately received by the Rescinding Parties for Settlement Payments previously received by the Rescinding Parties before the notice of rescission;  (d) Any release given by EDMC and the Rescinding Parties to each other shall be of no force and effect;  (e)  An election by the United States and/or the Intervened States and/or the Non-Intervened States to file a civil action under this Paragraph shall be without prejudice to the rights of the Relators under 31 U.S.C. § 3730(d), and nothing in this Paragraph shall be construed to create, modify, or extinguish any right that Relators

13

may have under law to enforce this agreement in the event of a default by EDMC. Nothing in this Paragraph shall in any way impact the rights and obligations of the United States and/or the Intervened States and/or the Non-Intervened States who are not Rescinding Parties. The process for recission set forth in this Paragraph 5.b(4) shall also apply to a recission pursuant to Paragraph 18 and/or 25.

6.     The parties agree that $8,750,000 of the Settlement Amount is being allocated in furtherance of costs associated with enforcement provisions set forth within the Consumer Protection Consortium Agreements, including the appointment of an Administrator to oversee compliance, as well as the procurement of a telephone/voice analytic system to assist in monitoring such compliance. As recognized in the Consumer Protection Consortium Agreements, the United States, the Intervened States and the Non-Intervened States shall have the right to: (a) refer complaints concerning EDMC to the Administrator, as set forth in the Consumer Protection Consortium Agreements; and (b) receive and use any and all reports or other information provided by the Administrator to the Attorneys General. Nothing in this Paragraph shall limit the capacity of the United States and/or Intervened States and/or Non-Intervened States to take any action permitted by statute, regulation, or common law.

7.     EDMC shall comply with the Incentive Compensation Ban, Section 487(a)(20) of Title IV of the Higher Education Act, 20 U.S.C. § 1094(a)(20); the Incentive Compensation Ban's implementing regulations, 34 C.F.R. § 668.14(b)(22); and the terms of EDMC's Program Participation Agreements with the United States

Department of Education, and equivalent State Agreements, concerning the Incentive Compensation Ban and its implementing regulations.

8.      EDMC shall not falsely or fraudulently represent or certify, either expressly or impliedly, that it is in compliance with the Incentive Compensation Ban (20 U.S.C. § 1094(a)(20)); its implementing regulations (34 C.F.R. § 668.14(b)(22)); or EDMC's Program Participation Agreements with the United States Department of Education, and equivalent State Agreements, including but not limited to, when EDMC: (a) Establishes or verifies its eligibility to participate in the United States', Intervened States', or Non-Intervened States' student financial aid programs;   (b) Enters into a Program Participation Agreement with the United States Department of Education;   (c) Enters into an Institutional Participation Agreement with the Intervened States' or Non-Intervened States' respective Offices of Higher Education;   or (d) Presents, or causes another to present, claims for the payment or approval of student financial aid funds to an officer or employee of the United States, the Intervened States, or the Non-Intervened States.

9.      EDMC shall comply in all respects with the California False Claims Act, Cal. Gov't Code § 12650 *et seq.*, the Florida False Claims Act, Stat. § 68.082(2), the Illinois False Claims Act, 740 ILCS 175/1 *et seq.*, the Indiana False Claims Act, Ind. Code § 5-11-5.5-1 *et seq.*, the Minnesota False Claims Act, Minnesota Statutes Chapter 15C *et seq.*, Massachusetts' False Claims Act, Mass Gen Law c. 12 sec. 5A *et seq.*, the District of Columbia's False Claims Act, D.C. Code § 2-381.01 *et seq.*, Montana's False Claims Act, Mont. Code Ann. 17-8-401, *et seq.*, New Jersey's False Claims Act, N.J.S.A. 2A:32C-1 *et seq.*, New Mexico's False Claims Act, N.M Stat Ann. Sections 44-9-1 to 44-

9-14, New York's False Claims Act, New York State Finance Law §§ 187, *et seq.* (2015), and Tennessee's False Claims Act, Tenn. Code Ann. § 4-18-101, *et seq.*, when participating as an "eligible institution" in the Intervened States' or Non-Intervened States' student financial aid programs.

10.    EDMC's obligation to comply with the particular laws specified in Paragraphs 7, 8, and 9 above shall have no effect on any obligations EDMC may have to comply with other federal and state laws not specified above.

11.    If EDMC fails to comply with any of the obligations set forth in Paragraphs 7, 8, or 9 above, such a failure shall not constitute a Default for purposes of Paragraph 5 of this Agreement, nor otherwise constitute a breach of this Agreement. Any remedies for such violations are limited to the remedies provided by the applicable laws and/or regulations. Nothing in this Paragraph shall limit the capacity of the United States and/or the Intervened States and/or Non-Intervened States to take any action permitted by statute, regulation, and/or common law.

12.    Subject to the exceptions in Paragraph 15 below (concerning excluded claims), and conditioned upon EDMC's full payment of the Settlement Amount, and subject to Paragraph 25 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement):

    a.    The United States and the States of Florida and Indiana release EDMC, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former owners; and officers, directors, insurers and affiliates; and the successors and assigns of any of them (collectively,

including EDMC, the "EDMC Releasees") from any civil or administrative monetary claim the United States and/or the States of Florida and Indiana have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733 and the equivalents to the False Claims Act for the States of Florida and Indiana; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; Title IV of the Higher Education Act of 1965 as amended, 20 U.S.C. §§ 1070 *et seq.*; Fla. Stat. Ch. 501.201-501.213; Ind. Code 24-5-.05-1 – 24-5-.05-12; or the common law theories of payment by mistake, unjust enrichment, and/or fraud.

b.       The State of California, by and through the Office of the Attorney General of the State of California, releases the EDMC Releasees from any civil or administrative monetary claim the State of California has for the Covered Conduct under the California False Claims Act, California Government Code §§ 12650-12656 or the common law theory of unjust enrichment. The Attorney General of the State of California executes this release in her official capacity and releases only the claims that the California Attorney General has the authority to release.

c.       The State of Illinois, by and through the Office of the Attorney General of the State of Illinois, releases the EDMC Releasees from any civil or administrative monetary claim the State of Illinois has for the Covered Conduct under the Illinois False Claims Act, 740 ILCS 15/1 *et seq.*, the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1 *et seq.*, or the common law theories of payment by mistake of fact and unjust enrichment.

d.       The State of Minnesota, by and through the Office of the Attorney General, releases the EDMC Releasees from any civil or administrative monetary claim

the State of Minnesota has for the Covered Conduct under the Minnesota False Claims Act, Minnesota Statutes Chapter 15C *et seq*. or the common law theory of unjust enrichment.  The Attorney General of the State of Minnesota releases only the claims that the Minnesota Attorney General has the authority to release.

e.       The Commonwealth of Kentucky, the District of Columbia and the States of Montana, New Jersey, New Mexico, New York, and Tennessee release the EDMC Releasees from any civil or administrative monetary claims the Non-Intervened States have for the Covered Conduct under the Kentucky Consumer Protection Act, KSR 367.110, *et seq.*, the District of Columbia's False Claims Act, D.C. Code § 2-381.01 *et seq.*, Montana's False Claims Act, Mont. Code Ann. 17-8-401, *et seq.*, New Jersey's False Claims Act, N.J.S.A. 2A:32C-1 *et seq.*, New Mexico's False Claims Act, N.M Stat Ann. Sections 44-9-1 to 44-9-14, New York's False Claims Act, New York State Finance Law §§ 187, *et seq.* (2015), and Tennessee's False Claims Act, Tenn. Code Ann. § 4-18-101, *et seq.*

f.       The Commonwealth of Massachusetts, by and through the Office of the Attorney General, releases the EDMC Releasees from any civil or administrative monetary claim the Attorney General of the Commonwealth of Massachusetts has for the Covered Conduct under the Massachusetts False Claims Act, Mass Gen Law c. 12 sec. 5A *et seq*.  The Attorney General of the Commonwealth of Massachusetts executes this release in her official capacity and releases only the claims that the Massachusetts Attorney General has the authority to release.

13.       The United States Department of Education agrees that this Agreement and/or the Covered Conduct do not constitute a basis for:  (a) asserting that EDMC lacks

18

administrative capability under 34 C.F.R. § 668.16;   (b) asserting that EDMC lacks financial responsibility under 34 C.F.R. § 668.17(a);   (c) asserting any finding of noncompliance by EDMC with any Title IV program statute or regulation, including but not limited to the rules and requirements set forth in 34 C.F.R. Part 600 or Part 668, in any pending program review or audit report or in any pending final program review determination or final audit determination, except for any issues from any United States Department of Education open program review or unresolved final program review determination concerning the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act;   (d) placing or maintaining EDMC under a provisional certification to participate in Title IV Programs;   (e) placing EDMC on the reimbursement method of receiving Title IV Program funds;   (f) instituting a fine, limitation, suspension, or termination proceeding against EDMC under 34 C.F.R Part 668, Subpart G;   or (g) instituting, directing, or maintaining any other administrative action or asserting that the Settlement Agreement fails to satisfactorily resolve any alleged compliance issues related to the Covered Conduct.   Accordingly, subject to the exceptions in Paragraph 15 below (concerning excluded claims), and conditioned upon EDMC's full payment of the Settlement Amount, and subject to Paragraph 25 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), the United States Department of Education releases the EDMC Releasees from each of the foregoing claims, actions, and items enumerated as (a) through (g) in this Paragraph to the extent that any such items would be or could be asserted based upon or in connection with the Covered Conduct or this Agreement.

14.    Subject to the exceptions in Paragraph 15 below (concerning excluded claims), and conditioned upon EDMC's full payment of the Settlement Amount, and subject to Paragraph 25 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date of this Agreement or any payment made under this Agreement), Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release the EDMC Releasees from any civil monetary claim the Relators have:  (a) on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733;  (b) on behalf of the Intervened States and Non-Intervened States for the Covered Conduct under the Intervened States' and Non-Intervened States' equivalents to the False Claims Act;  (c) on behalf of any state, city or political or administrative entity for the Covered Conduct under applicable equivalents to the False Claims Act;  and (d) for themselves and for their heirs, successors, attorneys, agents, and assigns, fully and finally release the EDMC Releasees from any liability, claims, demands, actions, or causes of action whatsoever existing as of the Effective Date of this Agreement, whether known or unknown, fixed or contingent, in law or in equity, in contract or tort, of any kind or character, for damages, statutory penalties, equitable relief or otherwise, including attorneys' fees, costs, and expenses of every kind and however denominated, that Relators would have standing to bring against them, or any of them.

15.    Notwithstanding the releases given in Paragraphs 12, 13, and 14 of this Agreement, or any other term of this Agreement, the following claims are specifically reserved and are not released:

a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.    Any liability arising under state tax codes, laws or regulations;

20

c.      Any criminal liability;

d.      Any liability arising under state securities or antitrust codes, laws or regulations;

e.      Any liability arising under state environmental codes, laws or regulations;

f.      Except as explicitly stated in this Agreement, any administrative liability or action, including the suspension and debarment rights of any federal, state or local agency, and any issues from any open United States Department of Education program review or unresolved final program review determination concerning the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act;

g.      Any liability for any conduct other than the Covered Conduct;

h.      Any liability based upon obligations created by this Agreement;

i.      Any liability of individuals, not addressed herein;

j.      Any private right of action, including but not limited to private causes of action, claims or remedies provided for under Minn. Stat. 8.31;

k.      Any liability for property damage;

l.      Any liability arising under California's Business & Professions Code §§ 17200 *et seq.* (Unfair Competition Law), §§ 17500 *et seq.* (False Advertising Law), including without limitation any and all actions brought under the Unfair Competition Law's unlawful prong for violation of any federal or state statute or regulation;

m.      Any and all claims the Minnesota Attorney General may have against the EDMC Releasees pursuant to Minn. Stat. §§ 325F.67 *et seq.* (False Statement in Advertisement); 325F.69 *et seq.* (Minnesota Prevention of Consumer Fraud Act); 325D.44 *et seq.* (Uniform Deceptive Trade Practices Act); and 8.31 *et seq.*

21

16.     Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relators' receipt of the payments described in Paragraph 2, Relators and their heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge:  (a) the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Actions or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Actions;  (b) the Intervened States, their agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Actions or under the State False Claims Acts, and from any claims to a share of the proceeds of this Agreement and/or the Civil Actions;  and (c) the Non-Intervened States, their agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Actions or under the State False Claims Acts, and from any claims to a share of the proceeds of this Agreement and/or the Civil Actions.

17.     Conditioned upon receipt of the payments described in Paragraph 3, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release EDMC, and its officers, agents, and employees, from any liability to Relators arising from the filing of the Civil Actions, or under 31 U.S.C. § 3730(d) for expenses or attorney's fees and costs.

18.     EDMC has provided sworn financial disclosure statements and various financial materials (collectively "Financial Statements") to the United States and/or the Intervened States and the United States, the Intervened States and the Non-Intervened

States have relied on the accuracy and completeness of those Financial Statements in reaching this Agreement.  EDMC warrants that the Financial Statements are complete, accurate, and current as of the time that such Financial Statements were provided to the United States and/or the Intervened States.  EDMC also provided future financial projections and forecasts through fiscal year 2019.  If the United States and/or the Intervened States and/or the Non-Intervened States learn of asset(s) in which EDMC had an interest at the time of this Agreement that were not disclosed in the Financial Statements, or if the United States and/or the Intervened States and/or the Non-Intervened States learn of any misrepresentation by EDMC on, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $5,000,000 (Five Million Dollars) or more, the United States and/or the Intervened States and/or the Non-Intervened States may:  (a) rescind this Agreement and file suit or reinstate their suits based on the Covered Conduct, or (b) let the Agreement stand and pursue an action to collect the full Settlement Amount owing as of such date, in accordance with Exhibit A, plus one hundred percent (100%) of the value of the net worth of EDMC previously undisclosed.  Absent circumstances requiring immediate action, such as dissolution or dissipation of assets, the United States agrees to provide written notice to EDMC, and to provide twenty (20) days for EDMC to respond to the United States before taking action to rescind this Agreement or undertaking a collection action pursuant to this Paragraph.  EDMC agrees not to contest any collection action undertaken by the United States and/or the Intervened States and/or the Non-Intervened States pursuant to this provision, and immediately to pay the United

States and/or the Intervened States and/or the Non-Intervened States all reasonable costs incurred in such an action, including attorney's fees and expenses.

19.     In the event that the United States and/or the Intervened States and/or the Non-Intervened States, pursuant to Paragraph 18 (concerning disclosure of assets), above, opts to rescind this Agreement, EDMC agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States and/or the Intervened States and/or the Non-Intervened States within 90 calendar days of written notification to EDMC that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on the particular date when each Civil Action referenced in Recital Paragraphs B-E was filed.

20.     EDMC waives and shall not assert any defenses EDMC may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.  Nothing in this Paragraph or any other provision of this Agreement constitutes an agreement by the United States and/or the Intervened States and/or the Non-Intervened States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

21.     EDMC fully and finally releases the United States, the Intervened States, and the Non-Intervened States, their agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and

however denominated) that EDMC has asserted, could have asserted, or may assert in the future against the United States and/or the Intervened States and/or the Non-Intervened States, their agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' and/or Intervened States' and/or the Non-Intervened States' investigation and prosecution thereof.

22.    EDMC fully and finally releases the Relators, their heirs, successors, attorneys, agents, and assigns from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that EDMC has asserted, could have asserted, or may assert in the future against the Relators, related to the Civil Actions and the Relators' investigation and prosecution thereof, and from any liability, claims, demands, actions, or causes of action whatsoever existing as of the Effective Date of this Agreement, whether known or unknown, fixed or contingent, in law or in equity, in contract or tort, of any kind or character, for damages, statutory penalties, equitable relief or otherwise, including attorneys' fees, costs, and expenses of every kind and however denominated, that EDMC would have standing to bring against Relators, or any Relator.

23.    a.    Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of EDMC, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)    The matters covered by this Agreement;

(2)    The United States' and/or Intervened States' and/or the Non-Intervened States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)    EDMC's investigation, defense, and corrective actions undertaken in response to the United States' and/or Intervened States' and/or Non-Intervened States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)    The negotiation and performance of this Agreement;

(5)    The payments EDMC makes to the United States and/or Intervened States and/or Non-Intervened States pursuant to this Agreement,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b.    Future Treatment of Unallowable Costs:  Unallowable Costs will be separately determined and accounted for by EDMC, and EDMC shall not charge such Unallowable Costs directly or indirectly to any contract with the United States and/or the Intervened States and/or the Non-Intervened States.

c.    Treatment of Unallowable Costs Previously Submitted for Payment:  Within 90 days of the Effective Date of this Agreement EDMC shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by EDMC or any of its subsidiaries or affiliates from the United States and/or the Intervened States and/or the Non-Intervened States.  EDMC agrees that the United States and/or Intervened States and/or Non-Intervened States, at a minimum, shall be entitled to recoup from EDMC any overpayment plus applicable interest and penalties as a result of the inclusion of such

Unallowable Costs on previously-submitted requests for payment.  The United States, including the Department of Justice and/or the affected agencies, and the Intervened States and Non-Intervened States, reserve their rights to audit, examine, or re-examine EDMC's books and records and to disagree with any calculations submitted by EDMC or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by EDMC, or the effect of any such Unallowable Costs on the amount of such payments.

24.    EDMC warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following payment to the United States of the Settlement Amount.    Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to EDMC, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which EDMC was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

25.    If within 91 days of the Effective Date of this Agreement or of any payment made under this Agreement, EDMC commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency,

reorganization, or relief of debtors (a) seeking to have any order for relief of EDMC's debts, or seeking to adjudicate EDMC as bankrupt or insolvent;  or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for EDMC or for all or any substantial part of EDMC's assets, EDMC agrees as follows:

a.     EDMC's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and EDMC shall not argue or otherwise take the position in any such case, proceeding, or action that:  (i) EDMC's obligations under this Agreement may be avoided under 11 U.S.C. § 547;  (ii) EDMC was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payments made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to EDMC.

b.     If EDMC's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States and/or the Intervened States and/or the Non-Intervened States, each at its sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against EDMC for the claims that would otherwise be covered by the releases provided in Paragraphs 12, 13, and 14, above.  EDMC agrees that (i) any such claims, actions, or proceedings brought by the United States and/or the Intervened States and/or the Non-Intervened States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and EDMC shall not argue or otherwise contend that the United States' and/or Intervened States' and/or Non-Intervened States' claims, actions, or proceedings are subject to an automatic stay;  (ii)

EDMC shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by the United States and/or the Intervened States and/or the Non-Intervened States within 90 calendar days of written notification to EDMC that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the particular date when each Civil Action referenced in Recital Paragraphs B-E was filed;  and (iii) the United States, the Intervened States and Non-Intervened States have a valid claim against EDMC for treble damages and civil penalties, and the United States and the Intervened States and the Non-Intervened States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

      c.     EDMC acknowledges that its agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement.

      26.     This Agreement is intended to be for the benefit of the Parties only.

      27.     Upon receipt of the initial payment described in Paragraph 1 a., above, the United States, Intervened States and/or Relators shall promptly sign and file in the Civil Actions Joint Stipulations of Dismissal of the Civil Actions pursuant to Rule 41(a)(1). The Dismissals by the United States and the Intervened States in the *Washington* Civil Action shall be with prejudice.  The Dismissals by Relators shall be with prejudice as to all claims asserted by the Relators in the Civil Actions, including but not limited to claims asserted on behalf of the United States and/or Non-Intervened States as to the Covered Conduct in actions in which the United States and/or Non-Intervened States did

not intervene.  The Non-Intervened States consent to Relators' dismissal with prejudice of all claims asserted on their behalf in the *Washington* Civil Action.  The United States consents to Relators' dismissal with prejudice of all claims asserted on the United States' behalf in the *Sobek* Civil Action, the *Laukaitis* Civil Action and the *Rainwater* Civil Action.

28.    Except as otherwise provided for in this agreement, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

29.    Each Party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

30.    This Agreement is governed by the laws of the United States.  With the exception of Paragraphs 7 through 10 of this Agreement, the exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Western District of Pennsylvania.  For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

31.    This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

32.    The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

33.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

34.     This Agreement is binding on EDMC's successors, transferees, heirs, and assigns.

35.     This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

36.     All parties consent to the United States', Intervened States' and Non-Intervened States' disclosure of this Agreement, and information about this Agreement, to the public.

37.     This Agreement is effective on the date that the United States provides notice to EDMC of the signature of the last signatory to the Agreement (Effective Date of this Agreement).  Such notice shall be made an addendum to this Agreement.  Facsimiles and Portable Document Format (PDF) copies of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE UNITED STATES OF AMERICA**

DATED: 11.16.15   BY: _____

DAVID J. HICKTON
United States Attorney
Western District of Pennsylvania

DATED: _____   BY: _____

DAVID RIVERA
United States Attorney
Middle District of Tennessee

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

DATED: 11/13/15   BY: _____

MICHAEL D. GRANSTON
RENÉE BROOKER
JAY D. MAJORS
Attorneys, United States Department of Justice

**UNITED STATES DEPARTMENT OF EDUCATION**

DATED: 11-9-2015   BY: _____

JAMES W. RUNCIE
Chief Operating Officer
Office of Federal Student Aid
United States Department of Education

32

## THE UNITED STATES OF AMERICA

DATED: _____        BY: _____
                             DAVID J. HICKTON
                             United States Attorney
                             Western District of Pennsylvania


DATED: _____        BY: _____
                             DAVID RIVERA
                             United States Attorney
                             Middle District of Tennessee

                             BENJAMIN C. MIZER
                             Principal Deputy Assistant Attorney General

DATED: 11/13/15         BY: _____
                             MICHAEL D. GRANSTON
                             RENÉE BROOKER
                             JAY D. MAJORS
                             Attorneys, United States Department of Justice


## UNITED STATES DEPARTMENT OF EDUCATION

DATED: 11-9-2015        BY: _____
                             JAMES W. RUNCIE
                             Chief Operating Officer
                             Office of Federal Student Aid
                             United States Department of Education


32

## THE UNITED STATES OF AMERICA

DATED: _____        BY: _____
                             DAVID J. HICKTON
                             United States Attorney
                             Western District of Pennsylvania

DATED: *Nov. 3, 2015*    BY: _____
                             DAVID RIVERA
                             United States Attorney
                             Middle District of Tennessee

                             BENJAMIN C. MIZER
                             Principal Deputy Assistant Attorney General

DATED: _____        BY: _____
                             MICHAEL D. GRANSTON
                             RENÉE BROOKER
                             JAY D. MAJORS
                             Attorneys, United States Department of Justice

## UNITED STATES DEPARTMENT OF EDUCATION

DATED: _____        BY: _____
                             JAMES W. RUNCIE
                             Chief Operating Officer
                             Office of Federal Student Aid
                             United States Department of Education

## INTERVENED STATES

## STATE OF CALIFORNIA

Dated: November 13, 2015

KAMALA D. HARRIS
ATTORNEY GENERAL OF CALIFORNIA

By:

Courtney Towle
Deputy Attorney General
California Department of Justice
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102
courtney.towle@doj.ca.gov
Office: 415-703-5510

33

## STATE OF FLORIDA

Dated: _November 9th_, 2015

PAM BONDI
ATTORNEY GENERAL OF FLORIDA

By:

Mark S. Hamilton
Special Counsel
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
Fax: (850) 488-4483
Mark.Hamilton@myfloridalegal.com
Counsel for Plaintiff State of Florida

34

## **STATE OF ILLINOIS**

Lisa Madigan
Attorney General of Illinois

By: _____                Date: ___11/12/2015___

    GARY CAPLAN
    Assistant Chief Deputy Attorney General
    Office of the Illinois Attorney General
    100 West Randolph, 12th Floor
    Chicago, IL 60601
    (312) 814-5661
    gcaplan@atg.state.il.us

35

**STATE OF INDIANA**

Dated: _November 9_, 2015

By:

GREGORY F. ZOELLER
ATTORNEY GENERAL OF INDIANA

PATRICIA ORLOFF ERDMANN
Deputy Attorney General and
Chief Counsel for Litigation
IN ID. No. 17664-49
State of Indiana Office of the Attorney
General
302 West Washington Street
IGCS, Fifth Floor
Indianapolis, IN 46204
(317) 232-6318
Fax: 317-232-7979
Email: patricia.erdmann@atg.in.gov
Counsel for Plaintiff State of Indiana

**STATE OF MINNESOTA**

Dated: **11/12** , 2015

LORI SWANSON
Attorney General
State of Minnesota

By:

JASON PLEGGENKUHLE
Assistant Attorney General
Atty. Reg. No. 0391772
jason.pleggenkuhle@ag.state.mn.us

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2128
(651) 757-1147 (Voice)
(651) 296-1410 (TTY)

**NON-INTERVENED STATES**

**COMMONWEALTH OF KENTUCKY**

Dated: 11 / 9          , 2015

JACK CONWAY
KENTUCKY ATTORNEY GENERAL

By:

Todd E. Leatherman
Executive Director
Office of Consumer Protection
Office of the Attorney General
1024 Capital Center Dr., Suite 200
Frankfort, KY 40601
(502) 696-5384
Todd.leatherma@ky.gov

*Attorney for the Commonwealth of Kentucky*

38

## COMMONWEALTH OF MASSACHUSETTS

Dated: _____10/23_____, 2015          MAURA HEALEY
                                        ATTORNEY GENERAL

                           By:    _____
                                  Glenn Kaplan
                                  Assistant Attorney General
                                  Office of the Attorney General
                                  One Ashburton Place, 18th Floor
                                  Boston, MA 02108
                                  617-963-2453
                                  Glenn.kaplan@state.ma.us

**THE DISTRICT OF COLUMBIA**

Dated: November 9 , 2015

KARL A. RACINE
Attorney General for the District of
Columbia

SARAH ELIZABETH GERE
Acting Deputy Attorney General
Public Interest Division

By: _Bennett Rushkoff_
BENNETT RUSHKOFF
D.C. Bar No. 386925
Chief, Public Advocacy Section

By: _Jane Drummey_
JANE DRUMMEY, D.C. Bar No. 441172
Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W., Suite 630-South
Washington, D.C. 20001
(202) 727-2658
jane.drummey@dc.gov

Attorneys for the District of Columbia

**STATE OF MONTANA**

Dated: _November 6_, 2015

TIM FOX
ATTORNEY GENERAL OF MONTANA

By: _____

Andres Haladay
Deputy Attorney General
Office of Consumer Protection
Montana Department of Justice
555 Fuller Ave
P.O. Box 200151
Helena, MT 59620

## STATE OF NEW JERSEY

Dated: _Nov. 10_, 2015

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF
NEW JERSEY

By: _____

Nicholas Kant
Deputy Attorney General
Government and Healthcare Fraud Section
New Jersey Division of Law
Department of Law & Public Safety
124 Halsey Street - 5th Floor
P.O. Box 45029
Newark, New Jersey 07101

42

## THE STATE OF NEW MEXICO

Dated: ___11 / 13___ , 2015

HECTOR BALDERAS
New Mexico Attorney General

BY: _____
Sean M. Cunniff
Assistant Attorney General
New Mexico Attorney General's Office
408 Galisteo Street
Santa Fe, NM  87501
(505) 827-6469

43

## THE STATE OF NEW YORK

Dated: ___11/13_____, 2015          ERIC T. SCHNEIDERMAN
                                          New York State Attorney General


                                   BY: _____

                                          Gregory M. Krakower
                                          Assistant Attorney General
                                          Office of the New York Attorney General
                                          Taxpayer Protection Bureau
                                          120 Broadway, 22nd Floor
                                          New York, New York 10271
                                          (212) 416-6012

## STATE OF TENNESSEE

FOR THE STATE OF TENNESSE, ATTORNEY
GENERAL:

DATED _10/30/2015_, 2015

BY:    _Herbert H. Slatery III_
Herbert H. Slatery III
Tennessee Attorney General

_Lyndsay F. Sanders_
Lyndsay F. Sanders
Senior Counsel
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

RE: SETTLEMENT AGREEMENT IN
CIVIL ACTION No. 07-461 (W.D. PA)

45

**DEFENDANTS**

DATED: 11/12/15              BY: _____
                            Mark A. McEachen
                            President and Chief Executive Officer
                            Education Management Corporation

DATED: 11/10/15              BY: _____
                            Carol DiBattiste
                            EVP, Chief Legal, Privacy, Security, and
                            Administrative Officer
                            Education Management Corporation

DATED: 11/12/15              BY: _____
                            J. Devitt Kramer
                            SVP, General Counsel and Secretary
                            Education Management Corporation

DATED: 11/9/15               BY: _____
                            Iden Grant Martyn
                            Cozen O'Connor
                            Counsel for Education Management
                            Corporation

DATED: 11/12/15              BY: _____
                            Laura E. Ellsworth
                            Jones Day
                            Counsel for Education Management
                            Corporation

## RELATORS – *WASHINGTON* CIVIL ACTION

DATED: 10/21/15       BY: _____

                                         LYNNTOYA WASHINGTON
                                         Relator

DATED: _____       BY: _____

                                           MICHAEL MAHONEY
                                         Relator

DATED: _____       BY: _____

                                         Thomas J. Farrell, Esq.
                                         PA I.D. No. 48976
                                       FARRELL & REISINGER, LLC
                                       300 Koppers Building
                                       436 Seventh Avenue
                                       Pittsburgh, PA  15219-1827
                                       412-894-1380
                                       Counsel for Relators Washington and
                                       Mahoney

DATED: _____       BY: _____

                                         Harry P. Litman
                                       PA ID No. 51634
                                       Litman Law Firm
                                       One Oxford Centre
                                       301 Grant Street
                                       Pittsburgh, PA 15219
                                       (412) 456-2000
                                       Counsel for Relators Washington and
                                       Mahoney

DATED: _____       BY: _____

                                         H. Yale Gutnick, Esq.
                                       Trent A. Echard, Esq.
                                       Strassburger McKenna Gutnick & Gefsky
                                       Four Gateway Center, Suite 2200
                                       444 Liberty Avenue
                                       Pittsburgh, PA 15222
                                       412-281-5423
                                       Counsel for Relators Washington and
                                       Mahoney

**RELATORS – *WASHINGTON* CIVIL ACTION**

DATED: _____        BY: _____
                            LYNNTOYA WASHINGTON
                            Relator

DATED: 10/21/15         BY: _____
                            MICHAEL MAHONEY
                            Relator

DATED: _____        BY: _____
                            Thomas J. Farrell, Esq.
                            PA I.D. No. 48976
                            FARRELL & REISINGER, LLC
                            300 Koppers Building
                            436 Seventh Avenue
                            Pittsburgh, PA 15219-1827
                            412-894-1380
                            Counsel for Relators Washington and
                            Mahoney

DATED: _____        BY: _____
                            Harry P. Litman
                            PA ID No. 51634
                            Litman Law Firm
                            One Oxford Centre
                            301 Grant Street
                            Pittsburgh, PA 15219
                            (412) 456-2000
                            Counsel for Relators Washington and
                            Mahoney

DATED: 10/21/15         BY: _____
                            H. Yale Gutnick, Esq.
                            Trent A. Echard, Esq.
                            Strassburger McKenna Gutnick & Gefsky
                            Four Gateway Center, Suite 2200
                            444 Liberty Avenue
                            Pittsburgh, PA 15222
                            412-281-5423
                            Counsel for Relators Washington and
                            Mahoney

47

## RELATORS – *WASHINGTON* CIVIL ACTION

DATED: _____          BY: _____

LYNNTOYA WASHINGTON
Relator

DATED: _____          BY: _____

MICHAEL MAHONEY
Relator

DATED: *10/21/15*        BY: *Thomas Farrell*

Thomas J. Farrell, Esq.
PA I.D. No. 48976
FARRELL & REISINGER, LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219-1827
412-894-1380
Counsel for Relators Washington and
Mahoney

DATED: _____          BY: _____

Harry P. Litman
PA ID No. 51634
Litman Law Firm
One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
(412) 456-2000
Counsel for Relators Washington and
Mahoney

DATED: _____          BY: _____

H. Yale Gutnick, Esq.
Trent A. Echard, Esq.
Strassburger McKenna Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
412-281-5423
Counsel for Relators Washington and
Mahoney

## RELATORS – *WASHINGTON* CIVIL ACTION

DATED: _____     BY: _____
                          LYNNTOYA WASHINGTON
                          Relator

DATED: _____     BY: _____
                          MICHAEL MAHONEY
                          Relator

DATED: _____     BY: _____
                          Thomas J. Farrell, Esq.
                          PA I.D. No. 48976
                          FARRELL & REISINGER, LLC
                          300 Koppers Building
                          436 Seventh Avenue
                          Pittsburgh, PA 15219-1827
                          412-894-1380
                          Counsel for Relators Washington and
                          Mahoney

DATED: 10/21/15     BY: _____
                          Harry P. Litman
                          PA ID No. 51634
                          Litman Law Firm
                          One Oxford Centre
                          301 Grant Street
                          Pittsburgh, PA 15219
                          (412) 456-2000
                          Counsel for Relators Washington and
                          Mahoney

DATED: _____     BY: _____
                          H. Yale Gutnick, Esq.
                          Trent A. Echard, Esq.
                          Strassburger McKenna Gutnick & Gefsky
                          Four Gateway Center, Suite 2200
                          444 Liberty Avenue
                          Pittsburgh, PA 15222
                          412-281-5423
                          Counsel for Relators Washington and
                          Mahoney

47

DATED: 10/21/15                    BY:

Stuart M. Rennert, Esq.
McKool Smith, P.C.
1999 K Street, N.W.
Suite 600
Washington, DC 20006
202-370-8305
Counsel for Relators Washington and
Mahoney

DATED: 10/21/15                    BY:

David J. Chizewer, Esq.
William C. Meyers, Esq.
Goldberg Kohn Ltd.
55 East Monroe Street
Suite 3300
Chicago, IL 60603
(312) 201-3919
djc@goldbergkohn.com
wcm@goldbergkohn.com
Previously Counsel of Record for Relators
Washington and Mahoney

48

## RELATORS – *SOBEK* CIVIL ACTION

DATED: 10/22/2015                    BY:  _____

                                         JASON SOBEK
                                         Relator


DATED: 10/22/15                      BY:  _____

                                         Christopher Casper, Esquire
                                         JAMES, HOYER, NEWCOMER &
                                         SMILJANICH, P.A.
                                         4830 West Kennedy Boulevard, Suite 550
                                         Tampa, FL 33609
                                         Counsel to Relator Sobek


DATED: _____                     BY:  _____

                                         Andrew M. Stone, Esquire
                                         STONE LAW FIRM, LLC
                                         437 Grant Street, Suite 1806
                                         Pittsburgh, PA 15219
                                         Counsel to Relator Sobek

49

## RELATORS – *SOBEK* CIVIL ACTION

DATED: _____          BY: _____
                               JASON SOBEK
                               Relator


DATED: _____          BY: _____
                               Christopher Casper, Esquire
                               JAMES, HOYER, NEWCOMER &
                               SMILJANICH, P.A.
                               4830 West Kennedy Boulevard, Suite 550
                               Tampa, FL 33609
                               Counsel to Relator Sobek

DATED: 10/22/2015         BY: _____
                               Andrew M. Stone, Esquire
                               STONE LAW FIRM, LLC
                               437 Grant Street, Suite 1806
                               Pittsburgh, PA 15219
                               Counsel to Relator Sobek

49

## RELATORS – *LAUKAITIS* CIVIL ACTION

DATED: 10/27/2015                BY: _Michael Laukaitis_
MICHAEL LAUKAITIS
Relator

DATED: 10/27/2015                BY: _Gregory Carter_
GREGORY CARTER
Relator

DATED: _____                BY: _____
OKSANA HISER
Relator

DATED: _____                BY: _____
GARLAND RICHIE
Relator

DATED: _____                BY: _____
SEAN A. LARDO
Relator

DATED: _____                BY: _____
JACK BORING
Relator

DATED: _____                BY: _____
CHANEL DENNIS
Relator

DATED: _____                BY: _____
Alan H. Perer
SWENSEN PERER & KONTOS
One Oxford Centre, Suite 2501
Pittsburgh, PA 15222
Counsel to Laukaitis Relators

DATED: _____                BY: _____
James B. Lieber
Pa. Id. #21748
LIEBER HAMMER HUBER &
BENNINGTON, P.C.
5528 Walnut Street
Pittsburgh, PA 15232
Counsel to Laukaitis Relators

50

## RELATORS – *LAUKAITIS* CIVIL ACTION

DATED: _____        BY: _____
                            MICHAEL LAUKAITIS
                            Relator

DATED: _____        BY: _____
                            GREGORY CARTER
                            Relator

DATED: 10/27/2015       BY: _____
                            OKSANA HISER
                            Relator

DATED: _____        BY: _____
                            GARLAND RICHIE
                            Relator

DATED: _____        BY: _____
                            SEAN A. LARDO
                            Relator

DATED: _____        BY: _____
                            JACK BORING
                            Relator

DATED: _____        BY: _____
                            CHANEL DENNIS
                            Relator

DATED: _____        BY: _____
                            Alan H. Perer
                            SWENSEN PERER & KONTOS
                            One Oxford Centre, Suite 2501
                            Pittsburgh, PA 15222
                            Counsel to Laukaitis Relators

DATED: _____        BY: _____
                            James B. Lieber
                            Pa. Id. #21748
                            LIEBER HAMMER HUBER &
                            BENNINGTON, P.C.
                            5528 Walnut Street
                            Pittsburgh, PA 15232
                            Counsel to Laukaitis Relators

## RELATORS – *LAUKAITIS* CIVIL ACTION

DATED: _____        BY: _____
                            MICHAEL LAUKAITIS
                            Relator

DATED: _____        BY: _____
                            GREGORY CARTER
                            Relator

DATED: _____        BY: _____
                            OKSANA HISER
                            Relator

DATED: 10/27/15         BY: _____
                            GARLAND RICHIE
                            Relator

DATED: _____        BY: _____
                            SEAN A. LARDO
                            Relator

DATED: _____        BY: _____
                            JACK BORING
                            Relator

DATED: _____        BY: _____
                            CHANEL DENNIS
                            Relator

DATED: _____        BY: _____
                            Alan H. Perer
                            SWENSEN PERER & KONTOS
                            One Oxford Centre, Suite 2501
                            Pittsburgh, PA 15222
                            Counsel to Laukaitis Relators

DATED: _____        BY: _____
                            James B. Lieber
                            Pa. Id. #21748
                            LIEBER HAMMER HUBER &
                            BENNINGTON, P.C.
                            5528 Walnut Street
                            Pittsburgh, PA 15232
                            Counsel to Laukaitis Relators

50

## RELATORS – *LAUKAITIS* CIVIL ACTION

DATED: _____          BY: _____
                              MICHAEL LAUKAITIS
                              Relator

DATED: _____          BY: _____
                              GREGORY CARTER
                              Relator

DATED: _____          BY: _____
                              OKSANA HISER
                              Relator

DATED: _____          BY: _____
                              GARLAND RICHIE
                              Relator

DATED: 10/28             BY: _____
                              SEAN A. LARDO
                              Relator

DATED: _____          BY: _____
                              JACK BORING
                              Relator

DATED: _____          BY: _____
                              CHANEL DENNIS
                              Relator

DATED: _____          BY: _____
                              Alan H. Perer
                              SWENSEN PERER & KONTOS
                              One Oxford Centre, Suite 2501
                              Pittsburgh, PA 15222
                              Counsel to Laukaitis Relators

DATED: _____          BY: _____
                              James B. Lieber
                              Pa. Id. #21748
                              LIEBER HAMMER HUBER &
                              BENNINGTON, P.C.
                              5528 Walnut Street
                              Pittsburgh, PA 15232
                              Counsel to Laukaitis Relators

50

## RELATORS – *LAUKAITIS* CIVIL ACTION

DATED: _____         BY: _____
                              MICHAEL LAUKAITIS
                              Relator

DATED: _____         BY: _____
                              GREGORY CARTER
                              Relator

DATED: _____         BY: _____
                              OKSANA HISER
                              Relator

DATED: _____         BY: _____
                              GARLAND RICHIE
                              Relator

DATED: _____         BY: _____
                              SEAN A. LARDO
                              Relator

DATED: *10/28/15*        BY: _____
                              JACK BORING
                              Relator

DATED: _____         BY: _____
                              CHANEL DENNIS
                              Relator

DATED: _____         BY: _____
                              Alan H. Perer
                              SWENSEN PERER & KONTOS
                              One Oxford Centre, Suite 2501
                              Pittsburgh, PA 15222
                              Counsel to Laukaitis Relators

DATED: _____         BY: _____
                              James B. Lieber
                              Pa. Id. #21748
                              LIEBER HAMMER HUBER &
                              BENNINGTON, P.C.
                              5528 Walnut Street
                              Pittsburgh, PA 15232
                              Counsel to Laukaitis Relators

50

## RELATORS – *LAUKAITIS* CIVIL ACTION

DATED: _____                    BY: _____
                                         MICHAEL LAUKAITIS
                                         Relator

DATED: _____                    BY: _____
                                         GREGORY CARTER
                                         Relator

DATED: _____                    BY: _____
                                         OKSANA HISER
                                         Relator

DATED: _____                    BY: _____
                                         GARLAND RICHIE
                                         Relator

DATED: _____                    BY: _____
                                         SEAN A. LARDO
                                         Relator

DATED: _____                    BY: _____
                                         JACK BORING
                                         Relator

DATED: 10/29/205                    BY: *Chanel A. Dennis*
                                         CHANEL DENNIS
                                         Relator

DATED: 11/2/18                      BY: *Alan H. Perer*
                                         Alan H. Perer
                                         SWENSEN PERER & KONTOS
                                         One Oxford Centre, Suite 2501
                                         Pittsburgh, PA 15222
                                         Counsel to Laukaitis Relators

DATED: 11/2/15                      BY: *James B. Lieber by Alan Perer*
                                         James B. Lieber
                                         Pa. Id. #21748
                                         LIEBER HAMMER HUBER &
                                         BENNINGTON, P.C.
                                         5528 Walnut Street
                                         Pittsburgh, PA 15232
                                         Counsel to Laukaitis Relators

50

## RELATORS – *RAINWATER* CIVIL ACTION

DATED: 10/23/15          BY: _Mara Rainwater_
                              DR. MARA RAINWATER
                              Relator

DATED: 10/23/15          BY: _Brian J. Markovitz_
                              Brian J. Markovitz
                              Joseph, Greenwald & Laake, P.A.
                              6404 Ivy Lane, Suite 400
                              Greenbelt, MD 20770
                              Counsel to Relator Dr. Mara Rainwater

DATED: 10/23/15          BY: _Jamie M. Bennett_
                              Jamie M. Bennett
                              THE SHEPARD LAW FIRM, LLC
                              1406B Crain Highway South, Suite 102
                              Glen Burnie, MD 21061
                              Counsel to Relator Rainwater

DATED: 10/23/15          BY: _Nathan M. Peak_
                              Nathan M. Peak, Esq.
                              ASHCRAFT & GEREL, LLP
                              4301 Garden City Drive, Suite 301
                              Landover, MD 20785
                              Tel:  (301) 459-8400
                              Fax:  (301) 459-1364
                              npeak@ashcraftlaw.com
                              Counsel to Relator Rainwater

51