# EXHIBIT 13

## SEPARATION AGREEMENT AND RELEASE

Education Management II LLC, a company doing business at 210 Sixth Avenue Pittsburgh, PA 15222 (the "Company") and Mick Jochem Beekhuizen, an individual whose address is 2359 Railroad St. Apt. 3702, Pittsburgh, PA 15222 (the "Employee"), in exchange for the mutual promises set forth below and each intending to be legally bound hereby, agree as follows:

1. <u>Separation.</u> Employee's last day of employment will be February 29, 2016 (the "Termination Date").

2. <u>Consideration.</u>  In consideration for Employee's promises as set forth in this document, the Company agrees to the following:

    (a) *Lump Sum Payment.* The Company will pay to Employee an amount totaling Two Hundred Sixty-Two Thousand Five Hundred Dollars ($262,500.00), minus all statutory withholdings, at the supplemental wages withholding rate, as consideration for Employee's promises within. This amount will be paid in a lump sum with the next payroll cycle following the revocation period described in Paragraph 12. Should Employee not execute this Separation Agreement and Release, Employee will be paid only through the Termination Date.

    (b) *Unemployment Compensation.* The Company will not contest any attempt Employee may make to receive unemployment compensation from the state.

3. <u>Employee Release.</u>

    (a) *Released Claims.* In consideration of the Company's promises as set forth in this document, Employee on his or her own behalf, and on behalf of his or her family, dependents, representatives, heirs and assigns, hereby waives, releases and forever discharges Education Management II LLC, Education Management Corporation and their current or former affiliates, subsidiaries, benefit plans, shareholders, partners, officers, directors, trustees, administrators, agents, employees, successors and assigns ("Company Released Parties") from any and all releasable claims, causes of action, liabilities and obligations, known and unknown, in law or equity, arising on or before the date Employee signs this Agreement and arising out of Employee's employment and/or separation from employment with the Company, any claim under claims under the Arizona Civil Rights Act, the Arizona Employment Protection Act, the City of Phoenix Human Relations Ordinance, the Pennsylvania Human Relations Act, the City of Pittsburgh Human Relations Ordinance,, the Older Worker Benefit Protection Act, the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act and the Age Discrimination in Employment Act of 1967, as amended, any claim of unlawful discrimination under any other federal, state or local law, statute, ordinance or executive order, any claim under the Employee Retirement Income Security Act of 1974, as amended, and any claim for breach of any express or implied contract, for promissory estoppel, for constructive or wrongful discharge, and for attorney's fees, expenses or costs.

    (b) As a condition to receiving the payment provided for in Paragraph 2(a), the Employee will ratify the release in Paragraph 3(a) subsequent to the Termination Date with the effect that the reference to "the date the Employee signs this Agreement" in Paragraph 3(a) will be deemed to refer to the date of the ratification of the release.

    (c) *Claims Not Released.* The release in Paragraph 3(a) above is intended to be a general release. However, the release shall not apply to (i) rights of the Employee arising under, or preserved by, this Separation Agreement and Release or to enforce

this Separation Agreement and Release (ii) rights of the Employee to receive COBRA continuation coverage in accordance with applicable law, (iii) claims for benefits under any health, disability, retirement, life insurance or other, similar employee benefit plan (within the meaning of Section 3(3) of ERISA) of the Company or any of its affiliates, (iv) rights to indemnification the Employee has or may have under the operating agreement, by-laws or certificate of incorporation of the Company or any of its affiliates or the Indemnification Agreement between the Company, Education Management Corporation, Education Management Holdings II LLC and the Employee dated as of April 14, 2015, (v) rights as an insured under any director's and officer's liability insurance policy now or previously in force and (vi) claims that cannot be released or waived as a matter of law.

(d) Nothing in this Agreement precludes a challenge to the validity of the Agreement or prohibits the filing of a charge or complaint with, or any testimony, assistance or participation in any investigation, proceeding or hearing conducted by any federal, state or local governmental agency, including but not limited to the Equal Employment Opportunity Commission.

4. <u>Company Release</u>. The Company, Education Management II LLC, Education Management Holdings II LLC and Education Management I LLC, each with the intention of binding itself, its affiliates and its successors and assigns, and each other Company Released Party, do hereby release, remise, acquit and forever discharge the Employee and his heirs and assigns (collectively, the "Employee Released Parties") from any and all claims, causes of action, liabilities and obligations, known and unknown, in law or equity, arising on or before the date Company signs this Separation Agreement and Release, which have existed or may have existed, or which do exist, and which relate in any way to the Employee's service to the Company, Education Management Corporation and their current or former affiliates or subsidiaries in any capacity, or the termination of such service in any such capacity. The release in this Paragraph 4 is intended to be a general release. However, the release in this Paragraph 4 shall not apply to (i) any acts or omissions involving gross negligence or for which the Employee would not be indemnified under applicable law or the Company's or any of its affiliates organizational documents and (ii) any acts or omissions in connection involving a federal or state criminal fraud. Notwithstanding anything to the contrary set forth herein, the Employee shall still be subject to the provisions set forth in that certain Employment Agreement dated as of August 28, 2013 between Education Management LLC and the Employee, as assigned to the Company as of January 5, 2015 (the "Employment Agreement") which survive the termination of his employment with the Company, including, without limitation, Sections 4 and 6 of the Employment Agreement.

5. <u>No Pending Lawsuits.</u>

(a) The Employee has neither filed nor caused or permitted to be filed on his/her behalf any charge, complaint, proceeding or action before any administrative agency or court against any of the Company Released Parties in respect of any claim or cause of action released pursuant to Paragraph 3, and no such charge, complaint, proceeding or action exists to Employee's knowledge. If any administrative agency or court assumes jurisdiction of any charge, complaint, proceeding or action covered by this Agreement against any of the Company Released Parties, Employee agrees not to accept, recover or receive any monetary damages or other relief from or in connection with such charge, complaint, proceeding or action. Employee covenants and agrees not to file a lawsuit against the Company in any court of the United States or any state thereof, asserting any claim or cause of action released in Paragraph 3.

(b) No Company Released Party has filed nor caused or permitted to be filed on its behalf any charge, complaint, proceeding or action before any administrative agency or court against the Employee in respect of any claim or cause of action released pursuant to Paragraph 4, and no such charge, complaint, proceeding or action exists to the Company's knowledge. If any administrative agency or court assumes jurisdiction of any charge, complaint, proceeding or action covered by this Agreement against the Employee, the Company agrees not to accept, recover or receive any monetary damages or other relief from or in connection with such charge, complaint, proceeding or action. The Company covenants and agrees not to, and not to cause or permit any of the Company Released Parties to, file a lawsuit against the Employee in any court of the United States or any state thereof, asserting any claim or cause of action released in Paragraph 4.

6. No Admission for Liability. The parties understand and agree that by entering into this Separation Agreement and Release, the Company does not admit to having violated any of the Employee's rights or to having violated any of the duties or obligations owed Employee or to having engaged in any conduct in violation of the common law or the above-referenced statutes. No part of this Separation Agreement and Release shall be considered an admission by the Company or the Employee of any wrongdoing or of a violation of any law.

7. No Rights Violated/Compensation Paid. Employee acknowledges that the Company has not discouraged or prevented Employee's exercise of any rights under the federal Family and Medical Leave Act, has not denied any rights, payments or entitlements under the Uniformed Services Employment and Reemployment Rights Act, and has, to the best of Employee's knowledge, paid Employee all compensation due and/or owing to Employee, including straight time, overtime and bonus compensation.

8. No Known Workers' Compensation Claims. Employee acknowledges Employee has not suffered any on-the-job injuries or illnesses for which Employee has not already filed a workers' compensation claim.

9. Confidentiality. Employee agrees that the terms of this Separation Agreement and Release and the actions by the parties in accordance with it are confidential, and that Employee has not disclosed and will not under any circumstances except as otherwise required by law, court order or order of any governmental agency disclose such information to any person not a party hereto, except Employee's attorney, accountant and/or spouse, provided those individuals also agree to the confidentiality provision.

10. Recovery of Payments. This Separation Agreement and Release may be raised as a complete defense and bar any claims (i) the Employee may bring against the Company in respect of any claim or cause of action released pursuant to Paragraph 3 and (ii) any Company Released Party may bring against the Employee in respect of any claim or cause of action released pursuant to Paragraph 4. If a court of competent jurisdiction determines that Employee has breached any obligations of this Separation Agreement and Release, the Company may recover the separation pay and all other benefits paid under this Separation Agreement and Release, in addition to all other relief provided by law or equity.

11. Acknowledgements:

    (a) *Final Agreement.* Employee and Company agree that this Separation Agreement and Release and Release when signed, supersedes all other prior agreements, if any, between them.

    (b) *Employee's Former Duties.* Employee acknowledges that, after Employee's termination some or all of Employee's former job duties may be reassigned to employees who are younger than Employee or of a different race, religion, gender, or other protected classification.

(c) *Return of Company Property.* Employee represents that Employee has returned all Company property, including but not limited to keys and key cards, employee identification, vehicles, cell phones, handbooks, paperwork, computer hardware, computer software, computer files etc., that Employee may have had in Employee's possession in the same condition as when received by Employee, reasonable wear and tear excepted.

(d) *Compensation, Benefits and Expense Reimbursements.* The following apply whether or not Employee signs this Separation Agreement and Release:

    (i) *Salary.* The Company shall pay the Employee in the first payroll cycle after the Termination Date all base salary accrued through the Termination Date.

    (ii) *Group Medical, Dental and Vision Plans.* Regardless of whether Employee signs this Separation Agreement and Release, Employee's group medical, dental, and vision plans, if any, shall terminate on the last day of the month in which active employment ends. Regardless of whether Employee signs this Separation Agreement and Release, Employee will be offered the opportunity to purchase medical continuation coverage pursuant to COBRA

    (iii) *Other Benefits.* Regardless of whether Employee signs this Separation Agreement and Release, Employee's other benefits will terminate according to plan documents.

    (iv) *No Additional Payments for Paid Time Off (PTO).* Regardless of whether Employee signs this Agreement, the Company will not pay Employee any unused PTO except where mandated by law.

    (v) *Expense Reimbursements.* Employee will be paid for any properly documented and presented travel and entertainment reimbursement expenses regardless of whether Employee signs this Separation Agreement and Release.

    (vi) *Bonuses.* Employee will not be paid any additional amounts for bonuses regardless of whether Employee signs this Separation Agreement and Release.

    (vii) *Tuition Grant and Tuition Assistance.* Regardless of whether Employee signs this Separation Agreement and Release, Tuition Grants and Tuition Assistance will continue only for those courses begun before Employee's termination date. Courses begun after that date will not be entitled to employee tuition grants and tuition assistance.

(e) *Twenty-One Days/Consultation with Attorney.* In accordance with the Older Worker Benefit Protection Act, Employee acknowledges that Employee has been given the opportunity to consider this Separation Agreement and Release for at least Twenty-One (21) days, which is a reasonable period of time and that Employee was advised that Employee should consult with an attorney before executing this

>  Separation Agreement and Release. Employee further acknowledges that Employee has had a full and fair opportunity to consult with an attorney.
>
> (f) *Voluntary Election.* Employee acknowledges and agrees that Employee's acceptance of this Separation Agreement and Release is entirely voluntary and without any pressure or undue influence by the Company.

12. <u>Seven Days/Opportunity to Revoke</u>. For seven (7) days following Employee's execution of this Separation Agreement and Release, Employee may revoke this Separation Agreement and Release by delivering a written notice revoking the same to the office of Devitt Kramer, General Counsel, Education Management II LLC, 210 Sixth Avenue, Pittsburgh, PA, 33rd Floor .

13. <u>Severability</u>. The parties intend that each element contained in this Separation Agreement and Release shall be its own agreement, so that if any individual element is found to unlawful or void or otherwise unenforceable for any reason, it is the intent of the parties that the remaining elements will be valid and enforceable and will remain in effect.

14. <u>Full Agreement/No Oral Modifications</u>. The parties further understand, covenant and agree that the terms and conditions of this Separation Agreement and Release constitute the full and complete understanding and agreement between them and that there are no understandings or agreements between the parties regarding this Separation Agreement and Release other than as specifically set forth here.

IN WITNESS WHEREOF, the undersigned parties execute this Separation Agreement and Release on the dates set forth below.

**This is an important legal document. By signing it, you give up the right to sue other parties. You should consult with an attorney and thoroughly review and understand the effect of this Separation Agreement and Release before you sign it. If you do not understand it, do not sign it.**

_____    2/23/2016
Mick Jochem Beekhuizen                Date

**EDUCATION MANAGEMENT II LLC**

By:_____    2/29/2016
Mark Novad                             Date
SVP, Human Resources
Education Management II LLC

Solely for purposes of Paragraph 4 of the Separation Agreement and Release:

**EDUCATION MANAGEMENT CORPORATION**

By:_____    2/29/16
Devitt Kramer                          Date

**EDUCATION MANAGEMENT HOLDINGS II LLC**

By:_____    2/29/16
Devitt Kramer                          Date

**EDUCATION MANAGEMENT I LLC**

By:_____    2/29/16
Devitt Kramer                          Date