IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br><br>                *Debtors*.<br><br>GEORGE L. MILLER, Chapter 7 Trustee,<br><br>                *Plaintiff*,<br>      v.<br><br>TODD S. NELSON, *et al.*,<br><br>                *Defendants*. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 20-50627 (LSS) |

**PLAINTIFF'S UNOPPOSED MOTION FOR AUTHORIZATION
TO EXCEED PAGE LIMIT WITH RESPECT TO HIS OMNIBUS
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558);Western State University of Southern California (3875).

Plaintiff George L. Miller, in his capacity as the Chapter 7 Trustee ("Plaintiff" or the "Trustee") for the jointly administered bankruptcy estates of the above-referenced debtors (collectively, the "Debtors"), by and through his counsel hereby moves this Court for the entry of an order pursuant to Rule 7007-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing Plaintiff to exceed the page limit requirement for his Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Omnibus Memorandum"), filed on the date hereof. In support of this Motion, the Plaintiff respectfully represents as follows:

1. On September 14, 2020, Defendants filed four (4) separate Motions to Dismiss. *See* D.I. Nos. 40, 42, 45, & 48.

2. Contemporaneous with the filing of this motion, Plaintiff filed his Omnibus Memorandum, which is 95 pages long. The Omnibus Memorandum sets forth all of Plaintiff's arguments in response to the four pending motions to dismiss.

3. Local Rule 7007-2 provides that no answering brief shall exceed 30 pages in length. *See* Del. Bankr. L. R. 7007-2(a)(iv). However, a brief or memorandum may exceed 30 pages with leave of the Court. *Id.*

4. Granting leave to file the Omnibus Memorandum in excess of 30 pages is reasonable and appropriate under the circumstances. In order to promote efficiency, Plaintiff has filed one Omnibus Memorandum that sets forth many arguments in response to all four motions to dismiss. If Plaintiff had filed four separate memoranda in opposition to Defendants' motions to dismiss, the aggregate number of pages of such briefs would exceed 95 pages (and could have been up to 120 total pages of briefing).

5. In order to fully set forth all of Plaintiff's arguments in the Omnibus Memorandum, Plaintiff needs to exceed the 30-page limitation set forth in the Local Rules. Plaintiff has made the Omnibus Memorandum as succinct as possible under the circumstances but cannot provide the Court with the information necessary for a full and fair adjudication of Defendants' motions to dismiss without exceeding the 30-page limit.

6. Defendants will not be disadvantaged if the Omnibus Memorandum exceeds the page limit, as Plaintiff's consolidation of his answering briefs in the Omnibus Memorandum promotes efficiency for the parties and the Court, and has resulted in fewer pages than if he had filed four separate memoranda.

7. Given the circumstances, Plaintiff respectfully submits that there is sufficient justification for the relief requested herein.

8. Defendants do not oppose this Motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A** granting Plaintiff's request to exceed the page limitation imposed by Local Rule 7007-2 with respect to the Omnibus Memorandum.

[*Remainder of page left intentionally blank*]

Dated: November 13, 2020         Respectfully submitted,

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  bsandler@pszjlaw.com
          crobinson@pszjlaw.com

And

Steven M. Coren (admitted *pro hac vice*)
Benjamin M. Mather (admitted *pro hac vice*)
Francis X. Lane (admitted *pro hac vice*)
KAUFMAN, COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
(215) 735-8700

*Counsel for George L. Miller, Chapter 7 Trustee*