# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 7<br>Case No. 18-11535 (LSS)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee,<br><br>               Plaintiff,<br><br>               v.<br><br>TODD S. NELSON, JOHN R. McKERNAN, SAMUEL C. COWLEY, EDWARD WEST, MARK A. McEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN,<br><br>               Defendants. | Adv. Proc. No. 20-50627 (LSS) |

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558);Western State University of Southern California (3875).

**AGREED ORDER FOR RELIEF FROM THE AUTOMATIC STAY,
TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT AND/OR
ADVANCEMENT OF DEFENSE COSTS AND OTHER LOSSES
UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES**

Upon the stipulation (the "Stipulation")[2] of Todd S. Nelson, John R. McKernan, Samuel C. Cowley, Edward West, Mark A. McEachen, Frank Jalufka, J. Devitt Kramer, Mark Novad, John Danielson and Mick Beekhuizen as former directors and/or officers (collectively, the "Directors and/or Officers") and George L. Miller, the Chapter 7 Trustee ("Trustee") for the jointly administered Chapter 7 bankruptcy estates of Debtors Education Management Corporation ("EDMC") and subsidiaries (collectively, the "Debtors," and with the Trustee and the Directors and/or Officers, the "Parties"); and the Parties' agreement as set forth in the Stipulation and the agreed order (the "Agreed Order") attached thereto (a) confirming that the proceeds payable to the Directors and/or Officers under the Policies are not property of the Debtors' estates subject to the automatic stay, or, in the alternative, (b) modifying the automatic stay, to the extent that it may be applicable, to allow U.S. Specialty Insurance Company and/or other insurers under the Policies (collectively, the "Insurers") to make payments or advancements of defense costs or other losses to or on behalf of the Directors and/or Officers, consistent with the terms and conditions of the Policies; and it appearing that due and sufficient notice has been given and no other or further notice need be provided; and the Court having considered the Stipulation and Agreed Order; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED that

1.      The Stipulation is approved.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Stipulation.

2.     To the extent that the automatic stay imposed under section 362(a) of the Bankruptcy Code is applicable, it is hereby lifted and modified, pursuant to section 362(d) of the Bankruptcy Code, to allow the Insurers to make payments or advancements under and pursuant to the Policies in connection with past, present, and/or future Defense Costs and other Losses incurred by any of the Directors and/or Officers with respect to the Lawsuit or any other action or Claim covered by the Policies, and the Insurers shall not be subject to liability for or in connection with the relief from the automatic stay granted under this Order or any payments made by the Insurers under and pursuant to this Order.  For example and without limitation, the Insurers shall not be subject to disgorgement, avoidance, clawback, or any other similar action, claim, or proceeding, whether legal or equitable in nature, brought by any party, for any past, present or future payment or advancement made by the Insurers under the Policies; provided, that all parties including the Insurers are reserving their rights, if any, under the Policies.

3.     Following entry of this Order and until further order of the Court, once every three calendar months each Director and/or Officer shall provide a written statement (collectively, the "Statements") to counsel for the Trustee of the total aggregate dollar amount of Policy proceeds actually paid to the Director and/or Officer or on behalf of the Director and/or Officer during the preceding three calendar months with respect to advancement, reimbursement or other payment in connection with the Lawsuit or any action or Claim covered by the Policies. The Statement may be in the form of a letter or email to the Trustee's counsel, and the Directors and/or Officers in their discretion may cause such Statement to be delivered individually or in the aggregate on their behalf.  The Statement will be delivered to the Trustee's counsel within fifteen days after the conclusion of the subject three calendar month period.  The first such

RLF1 24184430v.1

Statement shall be provided by January 15, 2021, reflecting the three calendar months from October 2020 through December 2020.

4.      The Statements are intended to allow the Trustee to monitor Defense Costs and Losses that may impair the amount of insurance proceeds available under the Policies.  The Statements will be provided to the Trustee and its counsel on a confidential and attorneys' eyes only basis.  The Statements shall not be filed or otherwise made public absent further order of the Court, and shall not include any individual billing entries.  This Order is not intended to, and shall not include any requirement that Directors and/or Officers, or their respective counsel, disclose any information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable privileges, and the provision of the Statements shall not waive, limit, or otherwise adversely affect any such privilege or protection from disclosure.  As applicable, the Statements shall allocate Defense Costs and Losses between Directors and/or Officers to the Lawsuit, or any other action or Claim covered by the Policies.

5.      Nothing in this Order modifies the terms and conditions of the Policies and all parties reserve their rights thereunder.

6.      For the avoidance of doubt, the Court is not making a determination at this time as to whether any of the proceeds of the Policies are property of the Debtors' bankruptcy estates. The parties' rights, claims, and defenses therewith are fully reserved.  However, the Court finds, in entering this Order, that the Directors and/or Officers have an interest in the Policies and their proceeds and that the Insurers may and are permitted to advance or pay Defense Costs, Losses, and other related costs incurred by the Directors and/or Officers in accordance with the terms and conditions of the Policies and this Order, notwithstanding the Debtors' bankruptcy filing or the automatic stay.

4

7.      This Order is without prejudice to the rights, if any, of the Trustee, after review of the Statements, or of any Directors and/or Officers, by motion on due and appropriate notice to the Trustee and/or the Directors and/or Officers and an opportunity to be heard, to seek entry of an order reinstating the automatic stay to the extent necessary to limit further payments or advancements of Defense Costs or Losses to or on behalf of any Directors and/or Officers or for a determination that Policy proceeds are not property of the estate subject to the automatic stay.

8.      The Trustee and Directors and/or Officers reserve any and all rights, claims, defenses and causes of action.

9.      Any stay imposed by Bankruptcy Rule 4001(a)(3) or otherwise, to the extent applicable, is hereby waived, and this Order shall be effective immediately upon its entry.

10.     Upon entry of this Agreed Order, the reporting and other requirements under paragraph 3 of the Court's *Order Granting Motion of Certain Former Directors and/or Officers for Relief from the Automatic Stay to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs and Other Losses under Directors and Officers Insurance Policy* entered on November 29, 2018 [D.I. 84] are abrogated and of no further effect.

11.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

5

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**