# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1] | Case No. 18-11535 (LSS) |
| *Debtors.* | Jointly Administered |
| GEORGE L. MILLER, Chapter 7 Trustee, | |
| *Plaintiff*, | Adv. Pro. No. 20-50627 (LSS) |
| v. | Re: D.I. 87 |
| TODD S. NELSON, *et al.*, | |
| *Defendants*. | |

## ORDER ON MOTIONS TO DISMISS

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558);Western State University of Southern California (3875).

Upon consideration of the Motions to Dismiss (the "Motions") filed by Defendants John R. McKernan, Edward West, and Mick Beekhuizen (A.D.I. 48), Todd S. Nelson and Samuel C. Cowley (A.D.I. 45), Mark McEachen, Frank Jalufka, and John Danielson (A.D.I. 42), and John Devitt Kramer and Mark Novad (A.D.I. 40), for the reasons set forth in the Court's Memorandum Opinion (A.D.I. 87), it is hereby ORDERED that the Motions are granted in part and denied in part, and all claims in the Complaint are dismissed without prejudice except as follows:

(a) The claims for breach of fiduciary duty (Count I) against those Defendants who are alleged to have served as directors or officers of a Delaware-incorporated entity in the period beginning three years before the petition date and those who are alleged to have served as directors or officers of a Pennsylvania-incorporated entity in the period beginning two years before the petition date (namely, Defendants West, Novad, and Beekhuizen, in connection with their alleged positions as directors or officers of the four Delaware holding companies; and Defendants McEachen, Danielson, Kramer, and Jalufka in connection with their alleged positions as directors or officers of Education Management Corporation and the four Delaware holding companies and, solely as to Defendant Jalufka, of each Debtor);

(b) The claims for civil conspiracy (Count III) against the same Defendants listed in the immediately-preceding paragraph (a), in connection with their alleged positions as directors or officers of the same entities; and

(c) The claims for constructive fraudulent conveyance, namely Count VII and Count IX (solely as to constructive fraudulent conveyance claims), and Count X (solely as to claims for recovery based on constructive fraudulent conveyance claims under Count VII and/or Count IX).

Nothing in this Order is intended to or shall alter or amend the Memorandum Opinion in any way.

## MISCELLANEOUS

The Trustee is granted leave to file an amended complaint within 15 days of entry of this Order, and shall include the statement required by footnote 20 of the Memorandum Opinion as to whether the count for breach of fiduciary duty is core or non-core and, if non-core, as to whether the Trustee does or does not consent to entry of final orders or judgment by the Court. Those Defendants remaining in the case shall have 45 days from the date of such filing to move or plead in response to the amended complaint.

**Dated: February 4th, 2022**  
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**