# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,<br><br>      Debtors. | Chapter 7<br>Case No. 18-11535 (CTG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>    v.<br><br>TODD S. NELSON, JOHN R. McKERNAN, SAMUEL C. COWLEY, EDWARD WEST, MARK A. McEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN,<br><br>      Defendants. | Adv. No. 20-50627 (CTG) |

**REQUEST OF DEFENDANTS JOHN DEVITT KRAMER AND MARK NOVAD TO TAKE JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

   In connection with the *Motion to Dismiss the First Amended Complaint of Defendants John Devitt Kramer and Mark Novad*, filed concurrently, Messrs. Kramer and Novad hereby request, pursuant to Rule 201(b) of the Federal Rules of Evidence, as made applicable to these proceedings by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of: (1) the Security Interest Stipulation ("the Stipulation"), attached as **Exhibit 1-A**; (2) the Credit and Guaranty Agreement, attached as **Exhibit 1-B**; and, (3) the Pledge and Security Agreement,

attached as **Exhibit 1-C**.[1]

In resolving a motion to dismiss, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021) (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). In addition to taking judicial notice of pleadings filed on their own docket, courts may take judicial notice of records of other courts. *Galope v. New Century Mortg. Corp. (In re New Century TRS Holdings, Inc.)*, 2013 Bankr. LEXIS 4350, *2-4 (Bankr. D. Del. Oct. 6, 2013) ("Much of this background cites to pleadings, rulings and other events that have taken place during the Debtors' chapter 11 bankruptcy case, as referenced by the docket numbers to pleadings in the main bankruptcy case.").

The Stipulation, attached as **Exhibit 1-A**, was previously entered into, filed and approved in these Chapter 7 cases–Case No. 18:11535–and is "not subject to reasonable dispute" as it was agreed to and executed by the Trustee himself. *See* Fed. R. Evid. 201; (Case No. 18-11535, Dkt. 64.) The Stipulation was approved by this Court and the order held that the "Stipulation and this Order be binding upon the Parties." (Dkt. 64, ¶ 2.) The Credit and Guaranty Agreement, attached as **Exhibit 1-B** to this request, was expressly acknowledged by the Trustee in the Stipulation. (Dkt. 64-1, at 3) (referring to "certain Credit and Guaranty Agreement, dated as of January 5, 2015"). The Trustee further acknowledged that the "Credit and Guaranty Agreement" was executed among the U.S. Bank and certain Debtors, including Education Management II, LLC. The Pledge and Security Agreement, attached as **Exhibit 1-C**, was attached to the Credit and Guaranty Agreement, and expressly refers to the Credit and Guaranty Agreement. The Trustee—having consented to

---

[1] **Exhibit 1** is the declaration of Syed Ahmadul Huda in support of the Request, and declares that the attached exhibits are true and accurate copies of exhibits referred to in this request.

the validity and enforceability of these agreements in the course of the Chapter 7 proceedings—cannot now reasonably "question[]" the "accuracy" of any of these "sources."  *See Barry v. Santander Bank, N.A.* (*In re Liberty State Benefits of Del., Inc.*), 541 B.R. 219, 234 (Bankr. D. Del. 2015) (recognizing that a court may take judicial notice of facts not alleged in the complaint in certain circumstances, such as where the facts are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (citations omitted).  This is especially the case where, according to Exhibit K of the Trustee's FAC, U.S. Bank has a lien in "substantially all assets" of the Debtors; that Exhibit—importantly—expressly refers to the "Voluntary Security Interest Granted Pursuant to Credit Agreement *and Related Document*s."  (Dkt. 91-11, at 26.) (emphasis added).  Indeed, the Credit and Guaranty Agreement (and the attached Pledge and Security Agreement) form the basis of, and are specifically referenced by, the Stipulation and are necessary to interpret the meaning and impact of that Stipulation.

Each of these undisputedly authentic and relevant documents establishes U.S. Bank's secured interest in the assets of the Debtors—including Education Management II, LLC.  The existence of these documents and the facts within them are not disputed, nor could they be reasonably disputed as the Trustee has previously stipulated to them.

Accordingly, Defendants respectfully request that this Court take judicial notice of the exhibits attached to this request.

Respectfully submitted,

Dated: April 1, 2022    YOUNG CONAWAY STARGATT & TAYLOR, LLP

*s/ Sean M. Beach*
Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
E-mail:  sbeach@ycst.com
          kguerke@ycst.com


PORTER WRIGHT MORRIS & ARTHUR LLP
Thomas S. Jones (Pennsylvania ID #71636) (*pro hac vice*)
6 PPG Place
Third Floor
Pittsburgh, PA 15222
Telephone: (412) 235-4500
Email: tjones@porterwright.com

Syed Ahmadul Huda (Ohio 0098633) (*pro hac vice*)
41 South High Street, 29th Floor
Columbus, OH 43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: ahuda@porterwright.com


*Attorneys for Defendants John Devitt Kramer and Mark Novad*