**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br><br>                      Debtors. | Chapter 7<br>Case No. 18-11535 (CTG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee,<br><br>                      Plaintiff,<br><br>                      v.<br><br>TODD S. NELSON, JOHN R. McKERNAN, SAMUEL C. COWLEY, EDWARD WEST, MARK A. McEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN,<br><br>                      Defendants. | JURY TRIAL DEMANDED<br><br>Adversary Proceeding<br>No. 20-50627 (CTG)<br><br>Ref. Adv. Docket No. ___ |

**ORDER GRANTING DEFENDANTS MARK McEACHEN, FRANK JALUFKA, AND JOHN DANIELSON'S (I) MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, (II) MOTION FOR A MORE DEFINITE STATEMENT, AND (III) MOTION TO EXTEND ANSWER DEADLINE**

Upon the motion (the "Motion") of defendants Mark McEachen, Frank Jalufka, and John Danielson (the "Later Defendants") for entry of an order (i) dismissing certain claims set forth in the First Amended Complaint [Adv. D.I. 91] (the "FAC") filed by plaintiff George L. Miller, as trustee for The Art Institute of Philadelphia, et al. ("Trustee"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012(b) of the Federal Rules of

---

[1] Due to the large number of debtors in the above-captioned jointly-administered chapter 7 cases (the "Chapter 7 Cases"), a complete list of such debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. Such information can be found at footnote 1 of the Complaint (as defined below).

Bankruptcy Procedure; or in the alternative (ii) granting the motion for a more definite statement with respect to certain claims set forth in the FAC pursuant to Fed. R. Civ. P. 12(e), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b); and (iii) extending the answer deadline for any surviving claims from the FAC through and including the earlier of (a) the date that is forty-five (45) days after Trustee files an amended complaint providing a more definite statement as requested herein and (b) such deadline as may be set by the Court for the other Defendants to answer or otherwise respond to any claims not dismissed pursuant to this Motion and the concurrently-filed motions to dismiss and briefs in support thereof filed by defendants John Devitt Kramer, Mark Novad, Edward West, and Mick Beekhuizen (the "Defendants' Briefs") pursuant to section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Fed. R. Bankr. P. 9006(b); the Court having considered the Opening Brief in support of the Motion and any response and reply; the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; it appearing that venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that due and proper notice of the Motion has been given and that no other or further notice is necessary; the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; after due deliberation thereon; and, good and sufficient cause appearing therefor; it is hereby

      **ORDERED, ADJUDGED, AND DECREED** that:

      1.     The Motion is GRANTED as set forth herein.

2. The FAC is hereby DISMISSED with prejudice as against the Later Defendants with respect to:

(a) all claims against each Later Defendant in Claim I for any alleged breaches occurring before such Later Defendant is first alleged to have become a fiduciary of any Debtor;

(b) all claims against each Later Defendant under Claim III for any alleged civil conspiracy occurring before such Later Defendant is first alleged to have become a fiduciary of any Debtor; and

(c) all claims against Later Defendants under Claims VII, VIII, IX, and X in the FAC.

3. Trustee is hereby directed to amend the FAC within [_] days from the date of this Order to include a more definite statement:

(a) as to any claims in Claim I not dismissed pursuant hereto, regarding, at a minimum:

(i) the capacity in which Trustee is bringing such claims,

(ii) to whom the duties allegedly breached by each Later Defendant were purportedly owed,

(iii) which alleged breaches were committed by Later Defendants,

(iv) during which period such alleged breaches were committed, and

(v) the state of formation of any relevant entities; and

(b) as to all claims in fully-dismissed Claims (Claims II, IV, V, and VI) and partially-dismissed Claims (Claims I, III, and IX) that Trustee is not seeking to revive through amendments, clarifying that not only are such dismissed claims included "solely

for the purpose of preserving the Trustee's appellate rights," but for all other purposes, such claims shall be disregarded as dismissed and, notwithstanding anything in the FAC to the contrary, any allegations with respect thereto shall not be incorporated by reference into other sections of the FAC.

4. The Later Defendants have [forty-five (45) days from Trustee's filing of an amended complaint pursuant to Paragraph 3 of this Order]/[until [_____], 20[__]] to answer or otherwise respond to any surviving claims from the FAC asserted in the amended complaint filed by Trustee pursuant to Paragraph 3 of this Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.