IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 7<br>Case No. 18-11535 (CTG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee,<br><br>                    Plaintiff,<br><br>                v.<br><br>TODD S. NELSON, JOHN R. McKERNAN, SAMUEL C. COWLEY, EDWARD WEST, MARK A. McEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN,<br><br>                    Defendants. | JURY TRIAL DEMANDED<br><br>Adversary Proceeding<br>No. 20-50627 (CTG) |

**REPLY IN SUPPORT OF DEFENDANTS MARK McEACHEN, FRANK JALUFKA, AND JOHN DANIELSON'S (I) MOTION TO DISMISS FIRST AMENDED COMPLAINT, (II) MOTION FOR A MORE DEFINITE STATEMENT, (III) MOTION TO EXTEND  ANSWER DEADLINE, AND (IV) JOINDER TO REQUEST FOR JUDICIAL NOTICE**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
E-mail: sbeach@ycst.com

SIDLEY AUSTIN LLP

Chad S. Hummel (*admitted pro hac vice*)
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Facsimile: 310-595-9501
E-mail: chummel@sidley.com

---

[1] Due to the large number of debtors in the above-captioned jointly-administered chapter 7 cases (the "Chapter 7 Cases"), a complete list of such debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein.  Such information can be found at footnote 1 of the Complaint (as defined below).

i

kguerke@ycst.com

Sam Newman (*admitted pro hac vice*)
Stacy Horth-Neubert (*admitted pro hac vice*)
Anna Gumport (*admitted pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600
E-mail: sam.newman@sidley.com
        shorthneubert@sidley.com
        agumport@sidley.com


*Counsel for Defendants Mark A. McEachen,*
*Frank Jalufka, and John Danielson*

## TABLE OF CONTENTS

I.    **Trustee's Avoidance Action Claims Are Deficient.** .......................................................1

    A.    **The FAC Fails to Plausibly Allege That the Excessive Payments Constituted Transfers of Any Interest of Value to Debtors' Estates.** ....................................1

    B.    **Trustee Has No Basis for Asserting Avoidance Action Claims on Behalf of Debtors Other than EDMC II.** ...........................................................................2

    C.    **Trustee's Claim to Avoid the January 15, 2016 Payment to McEachen under 11 U.S.C. § 548(a)(1)(B) (Claim VII) Is Time-Barred.** ......................................3

    D.    **Trustee's Preference Claims under 11 U.S.C. § 547(b) (Claim VIII) Fail for Lack of an Antecedent Debt Owed to the Debtor and Lack of Reasonable Due Diligence, and Are Time-Barred with Respect to the February 2, 2018 Payment to McEachen.** ....................................................................................3

    E.    **Trustee's Claims under 6 Del. C. § 1305(b) (Claim IX) Are Not Properly Pled, Fail for Lack of an Antecedent Debt and Are Time-Barred with Respect to the January 15, 2016 Payment to McEachen.** ................................7

    F.    **Trustee's Claims under 11 U.S.C. § 550 (Claim X) Improperly Seek Recovery Based on Previously-Dismissed Causes of Action.** ...........................................8

II.   **Trustee's Breach of Fiduciary Duty and Civil Conspiracy Claims Are Deficient.** ......8

    A.    **Claims against Later Defendants for Alleged Breaches of Fiduciary Duties (Claim I) Occurring before Later Defendants Allegedly Became Fiduciaries Should Be Dismissed.** ....................................................................................8

    B.    **A More Definite Statement Is Warranted as to Trustee's Remaining Breach of Fiduciary Duty Claims (Claim I).** ...............................................................11

    C.    **Trustee's Claims against Later Defendants for Civil Conspiracy (Claim III) Occurring before Later Defendants Allegedly Became Fiduciaries of Debtors Fail for Lack of an Underlying Tort or Other Cause of Action.** ...................13

III.  **A More Definite Statement Is Warranted with Respect to Previously-Dismissed Claims Not Revived through Amendments.** ..............................................................14

IV.   **The KN RJN Should Be Granted.** ................................................................................15

V.    **Later Defendants' Deadline to Respond to the FAC Should Be Extended.** ...............15

# TABLE OF AUTHORITIES

**Cases**                                                         **Page(s)**

*Alberts v. Tuft (In re Greater Southeast Community Hospital Corp.)*,
    333 B.R. 506 (Bankr. D.D.C. 2005)...................................................................13

*Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*,
    Adv. No. 11-53979(CSS), 2012 WL 3638785 (Bankr. D. Del. Aug. 22, 2012) .....................4

*Bausch & Lomb Inc. v. SBH Holdings LLC*,
    C.A. No. 20-1463-LPS, 2022 WL 856750 (D. Del. Mar. 23, 2022) ....................................13

*Burtch v. Huston (In re USDigital, Inc.)*,
    443 B.R. 22 (Bankr. D. Del. 2011) .............................................................................4, 13

*Clark v. McDonald's Corp.*,
    213 F.R.D. 198 (D.N.J. 2003)..........................................................................................12

*Colon v. Anglikowski*,
    Case No. 1:20-cv-00036, 2020 WL 5107551 (W.D. Pa. Aug. 31, 2020) ...........................12

*Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*,
    Adv. No. 10-55178, 2011 WL 2669113 (Bankr. D. Del. Jul. 6, 2011)...................................5

*Jahn v. Char (In re Incentium, LLC)*,
    473 B.R. 264 (Bankr. E.D. Tenn. 2012)...............................................................................6

*Jahn v. Char (In re U.S. Insurance Group, LLC)*,
    Case No. 1:12-cv-226, 2013 U.S. Dist. LEXIS 193085 (E.D. Tenn. Mar. 7,
    2013)...................................................................................................................................6

*Liquidating Trustee of App Fuels Creditors Trust v. Energy Coal Resources, Inc.*
    *(In re Appalachian Fuels, LLC)*,
    Adv. No. 11-1041, 2012 WL 4059948 (Bankr. E.D. Ky. Sept. 14, 2012)...........................13

*Miller v. Easy Star Records (In re DA Liquidating Corp.)*,
    622 B.R. 172 (Bankr. D. Del. 2020) ....................................................................................3

*Official Committee of Unsecured Creditors of Washington Mutual, Inc. v.*
    *Corcoran (In re Washington Mutual, Inc.)*,
    Adv. No. 10-53158, 2013 WL 3757330 (Bankr. D. Del. Jul. 16, 2013)................................4

*Sama v. Mullaney (In re WonderWork, Inc.)*,
    626 B.R. 94 (Bankr. S.D.N.Y. 2020) ..................................................................................12

*Stanziale v. DMJ Gas-Marketing Consultants, LLC (In re Tri-Valley Corp.)*,
    Adv. No. 14-50446 (MFW), 2015 WL 110074 (Bankr. D. Del. Jan. 7, 2015) ...................3, 5

*THQ Inc. v. Starcom Worldwide, Inc. (In re THQ Inc.)*,
    Adv. No. 51079 (MFW), 2016 WL 1599798 (Bankr. D. Del. Apr. 18, 2016)....................4, 5

*TWA Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA Inc. Post*
    *Confirmation Estate)*,
    305 B.R. 228 (Bankr. D. Del. 2004) ....................................................................................3

*Woodward v. FedEx Freight E., Inc.*,
    250 F.R.D. 178 (M.D. Pa. 2008).........................................................................................12

**Statutes**

6 Del. C. § 1304 .................................................................................................................8

6 Del. C. § 1305 .................................................................................................................7

6 Del. C. § 1309 .................................................................................................................7

11 U.S.C. § 544..................................................................................................................8

11 U.S.C. § 547.........................................................................................................*passim*

11 U.S.C. § 548............................................................................................................3, 5, 8

11 U.S.C. § 550..................................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 12................................................................. 11, 12, 13

Later Defendants respectfully submit this reply memorandum (the "Reply") in support of their opening brief [Adv. Dkt No. 103] (the "Motion").[2]  Later Defendants adopt and incorporate by reference certain arguments set forth in the briefs filed by the other Defendants as stated herein.[3]

## INTRODUCTION

The Opposition fails to rebut the arguments asserted in the Motion.  The Opposition expressly concedes that certain of Trustee's claims are deficient for the reasons stated in the Motion.  With respect to issues not expressly conceded, the Opposition either fails to address Later Defendants' arguments at all or fails to do so persuasively.  The Motion should thus be granted.

## ARGUMENT & AUTHORITIES

**I.    Trustee's Avoidance Action Claims Are Deficient.**

As discussed in Section I.A and Section I.B below, Trustee's avoidance action claims are deficient because (i) any interest of EDMC II in the Excessive Payments was fully-encumbered and worthless and (ii) Trustee has not established any basis for asserting avoidance action claims on behalf of non-transferor Debtors (all Debtors other than EDMC II).  In addition to the foregoing deficiencies affecting all avoidance action claims asserted in the FAC (Claims VII, VIII, IX and X), Trustee fails to rebut Later Defendants' specific arguments as discussed in Section I.C through Section I.F below.

**A.    The FAC Fails to Plausibly Allege That the Excessive Payments Constituted Transfers of Any Interest of Value to Debtors' Estates.**

All of Trustee's remaining avoidance action claims fail because, as discussed in the Defendants' Briefs, *see, e.g.*, Mot. at 4-5, 19, 22, 25-26; KN Br. at 6-12, any interest of the sole

---

[2] Capitalized terms not defined herein have the same meaning as in the Motion.

[3] Those briefs are being concurrently filed by John Devitt Kramer and Mark Novad (the "KN Reply"), and Edward West and Mick Beekhuizen (the "WB Reply", collectively, "Defendants' Replies").

alleged Debtor-transferor, EDMC II, in the Excessive Payments was fully-encumbered and of no value to EDMC II's estate. Consequently, the estate had no interest in the transferred funds subject to avoidance or recovery by Trustee. Trustee's arguments to the contrary are unavailing for the reasons set forth in the KN Reply, and largely focus on rebutting a strawman argument that Defendants have not actually asserted (namely, that the avoidance actions themselves – as opposed to the funds used to make the alleged avoidable transfers – were fully-encumbered).[4]

Trustee also makes the nonsensical assertion that the U.S. Bank Stipulation's reference to unspecified "causes of action, *if any*, under chapter 5 of the Bankruptcy Code," *see* KN RJN Ex. 1-A ¶ 3 (emphasis added), as potential assets of Debtors' estates somehow validates the avoidance action claims he later filed against Defendants "because those causes of action would not even exist unless [EDMC II] held an interest in the property for which avoidance and recovery were sought," *see* Opp'n at 16. The mere fact that the U.S. Bank Stipulation contemplated (as do virtually all postpetition financing orders and other customary filings) that Debtors might have avoidance action claims against one or more defendants in the future does not mean that the particular avoidance action claims alleged in the FAC have merit.

### B. Trustee Has No Basis for Asserting Avoidance Action Claims on Behalf of Debtors Other than EDMC II.

Despite having identified EDMC II as the sole Debtor-transferor, Trustee improperly purports to assert all avoidance action claims in the FAC (Claims VII, VIII, IX and X) on behalf of the estates of all of the numerous Debtors. Debtors' estates have not been substantively consolidated, and Trustee offers no response to Later Defendants' argument that all avoidance

---

[4] Trustee continues to argue that avoidance actions were carved out of the collateral of the Debtors' secured lenders under the U.S. Bank Stipulation. But as explained in the very footnote of the KN Brief cited in the Opposition, Opp'n at 16 (citing KN Brief at p.14 n.9), this argument (which Defendants never disputed) misses the point because Defendants are focused on the secured lenders' liens on Debtors' funds rather than any liens on avoidance actions.

action claims must be dismissed to the extent asserted on behalf of non-transferors. *See* Mot. at 4-5, 19, 22, 25-26.  All avoidance action claims should therefore be dismissed with prejudice to the extent asserted on behalf of Debtors other than EDMC II.

### C.    Trustee's Claim to Avoid the January 15, 2016 Payment to McEachen under 11 U.S.C. § 548(a)(1)(B) (Claim VII) Is Time-Barred.

The FAC asserted a claim to avoid the January 15, 2016 payment to McEachen under section 548(a)(1)(B) despite Trustee's prior concession that such claim was time-barred because the alleged transfer was made more than two years before the Petition Date. *See* Mot. at 19. Trustee concedes this claim was (again) pled in error.  Opp'n at 24 n.17.  The claim to avoid the January 15, 2016 payment to McEachen under Claim VII should thus be dismissed with prejudice.

### D.    Trustee's Preference Claims under 11 U.S.C. § 547(b) (Claim VIII) Fail for Lack of an Antecedent Debt Owed to the Debtor and Lack of Reasonable Due Diligence, and Are Time-Barred with Respect to the February 2, 2018 Payment to McEachen.

With respect to Trustee's claims under Claim VIII, as asserted in the Motion, *see* Mot. at 20-22, such claims are deficient for several reasons (in addition to those set forth above).

First, Trustee fails to adequately allege an antecedent debt as required under section 547. *See Miller v. Easy Star Records (In re DA Liquidating Corp.)*, 622 B.R. 172, 176 (Bankr. D. Del. 2020) ("[T]o survive a motion to dismiss, a preference complaint must include [among other information] . . . an identification of the nature and amount of each antecedent debt[.]"); *see also, e.g.*, *Stanziale v. DMJ Gas-Mktg. Consultants, LLC (In re Tri-Valley Corp.)*, 2015 WL 110074, at *4 (Bankr. D. Del. Jan. 7, 2015) (dismissing complaint for failure "to allege sufficient facts detailing the nature of the alleged antecedent debt"); *TWA Inc. Post Confirmation Estate v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228, 232-233 (Bankr. D. Del. 2004) (dismissing preference complaint based on, *inter alia*, "failure to provide the nature and amounts of the debts").  Contrary to Trustee's assertion, Opp'n at 19-20, merely pleading that the Excessive

Payments were bonus payments made pursuant to unspecified employment contracts does not suffice to establish that such payments were "for or on account of an antecedent debt owed by the debtor before such transfer was made."

Trustee argues that "debt" is broadly construed under bankruptcy law such that a debt for a bonus arises when the relevant contract or bonus plan is put in place. *See* Opp'n at 19. Even accepting this assertion as true, it does not save Trustee's claims. As discussed in the Motion and the KN Brief, the mere fact that a payment was allegedly made pursuant to a contract does not establish that the payment was made on account of an antecedent debt. *See* Mot. at 20-22; KN Br. at 20-21; *Burtch v. Huston (In re USDigital, Inc.)*, 443 B.R. 22, 37-38 (Bankr. D. Del. 2011) (dismissing § 547(b) claims for failure to adequately plead existence of antecedent debt where terms of contracts indicated that payment obligations arose simultaneously with or after challenged transfers); *THQ Inc. v. Starcom Worldwide, Inc. (In re THQ Inc.)*, 2016 WL 1599798, at *3 (Bankr. D. Del. Apr. 18, 2016) (dismissing preference claims where complaint "merely" alleged that defendants "may have entered into one or more agreements" for services with "one or more of the Debtors"); *Off. Comm. of Unsecured Creditors of Washington Mut., Inc. v. Corcoran (In re Washington Mut., Inc.)*, 2013 WL 3757330, at *4 (Bankr. D. Del. Jul. 16, 2013) (explaining, in dismissing § 547(b) claim, "[b]ecause the severance was paid on the same date that [the debtor's] obligation arose, the Court finds that the severance payment was not made on account of an antecedent debt"); *see also Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*, 2012 WL 3638785, at *2 (Bankr. D. Del. Aug. 22, 2012) ("Payment of a debt on the date it was incurred is generally not for or on account of an antecedent debt."). The FAC concedes the existence and validity of employment agreements, but does not identify the dates of any of the relevant contracts nor the terms pursuant to which the Excessive Payments were made, and thus

4

fails to establish that any debts under the contracts were, in fact, antecedent to the payments. The FAC is also devoid of details about the alleged antecedent debt amounts.

Additionally, Trustee's vague allegation that EDMC II made the Excessive Payments "on account of antecedent debts owed *by the Debtors*" does not establish that any antecedent debt was owed "to the debtor" – i.e., *the specific Debtor-transferor* – as required under section 547(b). *See* Mot. at 22; *In re Tri-Valley Corp.* 2015 WL 110074, at *3 ("When there are multiple debtors in a case, the [c]omplaint must state which debtor owed the antecedent debt and that the same debtor made the preferential transfer."); *accord In re THQ Inc.*, 2016 WL 1599798, at *3; *see also, e.g.*, *Gellert v. The Lenick Co. (In re Crucible Materials Corp.)*, 2011 WL 2669113, at *4 (Bankr. D. Del. Jul. 6, 2011) (dismissing preference claims for failure to adequately allege antecedent debt where complaint stated that "[t]he Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made"). The Opposition does not address, much less refute, Later Defendants' arguments regarding these defects.

Trustee also fails to state a claim under Claim VIII with respect to the February 2, 2018 payment to McEachen. As noted in the Motion, Mot. at 22-23, this payment is not avoidable under section 547(b) because the alleged transfer occurred more than ninety days before the Petition Date and McEachen is not alleged to have been an insider when the transfer was made. *See* 11 U.S.C. § 547(b)(4)(B). Trustee does not contend that McEachen was an insider when the payment was made and acknowledges that "cases have held that insider status for the recipient of a preference claim should be determined by the exact date of the transfer." He nonetheless argues that this Court should import the approach used by certain courts applying section 548(a)(1)(B)(ii)(IV) – which, unlike section 547(b), does not expressly require insider status "at the time of the transfer" – and instead look to insider status on the date the transfer was arranged. As shown in the Motion,

5

this approach is inconsistent with the case law and the statutory text of section 547(b).  *See* Mot. at 22-23; *see also, e.g.*, *Jahn v. Char (In re Incentium, LLC)*, 473 B.R. 264, 272-273 (Bankr. E.D. Tenn. 2012) (rejecting plaintiff's argument that "a transferee need not be an insider at the time the transfer was made so long as he was an insider at the time the transfer is arranged" and finding that requiring insider status on the date the transfer was made is "consistent with virtually all of the cases that have examined the issue in the last twenty years" and "based on a straightforward reading of the statute"), *aff'd on other grounds*, 2013 U.S. Dist. LEXIS 193085 (E.D. Tenn. Mar. 7, 2013).  Moreover, even Trustee's incorrect approach would not save the claims in the FAC because Trustee has not identified when any of the alleged antecedent debts arose, and thus has not alleged that McEachen was an insider when the February 2, 2018 payment was arranged.  Thus, the claim to avoid the February 2, 2018 payment to McEachen under section 547(b) is time-barred and should be dismissed with prejudice.

Finally, Trustee fails to adequately allege "reasonable due diligence" as required under section 547(b) of the Bankruptcy Code.  Trustee devotes several pages of his Opposition to arguing that the "reasonable due diligence" requirement does not obligate him to "plead extensive facts refuting potential defenses or prove the inapplicability of defenses."  *See* Opp'n at 10-14. However, this misguided response does not address Later Defendants' primary arguments.  *See* Mot. at 23-24.  Trustee has not satisfied the reasonable due diligence requirement because, as set forth above, Trustee's allegations regarding the Excessive Payments are so lacking in detail that they fail to establish basic elements of Trustee's preference claims – i.e., that the payments were made "for or on account of an antecedent debt owed by the debtor before such transfer was made," 11 U.S.C. § 547(b)(2), and that the creditor for whose benefit the transfer was made "at the time of such transfer was an insider" (for transfers made 90 days to one year before the Petition Date),

*id.* § 547(b)(4)(C) – as to which Trustee bears the burden of proof, *see id.* § 547(g) (providing that "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section"). Further, while Trustee contends that he is only required to "*consider*," not actively rebut, potential affirmative defenses, *see* Opp'n at 12, newly-added paragraph 199 of the FAC is still deficient because Trustee's baseless and inaccurate assertion therein that "[Defendants] were running an essentially illegal business and made the Excessive Payments to themselves as the Debtors were struggling to operate and preparing for bankruptcy," even if accepted as true, does not establish Trustee's consideration of all affirmative defenses under section 547(c), such as arguments that the Excessive Payments were contemporaneous exchanges for new value under section 547(c)(1)(A) or that Defendants subsequently gave new value to or for the benefit of the debtor after such payments entitling them to protection under section 547(c)(4).

E.      **Trustee's Claims under 6 Del. C. § 1305(b) (Claim IX) Are Not Properly Pled, Fail for Lack of an Antecedent Debt and Are Time-Barred with Respect to the January 15, 2016 Payment to McEachen.**

Claim IX of the FAC purports to assert claims under "6 Del. Code § 1305," but does not specify whether Trustee is asserting claims under section 1305(a) (traditional constructive fraudulent transfer claims), section 1305(b) (insider preference claims), or both. In the Opposition, Trustee asserts that he is pursuing claims under both subsections of section 1305 in the FAC. *See* Opp'n at 27-28. Trustee's claims under section 1305(b) are not properly pled because Claim IX does not even specifically address, much less adequately allege, the elements of a claim under section 1305(b), and because Trustee fails to establish an "antecedent debt" (as required under section 1305(b)) for the reasons stated above with respect to Claim VIII. *See* Mot. at 25-26.

In addition, Trustee does not dispute that, as asserted in the Motion, *id.* at 26, any claim to avoid the January 15, 2016 payment to McEachen under section 1305(b) is time-barred because the alleged transfer was made more than one year before the Petition Date. *See* 6 Del. C. § 1309(3);

Opp'n at 28 (asserting that FAC stated a claim "[w]ith respect to the transfers made to McEachen, Jalufka, Danielson, Kramer, and Novad *during 2017 and 2018 (all of which were made within one year of the Petition Date)*" (emphasis added)); *compare* FAC ¶ 212 (purporting to seek avoidance of *all* Excessive Payments, not merely those made within one year of the Petition Date).  Such claim should therefore be dismissed with prejudice.

> ### F.    Trustee's Claims under 11 U.S.C. § 550 (Claim X) Improperly Seek Recovery Based on Previously-Dismissed Causes of Action.

Claim X should be dismissed with prejudice.  In addition to suffering from the deficiencies affecting all avoidance action claims identified in Section I.A (worthless nature of EDMC II's property interest in the alleged transfers) and Section I.B (improper assertion of claims on behalf of non-transferor Debtors), Claim X improperly asserts claims for recovery based on previously-dismissed avoidance action claims that have not been repled, including actual fraudulent transfer claims under section 548(a)(1)(A) of the Bankruptcy Code and actual fraudulent transfer claims under section 544(b) of the Bankruptcy Code and section 1304(a)(1) of the DUFTA.  *See* Mot. at 27; FAC ¶¶ 180-184, 201-212, 213-216.

## II.    Trustee's Breach of Fiduciary Duty and Civil Conspiracy Claims Are Deficient.

> ### A.    Claims against Later Defendants for Alleged Breaches of Fiduciary Duties (Claim I) Occurring before Later Defendants Allegedly Became Fiduciaries Should Be Dismissed.

In the Motion, Later Defendants showed that claims against them for alleged breaches of fiduciary duties before they allegedly became fiduciaries of any Debtor should be dismissed because (i) Later Defendants could not breach fiduciary duties they did not yet have and/or (ii) such claims were time-barred to the extent they were asserted against McEachen and Danielson for breaches of fiduciary duties to EDMC or the Delaware Holding Companies occurring prior to April 2015 (outside the applicable statutes-of-limitations under both Delaware and Pennsylvania

law) or against Jalufka for breaches of fiduciary duties to EDMC occurring prior to January 2016 (outside the applicable statute-of-limitations under Pennsylvania law).  Mot. at 12-15.

Trustee "does not disagree" with the general proposition that Later Defendants cannot be held liable for actions taken before they became fiduciaries, but argues that Later Defendants may still be held liable for their alleged breaches and failure to remedy predecessors' prior breaches during the period when Later Defendants were fiduciaries of Debtors, noting that the Court previously declined to dismiss breach of fiduciary duty claims against Defendants who served as a fiduciary of a Delaware Debtor within three years before the Petition Date or a Pennsylvania Debtor within two years before the Petition Date.  *See* Opp'n at 29-31, 35.  This response fails to show that Later Defendants can be liable for actions taken before they became fiduciaries.

The claims asserted in Count I of the FAC are not limited to the narrow subset of claims as to which the Court denied dismissal in the Memorandum Opinion – namely, claims against Later Defendants for their alleged breaches in "implement[ing], or fail[ing] to reform, unlawful compensation and recruiting practices."  Mem. Op. at 16.  Rather, the FAC continues to improperly assert vague claims against unspecified "Defendants" for alleged breaches of fiduciary duties to "Debtors" during a period commencing nearly a decade before Later Defendants had any involvement with any Debtors.  *See, e.g.*, FAC ¶¶ 73, 104-105, 156-160.  The Qui tam Actions giving rise to the 2015 Settlements – which, of Trustee's own admission, "focused primarily on violations . . . between 2003 and 2011," Opp'n at 5 – were filed years before Later Defendants joined the Debtors, and the 2015 Settlements were finalized shortly after McEachen and Danielson joined the Debtors and before Jalufka joined the Debtors.  Trustee does not allege that the 2015 Settlements were themselves improper.  Thus, the allegations giving rise to the overwhelming

majority of Trustee's asserted damages (roughly $200 million paid in connection with the 2015 Settlements) simply have nothing to do with Later Defendants.

The claims alleged against Later Defendants for Later Defendants' own alleged breaches during their respective roles as fiduciaries are separate and distinct from (and decidedly more limited than) any alleged breaches of fiduciary duties by their various predecessors.  Trustee alleges, in conclusory fashion, that Later Defendants breached their fiduciary duties by failing to cause certain Debtors to investigate and assert claims against those responsible for the conduct giving rise to the 2015 Settlements, *see* Opp'n at 35 (citing FAC ¶ 21) and by "implement[ing], or fail[ing] to reform, unlawful compensation and recruiting practices," *see id.* (quoting Mem. Op. at 16).  These claims against Later Defendants, which lack meaningful factual support or alleged damages, are not coextensive with claims for the alleged breaches of fiduciary duties that gave rise to the 2015 Settlements, and should not be permitted to be pled as such in the convoluted FAC.

With respect to the period during which Later Defendants allegedly served as fiduciaries of certain Debtors, the only alleged actual damages are (i) the Excessive Payments (as to which the Court dismissed Trustee's unjust enrichment and corporate waste claims) and (ii) unquantified "damages for the destruction of the Company" (as to which the Court noted there were "questions about how the alleged breaches may have given rise to claims for damages" "once the debtors began to wind down their operations and liquidate their business," *see* Mem. Op. at 23-24).  By obscuring who did what when throughout the FAC, Trustee seeks to treat these flimsy claims against Later Defendants as functionally indistinguishable from claims against other Defendants for hundreds of millions of dollars based on years of alleged conduct that predated Later Defendants' involvement (with respect to which any claims against Later Defendants are both

10

meritless given Later Defendants' lack of fiduciary duties at the time and largely time-barred). This is improper.

Nothing in the Memorandum Opinion allows Trustee to assert breach of fiduciary duty claims against Later Defendants for the period predating their involvement with the Debtors. While claims against Later Defendants for alleged breaches of their fiduciary duties to Delaware Debtors within three years before the Petition Date or Pennsylvania Debtors within two years before the Petition Date may be sufficient – solely for motion-to-dismiss purposes – under the reasoning of the Memorandum Opinion, claims against Later Defendants for alleged breaches predating Later Defendants' roles as fiduciaries are deficient both because (a) Later Defendants were not fiduciaries (and thus had no fiduciary duties to breach) at that time, and (b) such claims are time-barred, to the extent the claims are premised on alleged breaches of fiduciary duties to Delaware Debtors more than three years before the Petition Date or Pennsylvania Debtors more than two years before the Petition Date.  Claims against Later Defendants for alleged breaches predating their roles as fiduciaries should thus be dismissed with prejudice.

**B.      A More Definite Statement Is Warranted as to Trustee's Remaining Breach of Fiduciary Duty Claims (Claim I).**

In addition to seeking dismissal of select claims in Claim I, Later Defendants also moved for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure as to all claims in Count I (to the extent not dismissed pursuant to the Motion and Defendants' Briefs) clarifying, at a minimum, (1) the capacity in which Trustee is bringing such claims, (2) to whom the duties allegedly breached by each Later Defendant were purportedly owed, (3) which alleged breaches were committed by Later Defendants, (4) during which period such alleged breaches were committed, and (5) the state of formation of any relevant entities.

Trustee asserts that a more definite statement is not necessary because the FAC is not so unintelligible as to prevent Later Defendants from framing a responsive pleading, and further asserts that such relief concerns "breach of fiduciary duty claims which the Court has already determined are sufficiently stated." Opp'n at 41-42.[5] However, Trustee ignores the fact that it is Trustee's own failure to adequately conform the FAC to the Court's rulings that precipitated the motion for a more definite statement. In the Memorandum Opinion, the Court dismissed all breach of fiduciary duty claims other than breach of fiduciary duty claims against Defendants alleged to have served as fiduciaries of a Delaware Debtor within three years before the Petition Date or a Pennsylvania Debtor within two years before the Petition Date. As noted above, the FAC does not merely assert this limited subset of surviving claims, but restates the original vague morass of claims asserted on behalf of unspecified "Debtors" (whose jurisdiction of formation is not identified in many instances) against unspecified "Defendants," which claims involve breaches that largely predate Later Defendants' alleged roles as fiduciaries.

The Court has discretion to require a more definite statement under Rule 12(e), *see, e.g.*, *Colon v. Anglikowski*, 2020 WL 5107551, at *1 (W.D. Pa. Aug. 31, 2020) ("The decision to grant a motion for a more definite statement is committed to the discretion of the . . . court." (quoting *Woodward v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008))); *Sama v. Mullaney (In re WonderWork, Inc.)*, 626 B.R. 94, 135 (Bankr. S.D.N.Y. 2020) (noting that "[t]he decision to order a more definite statement is within the Court's discretion"). Such relief is warranted here

---

[5] While Trustee points to the fact that the Court previously sustained certain of his claims under Count I, Opp'n at 42, this fact does not preclude Later Defendants' requested relief. *See In re WonderWork, Inc.*, 626 B.R. at 135 ("Although the Court previously sustained portions of the fraudulent transfer claims in the *Prior Decision*, the Court now concludes that it overlooked a fatal deficiency in the *Complaint* and will grant [defendant's] alternative request to file a more definite statement . . . solely with respect to the fraudulent transfer claims [asserted in the amended complaint]."); *see also, e.g., Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J. 2003) ("A plaintiff's compliance with the 'short and plain statement' standard of Rule 8(a)(2), and success in stating a claim upon which relief may be granted under Rule 12(b)(6), does not insulate its pleading from a well-grounded motion for a more definite statement under Rule 12(e).").

because Later Defendants should not be forced to guess at which of Trustee's numerous allegations actually relate to each of Later Defendants or which Debtors each Later Defendant allegedly breached duties to. *See, e.g.*, *Liquidating Tr. of App. Fuels Creditors Trust v. Energy Coal Res., Inc. (In re Appalachian Fuels, LLC)*, 2012 WL 4059948, at \*5 (Bankr. E.D. Ky. Sept. 14, 2012) (granting motion for more definite statement where defendants were "left to guess" whether undefined names in complaint referred to "the same group of individuals or differing groups"); *Alberts v. Tuft (In re Greater Se. Cmty. Hosp. Corp.)*, 333 B.R. 506, 531 n.31 (Bankr. D.D.C. 2005) (noting that court would "view favorably" a Rule 12(e) motion where complaint "refer[red] repeatedly to 'the Debtors' collectively, without establishing . . . that harms suffered by one debtor harmed the others").[6] Later Defendants' motion for a more definite statement should be granted as to any claims in Count I against Later Defendants that are not dismissed.

### C. Trustee's Claims against Later Defendants for Civil Conspiracy (Claim III) Occurring before Later Defendants Allegedly Became Fiduciaries of Debtors Fail for Lack of an Underlying Tort or Other Cause of Action.

Trustee does not challenge, and thus effectively concedes, Later Defendants' assertion that the FAC fails to plausibly allege that Later Defendants were involved in any civil conspiracy before they became fiduciaries of Debtors (during which time Later Defendants are not alleged to have had any involvement with Debtors or other Defendants). Consistent with the Memorandum Opinion, any civil conspiracy claims against Later Defendants for the period before Later

---

[6] The two cases cited by Trustee for the general proposition that Rule 12(e) motions are "not favored" and "not a substitute for discovery," *see* Opp'n at 41-42, are readily distinguishable as they did not involve the type of pervasive deficiencies present here, *see In re USDigital, Inc.*, 443 B.R. at 53 (denying Rule 12(e) motion where defendants argued that complaint "fail[ed] to specify what 'business opportunity/concept, intellectual property rights, all work product, and all software and hardware' was allegedly taken from [debtor] to [defendant]"); *Bausch & Lomb Inc. v. SBH Holdings LLC*, 2022 WL 856750, at \*5 (D. Del. Mar. 23, 2022) (denying Rule 12(e) motion as to patent infringement claims asserted by two non-debtor plaintiffs against a single defendant where complaint set forth specific factual allegations regarding products and patents involved). Thus, these cases do not support denial of Later Defendants' requested relief.

Defendants became fiduciaries fail for lack of an underlying tort or other cause of action because the FAC fails to state a breach of fiduciary duty claim against Later Defendants for that period.

All claims against Later Defendants for civil conspiracy occurring before Later Defendants allegedly became fiduciaries should be dismissed with prejudice.

## III.    A More Definite Statement Is Warranted with Respect to Previously-Dismissed Claims Not Revived through Amendments.

As to all fully-dismissed Claims (Claims II, IV, V, and VI) and partially-dismissed Claims (Claims I, III, and IX) that Trustee is not seeking to revive through amendments, Later Defendants moved for a more definite statement clarifying that not only are such dismissed claims included "solely for the purpose of preserving the Trustee's appellate rights," but for all other purposes, such claims shall be disregarded as dismissed and, notwithstanding anything in the FAC to the contrary, any allegations with respect thereto shall not be incorporated by reference into other sections of the FAC.  Again, this request for relief was precipitated by Trustee's use of incomplete and inconsistent footnotes in the FAC to identify dismissed claims in lieu of actual amendments striking those claims.  Trustee does not claim that Later Defendants' requested clarifications are inaccurate, but asserts that a more definite statement is unnecessary because the existing footnotes in the FAC are adequate.  Contrary to Trustee's assertion, the requested clarifications are necessary and appropriate because the existing footnotes are ambiguous and create needless uncertainty and confusion as to the status of Trustee's claims.[7]

Later Defendants' motion for a more definite statement as to all claims in fully-dismissed Claims (Claims II, IV, V, and VI) and partially-dismissed Claims (Claims I, III, and IX) that

---

[7] As noted in the Motion, Mot. at 27-28, there are multiple deficiencies with respect to the existing footnotes.  For example, the footnote to Claim III states that Defendants need not plead to the *entire* claim even though only a portion of the claim was previously dismissed, and Claim X contains no footnotes clarifying that any previously-dismissed claims included therein are included solely for purposes of appellate rights despite the fact that Claim X purports to seek recovery on account of previously-dismissed actual fraudulent transfer claims.

Trustee is not seeking to revive through amendments should be granted.

## IV.     The KN RJN Should Be Granted.

In the Motion, Later Defendants joined in the KN RJN in connection with their argument that Trustee's avoidance action claims fail because any interest of EDMC II in the funds used for the Excessive Payments was fully-encumbered.  The KN RJN should be granted for the reasons set forth in the KN Reply, which arguments are adopted and incorporated by reference herein.

## V.     Later Defendants' Deadline to Respond to the FAC Should Be Extended.

In their Motion, Later Defendants asserted that their April 1, 2022 deadline to answer or otherwise respond to the FAC had been automatically tolled by the filing of the Motion, but requested, out of an abundance of caution, an extension of that deadline through and including the earlier of (i) the date that is forty-five (45) days after Trustee files an amended complaint providing a more definite statement as requested in the Motion or (ii) such deadline as may be set by the Court for the other Defendants to answer or otherwise respond to any claims not dismissed pursuant to the Motion and Defendants' Briefs.  Trustee has not opposed this request, and Later Defendants respectfully submit that it should be granted accordingly.

## <u>CONCLUSION</u>

For the foregoing reasons, Later Defendants respectfully request that the Court grant their Motion in its entirety.

Dated June 15, 2022          s/___*Sean M. Beach*_____

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801

15

Telephone: 302-571-6600
Facsimile: 302-571-1253
E-mail:  sbeach@ycst.com
      kguerke@ycst.com

SIDLEY AUSTIN LLP

Chad S. Hummel (*admitted pro hac vice*)
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Facsimile: 310-595-9501
E-mail: chummel@sidley.com

Sam Newman (*admitted pro hac vice*)
Stacy Horth-Neubert (*admitted pro hac vice*)
Anna Gumport (*admitted pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600
E-mail: sam.newman@sidley.com
      shorthneubert@sidley.com
      agumport@sidley.com

*Counsel for Defendants Mark A. McEachen, Frank Jalufka, and John Danielson*