# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1] | Case No. 18-11535 (CTG) |
| *Debtors.* | Jointly Administered |
| GEORGE L. MILLER, Chapter 7 Trustee, | |
| *Plaintiff,* | Adv. Pro. No. 20-50627 (CTG) |
| v. | Re: D.I. 128 |
| TODD S. NELSON, *et al.*, | |
| *Defendants.* | |

## ORDER ON MOTIONS TO DISMISS

Upon consideration of (i) the *Motion to Dismiss the First Amended Complaint of Defendants John Devitt Kramer and Mark Novad* (Adv. D.I. 93); (ii) the *Motion of Defendants*

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Education Centers, Inc. (6160); Argosy Education Group, Inc. (5674); Argosy University of California LLC (1273); Brown Mackie College - Tucson, Inc. (4601); Education Finance III LLC (2533); Education Management LLC (6022); Education Management II LLC (2661); Education Management Corporation (9571); Education Management Holdings II LLC (2529); Higher Education Services II LLC (3436); Miami International University of Art & Design, Inc. (1065); South Education – Texas LLC (2573); South University of Florida, Inc. (9226); South University of Michigan, LLC (6655); South University of North Carolina LLC (9113); South University of Ohio LLC (9944); South University of Virginia, Inc. (9263); South University, LLC (7090); Stautzenberger College Education Corporation (4675); TAIC-San Diego, Inc. (1894); TAIC-San Francisco, Inc. (9487); The Art Institutes International Minnesota, Inc. (6999); The Art Institute of Atlanta, LLC (1597); The Art Institute of Austin, Inc. (3626); The Art Institute of California-Hollywood, Inc. (3289); The Art Institute of California-Inland Empire, Inc. (6775); The Art Institute of California - Los Angeles, Inc. (4215); The Art Institute of California-Orange County, Inc. (6608); The Art Institute of California-Sacramento, Inc. (6212); The Art Institute of Charleston, Inc. (6048); The Art Institute of Charlotte, LLC (4912); The Art Institute of Colorado, Inc. (3062); The Art Institute of Dallas, Inc. (9012); The Art Institute of Fort Lauderdale, Inc. (0255); The Art Institute of Houston, Inc. (9015); The Art Institute of Indianapolis, LLC (6913); The Art Institute of Las Vegas, Inc. (6362); The Art Institute of Michigan, Inc. (8614); The Art Institute of Philadelphia LLC (7396); The Art Institute of Pittsburgh LLC (7441); The Art Institute of Portland, Inc. (2215); The Art Institute of Raleigh-Durham, Inc. (8031); The Art Institute of St. Louis, Inc. (9555); The Art Institute of San Antonio, Inc. (4394); The Art Institute of Seattle, Inc. (9614); The Art Institute of Tampa, Inc. (6822); The Art Institute of Tennessee-Nashville, Inc. (5359); The Art Institute of Virginia Beach LLC (2784); The Art Institute of Washington, Inc. (7043); The Art Institutes International II LLC (9270); The Illinois Institute of Art at Schaumburg, Inc. (3502); The Illinois Institute of Art, Inc. (3500); The Institute of Post-Secondary Education, Inc. (0283); The New England Institute of Art, LLC (7798); The University of Sarasota, Inc. (5558); Western State University of Southern California (3875).

48924357.1

*West and Beekhuizen to Dismiss First Amended Complaint* (Adv. D.I. 98); and (iii) *Defendants Mark McEachen, Frank Jalufka, and John Danielson's (I) Motion to Dismiss First Amended Complaint, or in the Alternative, (II) Motion for a More Definite Statement, (III) Motion to Extend Answer Deadline, and (IV) Joinder to Request for Judicial Notice* (Adv. D.I. 102) (collectively, the "Motions to Dismiss"), the requests for judicial notice filed by Defendants Kramer and Novad (Adv. D.I. 95) and Defendants West and Beekhuizen (Adv. D.I. 101), respectively, the *Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the First Amended Complaint* (Adv. D.I. 110) filed by Plaintiff George L. Miller (the "Trustee"), the opening and reply briefs and supporting declarations filed by Defendants in support of the Motions to Dismiss (Adv. D.I. 94, 99, 100, 103, 111, 113, 114, 115), and the argument held before the Court on August 1, 2022, for the reasons set forth in the Court's letter ruling dated August 5, 2022 (Adv. D.I. 128) (the "Letter Ruling"), it is hereby ORDERED as follows:

1. The Motions to Dismiss are granted in part and denied in part as follows:

    a. The Motions to Dismiss are granted without prejudice as to (i) all claims against Defendants Kramer, Novad, McEachen, Danielson, Jalufka, and Beekhuizen under Claim VIII (Avoidance of Transfers Pursuant to 11 U.S.C. § 547) other than those dismissed with prejudice pursuant to Paragraph 1.b of this Order, because the Trustee has not alleged which Debtor owed the antecedent debt and that the same Debtor made the transfers sought to be avoided; (ii) for the same reasons, all claims to avoid payments to Defendants Kramer, Novad, McEachen, Danielson, Jalufka, and Beekhuizen pursuant to 6 Del. C. § 1305(b) under Claim IX (Avoidance of Transfers Pursuant to 6 Del. C. §§ 1304(a)(1), 1304(a)(2), and 1305 and 11 U.S.C. § 544) (but not any other claims under Claim IX); and (iii) the claims against Defendants Kramer, Novad, McEachen, Danielson,

Jalufka, and Beekhuizen for recovery pursuant to 11 U.S.C. § 550 under Claim X (Recovery of Transfers Under 11 U.S.C. § 550) to the extent based on avoidance action claims dismissed pursuant to this Paragraph 1.a (but not any other claims under Claim X).

      b.      The Motions to Dismiss are granted with prejudice as to (i) the claims to avoid the alleged January 15, 2016 payments to Defendants McEachen and Kramer and the alleged March 18, 2016 payment to Defendant Beekhuizen under Claim VII (Avoidance of Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)), because such payments were alleged to have been made more than two years before the Petition Date; (ii) the claims to avoid the alleged January 15, 2016 payments to Defendants McEachen and Kramer and the alleged March 18, 2016 payment to Defendant Beekhuizen pursuant to 6. Del. C. § 1305(b) under Claim IX (Avoidance of Transfers Pursuant to 6 Del. C. §§ 1304(a)(1), 1304(a)(2), and 1305 and 11 U.S.C. § 544) and pursuant to 11 U.S.C. § 547 under Claim VIII (Avoidance of Transfers Pursuant to 11 U.S.C. § 547) (but not any other claims under Claims VIII and IX), because such payments were alleged to have been made more than one year before the Petition Date; and (iii) the claims against Defendants Kramer, Novad, McEachen, Danielson, Jalufka, and Beekhuizen for recovery pursuant to 11 U.S.C. § 550 under Claim X (Recovery of Transfers Under 11 U.S.C. § 550) to the extent based on avoidance action claims dismissed pursuant to this Paragraph 1.b (but not any other claims under Claim X).

      c.      Subject to the right of the parties to seek, by way of motion or stipulation, a different deadline, the time for Defendants to answer shall be tolled until: (a) if the Trustee does not file a second amended complaint, 45 days after the entry of this Order; and (b) if the Trustee does file a second amended complaint, on the later of (i) 30 days after

the filing of the second amended complaint, or (ii) 30 days after the entry of an order granting or denying any motion to dismiss the second amended complaint.

        d.      The Motions to Dismiss, including the motion for a more definite statement under Rule 12(e), are denied except as set forth above.

    2.      In light of the Court's rulings herein and in the Letter Ruling, the Court finds it unnecessary to rule on the requests for judicial notice filed by Defendants Kramer and Novad and West and Beekhuizen at this time.

Nothing in this Order is intended to or shall alter or amend the Letter Ruling in any way.

## MISCELLANEOUS

The Trustee is granted leave to file a second amended complaint within 30 days of entry of this Order. Those Defendants remaining in the case shall have 30 days from the date of such filing to move to dismiss the second amended complaint, if any, and Defendants' answer deadline with respect to any such second amended complaint shall be as set forth in Paragraph 1.c above. Should Defendants move to dismiss the second amended complaint: a) the Trustee shall have 30 days from the latest filed motion to dismiss to file an omnibus memorandum in opposition to all motions to dismiss, the length of which shall not exceed twenty pages times the number of motions to dismiss that are filed (e.g., if three motions to dismiss are filed, the omnibus memorandum shall not exceed sixty pages); and b) Defendants may file any respective replies in support of their motions to dismiss within 30 days of the filing of Plaintiff's omnibus memorandum.

**Dated: August 24th, 2022**
**Wilmington, Delaware**

        **CRAIG T. GOLDBLATT**
        **UNITED STATES BANKRUPTCY JUDGE**