## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br>Debtors. | Chapter 7<br>Case No. 18-11535 (CTG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>TODD S. NELSON, JOHN R. McKERNAN, SAMUEL C. COWLEY, EDWARD WEST, MARK A. McEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN,<br><br>Defendants. | Adv. No. 20-50627 (CTG) |

## ANSWER TO THE SECOND AMENDED COMPLAINT OF
## DEFENDANTS JOHN DEVITT KRAMER AND MARK NOVAD

Defendants John Devitt Kramer and Mark Novad (the "Defendants"), for their Answer and

Defenses to the Second Amended Complaint (or, "Complaint") filed by the Chapter 7 Trustee,

George L. Miller, respond and state as follows:

1.     Defendants admit that George L. Miller is the Chapter 7 Trustee (the "Trustee") for

the jointly administered Chapter 7 bankruptcy estates of Debtors Education Management

Corporation ("EDMC") and subsidiaries and that he has filed this adversary proceeding, and lack

---

[1] Due to the large number of debtors in the above-captioned jointly-administered chapter 7 cases (the "Chapter 7 Cases"), a complete list of such debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein.  Such information can be found at footnote 1 of the Second Amended Complaint.

knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1.

2.      Admitted that EDMC that was a large for-profit education company, and deny the remainder of the allegations in paragraph 2.

3.      Denied.

4.      Denied.

5.      Admitted.

6.      In response to paragraph 6, Defendants state that no response is required because Trustee does not set forth an allegation against them.  To the extent a response is required to any averments made, they are denied.[2]

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Defendants admit that Exhibit A speaks for itself and provides information only as to the date reflected therein.  Defendants deny the allegations to extent they are inconsistent with that document or that Exhibit A reflects a status "at all times material hereto."  Further, Defendants

---

[2] In further response, under Local Rule 7012-1, Messrs. Kramer and Novad do not consent to entry of final orders or judgments by the Court.

lack knowledge or information sufficient to form a belief about the truth or the allegations in Exhibit A and on that basis deny them.

11.    Denied.

12.    Defendants admit that Defendant Todd S. Nelson was an executive with the University of Phoenix, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12.

13.    Defendants admit that Defendant Todd S. Nelson served as Chief Executive Officer of EDMC and was a Chairman of certain boards, and deny the remainder of the allegations in paragraph 13.

14.    Defendants admit that Defendant John R. McKernan, Jr. served as Chief Executive Officer ("CEO") of EDMC, and deny the remainder of the allegations in paragraph 14.

15.    Defendants admit that Defendant Samuel C. Cowley served as a member of the EDMC Board, and deny the remainder of the allegations in paragraph 15.

16.    Defendants admit that Defendant Edward West served as EDMC's Chief Financial Officer, and deny the remainder of the allegations in paragraph 16.

17.    Defendants admit that Defendant Mark A. McEachen served as CEO of EDMC, and deny the remainder of the allegations in paragraph 17.

18.    Defendants admit that Defendant Frank Jalufka served as CEO of EDMC and formerly Chief Financial Officer of EDMC, and deny the remainder of the allegations in paragraph 18.

19.     Defendants admit that Defendant J. Devitt Kramer resides at 151 Laurel Oak Drive, Sewickley, PA 15143 and served in the following positions to EDMC and EDMC's four intermediate holding companies (collectively the "Delaware Holding Companies"): (a) Vice President, Senior Counsel and Assistant Secretary from May 2004 through June 2005; (b) Vice President Corporate Compliance from July 2005 through June 2006; and (c) Senior Vice President, General Counsel and Secretary from July 2006 through December 2017, and deny the remainder of the allegations in paragraph 19.

20.     Defendants admit that Defendant Mark Novad resides at 208 White Oak Drive, Slippery Rock, PA 16057 and served in the following positions for EDMC and the Delaware Holding Companies: (a) Vice President of Human Resources; (b) Senior Vice President of Human Resources; and (c) Office of the Chairman and Senior Vice President of Human Resources, and deny the remainder of the allegations in paragraph 20.

21.     Defendants admit that Defendant John M. Danielson served as a member of the EDMC Board, and deny the remainder of the allegations in paragraph 21.

22.     Defendants admit that Defendant Mick Beekhuizen served as a member of the EDMC Board and as Executive Vice President and Chief Financial Officer of EDMC, and deny the remainder of the allegations in paragraph 22.

23.     Admitted.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 24 and on that basis deny it in its entirety.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 25 and on that basis deny it in its entirety.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 26 and on that basis deny it in its entirety.

27.     Defendants admit that the EDMC acquired American Education Centers ("AEC") and its 18 for-profit colleges for $116 million and that the AEC schools were later re-branded as Brown-Mackie College, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 28 and on that basis deny it in its entirety.

29.     Defendants admit that in 2006 Congress took certain actions with respect to the regulation of educational institutions, but deny the characterization as stated and any legal conclusion or characterization therein.

30.     Denied.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 31 and on that basis deny it in its entirety.

32.     Admitted as to EDMC being acquired in 2006 and deny as to all other allegations in paragraph 32.

33.     Denied.

34.     Denied.

35.    Denied.

36.    Admitted as to Defendant Nelson becoming EDMC's CEO and his former employment with University of Phoenix, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 beyond what is publicly available.

37.    Defendants admit that the 2011 Huffington Post article titled "With Goldman's Foray into Higher Education, A Predatory Pursuit of Students and Revenues" speaks for itself, and deny any allegations to the extent they are inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the above-mentioned article and on that basis deny them.

38.    Denied.

39.    Defendants admit that EDMC's enrollment in January 2007 was 82,000 students and that in 2011 enrollment was approximately 160,000 students, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39.

40.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.    Defendants admit that the Program Review Report speaks for itself and deny the allegations to the extent they are inconsistent with that document.  Further, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations in the Program Review Report and on that basis deny them.

43.     Defendants admit that the Program Review Report speaks for itself and deny the allegations to the extent they are inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the Program Review Report and on that basis deny them.

44.     Denied.

45.     Denied.

46.     Admitted as to EDMC having about 4,000 online students in or about 2006 and deny as to all other allegations in paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the number of individuals who worked in college recruiting in 2006 and on that basis deny those allegations.  All other allegations in paragraph 47 are denied.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the figures stated in paragraph 48 and on that basis them.

49.     Denied.

50.     Denied.

51.     Defendants admit that the 2008 New Directors of Admissions materials speak for themselves and deny the allegations to the extent they are inconsistent with those documents.

Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the 2008 New Directors of Admissions materials and on that basis deny them.

52.     Defendants admit that the 2008 New Directors of Admissions materials exist and speak for themselves and deny the allegations to the extent they are inconsistent with those documents. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the 2008 New Directors of Admissions materials and on that basis deny them.

53.     Defendants admit that the ADA new hire training materials exist and speak for themselves and deny the allegations to the extent they are inconsistent with those documents. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the ADA new hire training materials and on that basis deny them.

54.     Denied.

55.     Denied.

56.     Defendants admit that the United States Government Accountability Office ("GAO") Report exists and was later amended. Defendants further admit that the GAO Report speaks for itself and deny the allegation to the extent it is inconsistent with the document. Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the GAO Report and on that basis deny them.

57.     Defendants admit that United States Senate Committee held a hearing, and deny the remainder of the allegations in paragraph 57.

58.     Defendants admit that the For-Profit Higher Education: the Failure to Safeguard the Federal Investment and Ensure Student Success (the "HELP Report") speaks for itself and deny the allegation to the extent it is inconsistent with the document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the HELP Report and on that basis deny them.  In further response, Defendants state that the HELP Report was issued by the majority members of the HELP Committee without input or consent from the Republican members of the Committee.

59.     Denied.  In further response, Defendants state that the HELP Report was issued by the majority members of the HELP Committee without input or consent from the Republican members of the Committee.

60.     Denied.

61.     Defendants admit that a Complaint in the Government Qui Tam Action, attached to the Trustee's Second Amended Complaint as Exhibit B, was filed, but deny all allegations therein.

62.     Defendants admit that a Complaint in the Government Qui Tam Action, attached to the Trustee's Second Amended Complaint as Exhibit B, was filed, but deny all allegations therein.

63.     Defendants admit that a Complaint in the Government Qui Tam Action, attached to the Trustee's Second Amended Complaint as Exhibit B, was filed, but deny all allegations therein.

64.     Defendants admit that a Complaint in the Government Qui Tam Action, attached to the Trustee's Second Amended Complaint as Exhibit B, was filed, but deny all allegations therein.

65.     Defendants admit that a Complaint in the Sobek Qui Tam Action, attached to the Trustee's Second Amended Complaint as Exhibit C, was filed, but deny all allegations therein.

66.     Defendants admit that a Complaint in the Sobek Qui Tam Action, attached to the Trustee's Second Amended Complaint as Exhibit C, was filed, but deny all allegations therein.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and on that basis deny them.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and on that basis deny them.

69.     Defendants admit that the Complaints in the Government Qui Tam Action and Sobek Qui Tam Action speak for themselves and deny the allegation to the extent it is inconsistent with those documents and furthermore deny the allegations therein.

70.     Defendants admit that the Complaints in the Government Qui Tam Action and Sobek Qui Tam Action speak for themselves and deny the allegation to the extent it is inconsistent with those documents and furthermore deny the allegations therein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Admitted that the federal government provides funds through numerous programs to financially assist students in attending the university of their choice.  All other allegations in paragraph 74 are denied.

75.     Defendants admit that the referenced law or regulation speaks for itself, and deny the allegation to the extent that it does not accurately describe it.

76.     Defendants admit that the referenced law or regulation speaks for itself, and deny the allegation to the extent that it does not accurately describe it.

77.     Defendants admit that the referenced law or regulation speaks for itself, and deny the allegation to the extent that it does not accurately describe it.

78.     Defendants admit that the referenced law or regulation speaks for itself, and deny the allegation to the extent that it does not accurately describe it.

79.     Defendants admit that the referenced law or regulation speaks for itself, and deny the allegation to the extent that it does not accurately describe it.

80.     Defendants admit that the referenced law or regulation speaks for itself, and deny the allegation to the extent that it does not accurately describe it.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and on that basis deny them.

82.     Denied.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 and on that basis deny them.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and on that basis deny them.  Furthermore, Defendants deny all other allegations related to a "conspiracy."

85.     Defendants admit that the PPA speaks for itself, and deny the allegations to the extent they are inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the PPA and on that basis deny them.

86.     Defendants admit that the PPA speaks for itself, and deny the allegations to the extent they are inconsistent with that document.  Further, Defendants lack information sufficient to form a belief about the truth of the allegations in the PPA and on that basis deny them.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and on that basis deny them.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 and on that basis deny them.

89.     Denied.

90.     Denied.

91.     Defendants admit that the Complaints in the Qui Tam Actions were filed and speak for themselves and deny the allegation to the extent it is inconsistent with those documents. Defendants furthermore deny the allegations set forth therein.

92.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and on that basis deny them.

93.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 and on that basis deny them.

94.    Denied.

95.    Defendants admit that the Complaint in the Government Qui Tam Action was filed and speaks for itself and deny the allegation to the extent it is inconsistent with that document. Defendants furthermore deny the allegations set forth therein.  In further response, no finding of liability was made in the Qui Tam Actions and numerous claims were dismissed.

96.    Defendants admit that the Complaints in the Qui Tam Actions were filed and speak for themselves deny the allegation to the extent it is inconsistent with those documents.  Defendants furthermore deny the allegations set forth therein.  In further response, no finding of liability was made in the Qui Tam Actions and numerous claims were dismissed.

97.    Defendants admit that the Complaints in the Qui Tam Actions were filed and speak for themselves deny the allegation to the extent it is inconsistent with those documents.  Defendants furthermore deny the allegations set forth therein.  In further response, no finding of liability was made in the Qui Tam Actions and numerous claims were dismissed.

98.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 98 and on that basis deny the allegations.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Defendants admit that the Complaints in the Qui Tam Actions were filed and speak for themselves and deny the allegations to the extent they are inconsistent with those documents and deny the allegations found therein.

104.    Defendants admit that the Complaints in the Qui Tam Actions were filed and speak for themselves and deny the allegations to the extent they are inconsistent with those documents and deny the allegations found therein.

105.    Defendants admit that the Complaints in the Qui Tam Actions speak for themselves and deny the allegations to the extent they are inconsistent with those documents and deny the allegations found therein.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding a former Vice President of Human Resources' statements, and deny the remainder of the allegations contained in paragraph 110.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 114 and on that basis deny it in its entirety.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 115 and on that basis deny it in its entirety.

116.    Defendants admit that Defendant McEachen served as CEO of EDMC, and deny the remainder of the allegations in paragraph 116.

117.    Defendants admit that Exhibit D speaks for itself and deny the allegations to extent they are inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Exhibit D and on that basis deny them.

118.    Denied.

119.    Defendants admit that Exhibit E speaks for itself and deny the allegations to extent they are inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Exhibit E and on that basis deny them.

120.    Denied.

121.     Defendants admit that Exhibit F speaks for itself and deny the allegations to extent they are inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Exhibit F and on that basis deny them.  Defendants deny the remainder of the allegations in paragraph 121.

122.     Denied.

123.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 and on that basis deny them.

124.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 and on that basis deny them.

125.     Admitted.

126.     Admitted that EDMC consummated various transactions and lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 126 and on that basis deny them.

127.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and on that basis deny them.

128.     Admitted as to the sale of certain assets associated with the Brown Mackie College campuses to Ross Education, LLC ("Ross Education") and the $2.1 million payment to Ross Education in connection with the sale, and deny as to all other allegations contained in paragraph 128.

129.    Defendants admit that certain parties executed the DCF Purchase Agreement, and deny all other allegations.

130.    Defendants admit that certain parties executed the Transition Services Agreement, and deny all other allegations.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136.

137.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.

138.    Defendants admit that the Statement of Financial Affairs speaks for itself, and deny the allegation to the extent that it is inconsistent with that document.  Further, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the Statement of Financial Affairs and on that basis deny them.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

## FIRST CLAIM – BREACH OF FIDUCIARY DUTIES
### (Against All Defendants)[3]

149.    In response to the allegations in paragraph 149, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 148 as if fully restated herein.

150.    Denied.

151.    Denied.

152.    Denied.

---

[3]    In light of Trustee's footnote 3, Defendants acknowledge that no response is required, but to the extent a response is deemed necessary, the allegations within footnote 3 are denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

## SECOND CLAIM – FRAUD
### (Against all Defendants)[4]

166.    In response to the allegations in paragraph 166, Defendants incorporate all

admissions, denials, and further and other responses in paragraphs 1 through 165 as if fully restated

---

[4] In light of Trustee's footnote 4, Defendants acknowledge that no response is required, but to the extent a response is deemed necessary, the allegations found within the Second Claim are denied.

herein.

167.    No response is required to this allegation in light of footnote 4 of the Complaint.

168.    No response is required to this allegation in light of footnote 4 of the Complaint.

169.    No response is required to this allegation in light of footnote 4 of the Complaint.

## THIRD CLAIM – CIVIL CONSPIRACY
### (Against all Defendants)[5]

170.    In response to the allegations in paragraph 170, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 169 as if fully restated herein.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

## FOURTH CLAIM – CORPORATE WASTE[6]
### (Against Defendants McEachen, Jalufka, Kramer, Novad, Danielson, and Beekhuizen)

175.    In response to the allegations in paragraph 175, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 174 as if fully restated herein.

---

[5] In light of Trustee's footnote 5, Defendants acknowledge that no response to certain elements of the Third Claim is required, but to the extent a response is deemed necessary, the allegations within the Third Claim are denied.

[6] In light of Trustee's footnote 6, Defendants acknowledge that no response is required, but to the extent a response is deemed necessary, the allegations within the Fourth Claim are denied.

176.     No response is required to this allegation in light of footnote 6 of the Complaint.

177.     No response is required to this allegation in light of footnote 6 of the Complaint.

## FIFTH CLAIM – UNJUST ENRICHMENT[7]
### (Against Defendants McEachen, Jalufka, Kramer, Novad, Danielson, and Beekhuizen)

178.     In response to the allegations in paragraph 178, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 177 as if fully restated herein.

179.     No response is required to this allegation in light of footnote 7 of the Complaint.

180.     No response is required to this allegation in light of footnote 7 of the Complaint.

181.     No response is required to this allegation in light of footnote 7 of the Complaint.

## SIXTH CLAIM – AVOIDANCE OF TRANSFERS[8]
### Pursuant to 11 U.S.C. § 548(a)(1)(A)
### (Against Defendants McEachen, Jalufka, Kramer, Novad, Danielson, and Beekhuizen)

182.     In response to the allegations in paragraph 182, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 181 as if fully restated

---

[7] In light of Trustee's footnote 7, Defendants acknowledge that no response is required, but to the extent a response is deemed necessary, the allegations within the Fifth Claim are denied.

[8] In light of Trustee's footnote 8, Defendants acknowledge that no response is required to claims related to actual fraud, but to the extent a response is deemed necessary, the allegations within the Sixth Claim related to actual fraud are denied.

herein.

183.     No response is required to this allegation in light of footnote 8 of the Complaint.

184.     No response is required to this allegation in light of footnote 8 of the Complaint.

185.     No response is required to this allegation in light of footnote 8 of the Complaint.

186.     No response is required to this allegation in light of footnote 8 of the Complaint.

## SEVENTH CLAIM – AVOIDANCE OF TRANSFERS[9]
### Pursuant to 11 U.S.C. § 548(a)(1)(B)
### (Against Defendants McEachen, Jalfufka, Kramer, Novad, Danielson, and Beekhuizen)

187.     In response to the allegations in paragraph 187, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 186 as if fully restated herein.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

---

[9] In light of Trustee's footnote 9, Defendants acknowledge that no response is required with respect to a certain identified transfer, but to the extent a response is deemed necessary, the allegations within the Seventh Claim related to these transfers are denied.

192.        Denied.

193.        Denied.

## EIGHTH CLAIM – AVOIDANCE OF TRANSFERS
### Pursuant to 11 U.S.C. § 547(b)
### (Against Defendants McEachen, Jalufka, Kramer, Novad, and Danielson)

194.        In response to the allegations in paragraph 194, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 193 as if fully restated herein.

195.        Denied.

196.        Denied.

197.        Denied.

198.        Denied.

199.        Denied.

200.        Denied.

201.        Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 201.

202.        Denied.

**NINTH CLAIM – AVOIDANCE OF TRANSFERS[10]**
**Pursuant to 6 Del. C. §§ 1304(a)(1), 1304(a)(2), and 1305, and 11 U.S.C. § 544**
**(Against Defendants McEachen, Jalufka, Kramer, Novad, Danielson, and Beekhuizen)**

203.     In response to the allegations in paragraph 203, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 202 as if fully restated herein.

204.     Denied.

205.     Denied.

206.     Denied.

207.     Denied.

208.     Denied.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

213.     Denied.

214.     Denied.

---

[10] In light of Trustee's footnote 10, Defendants acknowledge that no response is required to the actual fraud portion of this claim, but to the extent a response is deemed necessary, the allegations within the Ninth Claim related to actual fraud are denied.

## TENTH CLAIM – RECOVERY OF TRANSFERS UNDER 11 U.S.C. § 550
**(Against Defendants McEachen, Jalufka, Kramer, Novad, Danielson, and Beekhuizen)**

215.    In response to the allegations in paragraph 215, Defendants incorporate all admissions, denials, and further and other responses in paragraphs 1 through 214 as if fully restated herein.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Defendants state that no response is required to Trustee's Prayer for Relief and Jury Demand. To the extent a response is required to any averments made, they are denied.

## AFFIRMATIVE AND OTHER DEFENSES

220.    Trustee's Complaint fails to state a claim upon which relief can be granted.

221.    Trustee's claims are barred, in whole or in part, by the fact that the payments made to Defendants were fully encumbered and Debtors had no cognizable interest in the funds transferred.

222.    Trustee's claims are barred, in whole or in part, by the statute of limitations.

223.    Trustee's claims are barred, in whole or in part, by the doctrines of laches.

224.    Trustee has not sustained any damages.

225.    Trustee's claims are barred, in whole or in part, because the Debtor received reasonably equivalent value for the transfers.

226.    Trustee's claims are barred, in whole or in part, by the statutory defense of contemporaneous exchange for new value.

227.    Trustee's claims are barred, in whole or in part, by the statutory defense of ordinary course of business.

228.    Trustee's claims are barred, in whole or in part, because the amounts received in the payments are less than the value given to the Debtors.

229.    Trustee's claims are barred, in whole or in part, because Defendants received the transfers in good faith.

230.    Trustee's claims are barred, in whole or in part, by the statutory safe harbor of 11 U.S.C. § 546(e).

231.    Trustee's claims are barred, in whole or in part, because the transfer did not occur within the statutory period of 11 U.S.C. 548(a)(1).

232.    Trustee's claims are barred, in whole or in part, because Defendants were good-faith purchasers.

233.    Trustee's claims are barred, in whole or in part, because the transfers were made for the satisfaction of an antecedent debt under a contractual obligation.

234.    Trustee's claims are barred, in whole or in part, because the Defendants were mere conduits for the transfers.

26

235.     Trustee's claims are barred, in whole or in part, because the transfers were not made with the actual intent to hinder, delay, or defraud a creditor.

236.     Trustee's claims are barred, in whole or in part, because the payments were made and received in good faith and constituted an exchange for reasonably equivalent value.

237.     Trustee's claims are barred, in whole or in part, because Defendants are entitled to a lien or right to retain the assets, enforcement of obligation incurred, and setoff.

238.     Trustee's claims are barred, in whole or in part, because Defendants are subsequent transferees who took for value from another subsequent transferee.

239.     Trustee's claims are barred, in whole or in part, because the transfers were made in a good-faith effort to rehabilitate Debtors and secured present value as well as an antecedent debt.

240.     Trustee's claims are barred, in whole or in part, by the business judgment rule.

241.     Trustee's claims are barred, in whole or in part, by majority approval.

242.     Defendants lacked a fiduciary relationship with the Debtors.

243.     Trustee's claims are barred, in whole or in part, by failure to exercise due diligence.

244.     Trustee's claims are barred, in whole or in part, by preemption.

245.     Trustee's claims are barred, in whole or in part, by estoppel.

246.     Trustee's claims are barred, in whole or in part, by ratification.

247.     Trustee's claims are barred, in whole or in part, by the doctrine of standing.

248.     Trustee's Complaint does not set forth any factual or legal basis to support an imposition of attorney fees, costs, and expenses.

249.     Trustee's Complaint does not set forth any factual or legal basis to support an imposition of punitive damages.

250.     Trustee's Complaint does not set forth any factual or legal basis to support joint and several damages.

251.     Trustee's Complaint fails to plead with sufficient particularity the facts necessary to support each element of the claims stated therein.

252.     Trustee's claims are barred, in whole or in part, because its claimed damages, if any, were not legally or proximately caused by any actions or omissions of Defendants.

253.     Trustee's claims are barred, in whole or in part, because the real party in interest consented to and approved the acts and omissions about which Trustee now complains.

254.     Trustee's claims are barred, in whole or in part, because Defendants owed no duties to any Debtors during portions of the relevant time period.

255.     Trustee's claims are barred, in whole or in part, because Defendants breached no duties to Debtors, either actual or implied.

256.    Trustee's claims are barred, in whole or in part, because Defendants did not conspire with any of the other named defendants.

257.    Trustee's claims that have been fully dismissed (Claims II, IV, V, and VI) and partially dismissed (Claims I, III, and IX) and that Trustee is not seeking to revive through amendments are barred, as are any claims under Claim X to the extent based on claims previously dismissed and not revived through amendments.

258.    Trustee's claims are barred, in whole or in part, under the organizational documents of the relevant Debtors.

259.    On information and belief, to the extent that the Debtors made one or more of the transfers alleged in the Complaint, such transfers may not be avoided because after the transfers were allegedly made, the Defendants provided new value to or for the benefit of the Debtors (i) which new value was not secured by an otherwise unavoidable security interest, and (ii) on account of which the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendants.

260.    On information and belief, to the extent that any of the Debtors made one or more of the transfers alleged in the Complaint, the Debtor-transferor was not insolvent on the date that the payments were made and did not become insolvent as a result of such payments; was not engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with such Debtor was an unreasonably small capital; and/or did not intend to incur, or believed that it would incur, debts that would be beyond such Debtor's ability to pay as such debts matured.

261.    Trustee's claims are barred, in whole or in part, to the extent that one of more of the payments to Defendants was made to a non-insider more than 90 days before the petition date.

262.    Trustee's claims are barred, in whole or in part, to the extent Defendants were not insiders when the relevant debts were incurred.

263.    On information and belief, any damages incurred by Trustee in connection with the subject matter of the Complaint were not proximately caused by the acts or conduct of Defendants, but, in whole or in part, by the acts or conduct of third parties beyond the control of Defendants.

264.    Trustee's claims are barred, in whole or in part, because to the extent that any of the Debtors made one or more of the transfers alleged in the Complaint, Defendants did not have reasonable cause to believe that the Debtor was insolvent.

265.    The Trustee's claims are barred because the Debtors did not violate any federal or state laws, statutes or regulations.

266.    The Trustee's claims are barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly commit, authorize, direct, induce or acquiesce in any of the acts or conduct alleged in the Amended Complaint.

267.    The Trustee's claims are barred because the Defendants caused the Debtors to implement a system of controls to prevent, detect and remedy improper or illegal conduct and the Debtors appropriately monitored those controls and did not ignore any supposed red flags of improper or illegal conduct.

268.    The Trustee's claims are barred because the Debtors did not suffer or incur any injury and did not suffer any cognizable damage.

269.    The Trustee's damages, if any, are speculative and thus are not recoverable.

270.    The Trustee's losses, if any, were caused by factors other than the conduct of Defendants, for which Defendants are not responsible, and/or acts of persons for whom Defendants are not responsible, and did not result from any acts or omissions of Defendants or from any conduct of Defendants at issue in this litigation.

271.    Any recovery to which the Trustee may be entitled from Defendants is limited to the percentage of responsibility of Defendants in proportion to the total fault of all covered persons.

272.    The Trustee's claims against Defendants are barred, in whole or in part, based on the Special Litigation Committee's binding investigation, findings, and decision not to pursue the claims asserted by the Trustee.

273.    The Trustee's claims against Defendants are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, judicial estoppel, and/or waiver and abandonment.

274.    Defendants incorporate by reference any defenses asserted by any other Defendant to the extent applicable to Defendants.

275.    Without admitting that the Trustee is entitled to any relief at all, the Defendants state that the Trustee's alleged remedies are limited to the extent the Trustee seeks

overlapping and duplicative recovery based on various claims against the Defendants for any single wrong.

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information on which to form a belief as to whether there may be additional as yet unstated, affirmative defense available. Defendants reserve their right to assert additional affirmative defenses as discovery progresses.

WHEREFORE, Defendants request that this Court dismiss Trustee's Complaint with prejudice, enter judgment in favor of Defendants, and for such other relief as this Court deems just and proper in law or in equity.

Respectfully submitted,

Dated: October 24, 2022          YOUNG CONAWAY STARGATT & TAYLOR, LLP

*s/ Sean M. Beach*
Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
E-mail:  sbeach@ycst.com
              kguerke@ycst.com

PORTER WRIGHT MORRIS & ARTHUR LLP
Thomas S. Jones (Pennsylvania ID #71636) (*pro hac vice*)
6 PPG Place
Third Floor
Pittsburgh, PA 15222
Telephone: (412) 235-4500
Email: tjones@porterwright.com

Syed Ahmadul Huda (Ohio 0098633) (*pro hac vice*)

41 South High Street, 29th Floor
Columbus, OH 43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: ahuda@porterwright.com


*Attorneys for Defendants John Devitt Kramer and Mark Novad*

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 24, 2022, a copy of the foregoing was filed on the Court's

ECF system, which will serve all registered counsel of record through the ECF system.


/s/  Sean M. Beach
*Attorney for Defendants John Devitt Kramer*
*and Mark Novad*

34