**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| THE ART INSTITUTE OF PHILADELPHIA LLC, et al.,[1], | Case No. 18-11535 (CTG) |
| Debtor. | Jointly Administered |
| GEORGE L. MILLER, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| TODD S. NELSON, JOHN R. MCKERNAN, SAMUEL C. COWLEY, EDWARD WEST MARK A. MCEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN, | Adversary Proceeding No. 20-50627 (CTG) |
| Defendants. | |

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS EDWARD WEST AND
MICK BEEKHUIZEN TO PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

Defendants Edward West ("West") and Mick Beekhuizen ("Beekhuizen") (collectively,

"Defendants"), through their undersigned counsel, answer the Trustee's Second Amended

Complaint ("Amended Complaint") filed by plaintiff George L. Miller, as Chapter 7 Trustee (the

"Trustee" or "Plaintiff") as follows. Defendants aver generally that the responses contained

herein are with respect to the allegations of the SAC directed to West and Beekhuizen only, as

they are not required to respond to allegations put forth against any other defendant. Except as

---

[1]  Due to the large number of debtors in the above-captioned jointly administered Chapter 7 cases (the "Chapter 7 Cases"), a complete list of such debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. Such information can be found at footnote 1 of the Second Amended Complaint.

specifically admitted, explained, or otherwise answered herein, Defendants deny each and every allegation set forth in the SAC, and respectfully state as follows:

1.      Defendants admit that the Trustee purports to bring the Amended Complaint on behalf of the jointly administered Chapter 7 bankruptcy estates of Debtors Education Management Corporation ("EDMC") and subsidiaries (collectively, "Company" or "EDMC Companies" or "Debtors").  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendants expressly deny that the Trustee is entitled to any of the relief sought.

2.      Defendants admit that EDMC was a national for-profit education company.  To the extent the allegations of this Paragraph refer to actions of third parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.  Any remaining allegations in Paragraph 2 are denied.

3.      The allegations of this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph to the extent they relate to Defendants.  To the extent the allegations in this Paragraph are directed at parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore they are denied.

4.      To the extent the allegations in Paragraph 4 are directed to parties other than Defendants, no response is required.  The remaining allegations of this Paragraph are legal conclusions to which no response is required.  By way of further response, Defendants expressly deny any wrongdoing.

5.      Defendants state that Paragraph 5 consists of legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants admit only that that this Court has jurisdiction over this action.

6.      In response to Paragraph 6, Defendants state that no response is required because the Trustee does not set forth an allegation against them.  To the extent a response is required to any averments made, they are denied.[2]

7.      The allegations of this Paragraph are legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit venue is appropriate in this District.

8.      Defendants admit that George L. Miller has been appointed as the Chapter 7 Trustee of Debtors.

9.      Admitted.

10.     To the extent the Trustee purports to characterize or reference a document attached to the Amended Complaint, the document speaks for itself and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

---

[2] By way of further response, under Local Rule 7012-1, Defendants West and Beekhuizen do not consent to entry of final orders or judgments by the Court.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

14.    As the Trustee acknowledges, all claims against John R. McKernan, Jr. ("McKernan") have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order, and therefore no response to Paragraph 14 is required.  To the extent the allegations of this Paragraph constitute legal conclusions and arguments, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

16.    Defendants admit that Defendant West was CEO of EDMC and the Delaware Holding Companies and a member of the EDMC Boards from July 2012 to August 2015, and CFO for EDMC and the Delaware Holding Companies from 2006-2012.  Defendants further admit that all times during his tenure with EDMC, West was a resident of Pennsylvania.  To the extent the allegations of this Paragraph constitute legal conclusions and arguments, no response is required. Any remaining allegations in this Paragraph are denied.

17.    To the extent this Paragraph contains legal conclusions and arguments, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

18.    To the extent this Paragraph contains legal conclusions and arguments, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

19.     To the extent this Paragraph contains legal conclusions and arguments, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

20.     To the extent this Paragraph contains legal conclusions and arguments, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

21.     To the extent this Paragraph contains legal conclusions and arguments, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

22.     Defendants admit that Defendant Beekhuizen served as a member of the EDMC Boards from October 2009 through April 2013 and as Executive Vice President and Chief Financial Officer of EDMC and the Delaware Holding Companies from April 2013 through March 2016.  Defendants deny that Beekhuizen is a resident of New York and state instead that he is currently a resident of Pennsylvania.  To the extent the allegations of this Paragraph constitute legal conclusions and arguments, no response is required.  Any remaining allegations in this Paragraph are denied.

23.     Admitted.

24.     Admitted only that EDMC held an initial public offering in November 1996. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

25.     Admitted only that EDMC purchased Argosy Education Group in 2001. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

26.     Admitted.

27.     Admitted that in June 2003, EDMC acquired American Education Centers ("AEC").  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

28.     Admitted.

29.     To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

30.     To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

32.     Defendants admit that EDMC was acquired in 2006.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

33.     The allegations in this Paragraph are directed at the conduct of parties other than Defendants and, therefore, no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

36.     The allegations in this Paragraph are directed to parties other than Defendants and, therefore, no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

37.     To the extent the Trustee purports to quote, paraphrase, or characterize an article, the document speaks for itself and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

38.     To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

39.     To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

41.     To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  To the extent the allegations in this Paragraph 41 are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

42.     To the extent the Trustee purports to quote, paraphrase, or characterize a public report by the U.S. Department of Education, the document speaks for itself and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

43.     To the extent the Trustee purports to quote, paraphrase, or characterize a public report by the U.S. Department of Education, the document speaks for itself and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

44.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent the remaining allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by

other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

45.     To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

46.     This Paragraph sets forth legal conclusions to which no response is required.  To the extent the remaining allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.  By way of further answer, Defendants state that all claims against McKernan have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order.

47.     To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

48.     To the extent the allegations in Paragraph 48 are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

49.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent the allegations in this Paragraph are intended to refer to actions by

Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

50.     To the extent the allegations of this Paragraph purport to quote, characterize or reference training materials, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

51.     To the extent the Trustee purports to quote, paraphrase, or characterize presentations or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

52.     To the extent the Trustee purports to quote, paraphrase, or characterize presentations or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants

lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

53.     To the extent the Trustee purports to quote, paraphrase, or characterize training materials or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

54.     To the extent the Trustee purports to quote, paraphrase, or characterize training materials or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

55.     To the extent the Trustee purports to quote, paraphrase, or characterize certifications or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

56.     To the extent the Trustee purports to quote, paraphrase, or characterize a U.S. Government Accountability Office ("GAO") report, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

57.     To the extent the Trustee purports to quote, paraphrase, or characterize a U.S. Senate hearing transcript, report, or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

58.     To the extent the Trustee purports to quote, paraphrase, or characterize a U.S. Senate report, Defendants state that the documents speaks for itself and, on that basis, deny each and every allegation in Paragraph 58 inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

59.     To the extent the Trustee purports to quote, paraphrase, or characterize a U.S. Senate report, Defendants state that the document speaks for itself and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the

allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

60.     To the extent the Trustee purports to quote, paraphrase, or characterize Government reports and hearing testimony, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph refer to actions by other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

61.     Defendants admit that a qui tam action, *United States ex rel. Washington v. Education Management Corp.*, was filed in April 2007 in the United States District Court for the Western District of Pennsylvania.  To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in that action, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Any remaining allegations are denied.

62.     Five of the states listed on the case caption and the District of Columbia joined the case based on qui tam actions filed under their respective False Claims Acts.

63.     To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in the *Washington* qui tam action, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

64.     To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in the *Washington* qui tam action, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

65.     Defendants admit that a qui tam action, *United States ex rel. Sobek v. Education Management Corp.*, was filed in January 2010 in the United States District Court for the Western District of Pennsylvania.  To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in that action, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Any remaining allegations are denied.

66.     To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in the *Sobek* qui tam action, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations and, on that basis, they are denied.

67.     To the extent the Trustee purports to quote, paraphrase, or characterize letters, subpoenas, and/or other documents, Defendants state that those documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations and, on that basis, they are denied.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

69. To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in the qui tam actions, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations are directed to other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

70. To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in the qui tam actions, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and on that basis, they are denied.

71. To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis, they are denied.

72. To the extent the Trustee purports to quote, characterize, or reference the complaint, proceedings, and/or settlement in the qui tam actions or other documents, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

73.     The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to other parties, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

75.     To the extent the Trustee purports to quote, paraphrase, or characterize Title IV of the HEA, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

76.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

77.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

78.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize Program Participation Agreements ("PPAs"), Defendants state that the documents speak for themselves

and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

79.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize Title IV or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in this Paragraph and, on that basis, they are denied.

80.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize Title IV or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of this Paragraph and, on that basis, they are denied.

81.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize Title IV or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in this Paragraph and, on that basis, they are denied.

82.     The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize Title IV or

other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in this Paragraph and, on that basis, they are denied.

83.    To the extent the Trustee purports to quote, paraphrase, or characterize PPAs or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in this Paragraph and, on that basis, they are denied. By way of further answer, Defendants state that all claims against McKernan have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order.

84.    The allegations of this Paragraph constitute legal conclusions to which no response is required. To the extent the Trustee purports to quote, paraphrase, or characterize PPAs or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

85.    The allegations of this Paragraph constitute legal conclusions to which no response is required. To the extent the Trustee purports to quote, paraphrase, or characterize PPAs or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

86.    The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize PPAs or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

87.    To the extent the Trustee purports to quote, paraphrase, or characterize PPAs or other certifications or documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and on that basis, they are denied.

88.    The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize certifications or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

89.    The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize certifications or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

90.     The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize PPAs, or other certifications or documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

91.     To the extent the Trustee purports to characterize or reference the complaints and proceedings in the qui tam actions, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied. Any remaining allegations in this Paragraph constitute legal conclusions to which no response is required.

92.     To the extent the Trustee purports to characterize or reference the complaints and proceedings in the qui tam action, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph and, on that basis, they are denied.

94.     The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to quote, paraphrase, or characterize the qui tam complaint, proceedings, or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and, on that basis, they are denied.

95.     The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to characterize or reference the complaints and proceedings in the qui tam actions and other documents, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

96.     The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to characterize or reference the complaints and proceedings in the qui tam actions, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

97.     The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to characterize or reference the complaints and proceedings in the qui tam actions, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

98.     To the extent the Trustee purports to characterize or reference the complaints, proceedings, and other documents in the qui tam actions, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

99.     To the extent the Trustee purports to selectively quote, characterize or the complaints and proceedings in the qui tam actions, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.  Any remaining allegations in this Paragraph constitute legal conclusions to which no response is required.

100.    To the extent the Trustee purports to selectively quote, characterize or reference the complaints and proceedings in the qui tam actions and/or other documents, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.   By way of further answer, Defendants state that all claims against McKernan have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order.

101.    To the extent the Trustee purports to selectively quote, characterize or reference documents from the qui tam actions, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

102.    To the extent the Trustee purports to characterize or reference documents from the qui tam actions, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

103.    To the extent the Trustee purports to selectively quote, characterize or reference the complaints and proceedings in the qui tam action and/or other documents, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

104.    To the extent the Trustee purports to selectively quote, characterize or reference the complaints and proceedings in the qui tam action and/or other documents, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

105.    The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to selectively quote, characterize or reference the complaints and proceedings in the qui tam action and/or other documents, those documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

106.    The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.  By way of further answer, Defendants state that all claims against McKernan have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order.

107.    The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to characterize or reference PPAs and other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

108.    The allegations of this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to characterize or reference PPAs or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are

denied.  By way of further answer, Defendants state that all claims against McKernan have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order.

109.    The allegations in this Paragraph contain legal conclusions to which no response is required.    To the extent the Trustee purports to characterize or reference the settlement or other documents from the qui tam actions, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

110.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.  By way of further answer, Defendants state that all claims against McKernan have been dismissed pursuant to the Court's January 12, 2022 Memorandum Opinion and Order.

111.    The allegations in this Paragraph contain legal conclusions to which no response is required.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

113.    The allegations in this Paragraph contain legal conclusions to which no response is required.    To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

114.    Admitted.

115.    Defendants admit that McEachen was named CEO of EDMC in September 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

116.    Defendants admit that McEachen served as CEO of EDMC.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this Paragraph and, on that basis, they are denied.

117.    To the extent the allegations of this Paragraph purport to paraphrase, characterize, or reference a document attached as Exhibit D to the Amended Complaint, the document speaks for itself and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and, on that basis, they are denied.

119.    The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent the Trustee purports to paraphrase, characterize, or reference a document attached as Exhibit E to the Amended Complaint or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph

inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

120.    To the extent the Trustee purports to paraphrase, characterize, or reference filings in the qui tam actions or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

121.    The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent the Trustee purports to paraphrase, characterize, or reference a document attached to the Amended Complaint as Exhibit F or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

122.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

123.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties

other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

124.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

125.    Admitted.

126.    To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

128.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

129.    To the extent Plaintiffs purport to characterize or reference an Asset Purchase Agreement with Dream Center Foundation or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph and, on that basis, they are denied.

130.    To the extent Plaintiffs purport to characterize or reference a Transaction Services Agreement or other documents, the documents speak for themselves and, on that basis, Defendants

deny each and every allegation in this Paragraph inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph and, on that basis, they are denied.

131. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent the Trustee purports to paraphrase, characterize, or reference Board of Directors' meeting minutes or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith. To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

132. The allegations in this Paragraph contain legal conclusions to which no response is required. To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

133. To the extent the Trustee purports to paraphrase, characterize, or reference U.S. Senate Reports, Board of Directors' Meeting Minutes, filings in the qui tam actions, or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith. To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied. To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and,

on that basis, they are denied.   Any remaining allegations in this Paragraph constitute legal conclusions to which no response is required.

134.    The allegations of this Paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants expressly deny that they violated any fiduciary duties.

135.    To the extent the allegations of this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations of this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this Paragraph and, on that basis, they are denied.

137.    To the extent the allegations of this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations of this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.  Any remaining allegations of this Paragraph constitute legal conclusions and argument to which no response is required.

138.    To the extent the Trustee purports to characterize or reference bankruptcy court filings or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.   To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

139.     To the extent the Trustee purports to characterize or reference documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

140.     To the extent the Trustee purports to characterize or reference documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

141.     To the extent the Trustee purports to characterize or reference a document attached as Exhibit I to the Amended Complaint or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

142.     To the extent the Trustee purports to characterize or reference a document attached as Exhibit J to the Amended Complaint or other documents, the documents speak for themselves and, on that basis, Defendants deny each and every allegation in this Paragraph inconsistent therewith.  To the extent the allegations in this Paragraph are intended to refer to actions by

Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

143.     To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

144.     The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph  are directed to Beekhuizen, Beekhuizen admits only that he received a payment in the amount of $262,000 pursuant to a Separation Agreement and Release dated February 29, 2016.  Any remaining allegations are denied.

145.     The allegations in this Paragraph contain legal conclusions to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and, on that basis, they are denied.

146.     The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this Paragraph are directed to Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

147.     The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties

other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

148.    The allegations in this Paragraph constitute legal conclusions to which no response is required.  To the extent the allegations in this Paragraph are intended to refer to actions by Defendants, they are denied.  To the extent the allegations in this Paragraph are directed to parties other than Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, they are denied.

149.    Defendants incorporate by reference their responses to Paragraphs 1 through 148 above.

150.    This Paragraph contains legal conclusions to which no response is required. Defendants further deny the allegations contained in this Paragraph with respect to Defendants to the extent the allegations address the period after such Defendant ceased to be a director or officer, as applicable, of any Debtor.  Any remaining allegations are denied.

151.    This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

152.    This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

153.    This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

154.    This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

155.    This Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

156.   This Paragraph contains of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

157.   This Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

158.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

159.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

160.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

161.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

162.    To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

163.    To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

164.    To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

165.    To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

166.     Defendants incorporate by reference their responses to Paragraphs 1 through 165 above.

167.     To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

168.     To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

169.     To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

170.     Defendants incorporate by reference their responses to Paragraphs 1 through 169 above.

171.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022, no response is required.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

172.    To the extent this claim was dismissed by the Court's Memorandum and Order dated January 12, 2022, no response is required.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

173.    To the extent this claim was dismissed by the Court's Memorandum and Order dated January 12, 2022, no response is required.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

174.    To the extent this claim was dismissed by the Court's Memorandum and Order dated January 12, 2022, no response is required.   To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Defendants deny the allegations in this Paragraph to the extent they are intended to refer to actions by them and are otherwise without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

175.    Defendants incorporate by reference their responses to Paragraphs 1 through 174 above.

176.    The allegations in this Paragraph relate to the Trustee's corporate waste claim, which was dismissed by the Court in its Memorandum Opinion and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

177.    The allegations in this Paragraph relate to the Trustee's corporate waste claim, which was dismissed by the Court in its Memorandum Opinion and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

178.    Defendants incorporate by reference their responses to Paragraphs 1 through 177 above.

179.    The allegations in this Paragraph relate to the Trustee's unjust enrichment claim, which was dismissed by the Court in its Memorandum Opinion and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

180.    The allegations in this Paragraph relate to the Trustee's unjust enrichment claim, which was dismissed by the Court in its Memorandum and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

181.    The allegations in this Paragraph relate to the Trustee's unjust enrichment claim, which was dismissed by the Court in its Memorandum and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

182.    Defendants incorporate by reference their responses to Paragraphs 1 through 181 above.

183.    The allegations in this Paragraph relate to the Trustee's fraud claim, which was dismissed by the Court in its Memorandum and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

184.    The allegations in this Paragraph relate to the Trustee's fraud claim, which was dismissed by the Court in its Memorandum and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

185.    The allegations in this Paragraph relate to the Trustee's fraud claim, which was dismissed by the Court in its Memorandum and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no

response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

186.    The allegations in this Paragraph relate to the Trustee's fraud claim, which was dismissed by the Court in its Memorandum and Order dated January 12, 2022 and, therefore, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

187.    Defendants incorporate their responses to Paragraphs 1 through 186 above.

188.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

189.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain

a legal conclusion, no response is required. The allegations in this Paragraph are not directed to West, therefore, no response from him is required. Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

190.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required. To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. The allegations in this Paragraph are not directed to West, therefore, no response from him is required. Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

191.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required. To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. The allegations in this Paragraph are not directed to West, therefore, no response from him is required. Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

192.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required. To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. The allegations in this Paragraph are not directed to West, therefore, no response from him is required. Beekhuizen denies the allegations in this

Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

193.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

194.    Defendants incorporate their responses to Paragraphs 1 through 193 above.

195.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

196.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

197.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

198.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

199.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

200.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

201.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

202.    To the extent this claim was dismissed pursuant to the Court's letter opinion dated August 24, 2022, no response is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  By way of further response, the allegations in this Paragraph are not directed to West or Beekhuizen, therefore, no response from them is required.

203.    Defendants incorporate by reference their responses to Paragraphs 1 through 202 above.

204.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  To the extent the Trustee purports to characterize or reference a document attached to the Amended Complaint, the document speaks for itself and, on that basis, Beekhuizen denies each and every allegation in this Paragraph inconsistent therewith.  Beekhuizen denies the remaining allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

205.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the remaining allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

206.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the allegations in this Paragraph to the

extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

207.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

208.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

209.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal

conclusion, no response is required. Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

210.   To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required. To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

211.   To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required. To the extent the allegations in this Paragraph contain a legal conclusion, no response is required. Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

212.   To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no

response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

213.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

214.    To the extent this claim was dismissed by the Court's Memorandum Opinion and Order dated January 12, 2022 and/or letter opinion dated August 24, 2022, no response is required. By way of further answer, the allegations in this Paragraph are not directed to West, therefore, no response from him is required.  To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

215.    Defendants incorporate by reference their responses to Paragraph 1 through 214 above.

216.     To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

217.     To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

218.     To the extent the allegations in this Paragraph contain a legal conclusion, no response is required.  The allegations in this Paragraph are not directed to West, therefore, no response from him is required.  Beekhuizen denies the allegations in this Paragraph to the extent they are intended to refer to actions by him and is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, which are therefore denied.

The remainder of the Amended Complaint contains the Trustee's prayer for relief and jury demand, to which no response is required.  To the extent a response is required, Defendants deny any allegations therein and further state that the Trustee is not entitled to the relief sought, nor any other relief, in this action.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to their responses above, Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery or further investigation in this action.

1.      The Trustee's claims are barred, in whole or in part, because the claims against Defendants in the Amended Complaint fail to state a claim upon which relief may be granted.

2.      The Trustee's claims are barred, in whole or in part, because the claims have been dismissed by Memorandum and Order of the Court dated January 12, 2022 and/or August 24, 2022.

3.      The Trustee's claims are barred, in whole or in part, by the statute of limitations and/or the doctrine of laches.

4.      The Trustee's claims are barred because the Debtors did not violate any federal or state laws, statutes, or regulations.

5.      Assuming the Debtors violated any federal or state laws, statutes, or regulations (which they did not), the Trustee's claims are barred by the doctrine of in pari delicto, unclean hands, and/or illegality.

6.      The Trustee's claims are barred, in whole or in part, because Defendants acted in good faith and did not directly or indirectly commit, authorize, direct, induce, or acquiesce in any alleged wrongful acts or conduct in the Amended Complaint.

7.      The Trustee's claims are barred because the Defendants caused the Debtors to implement a system of controls to prevent, detect, and remedy improper or illegal conduct and the Debtors appropriately monitored those controls and did not ignore any supposed red flags of improper or illegal conduct.

8.      The Trustee's claims are barred because the Debtors did not suffer or incur any injury and did not suffer any cognizable damage.

9.      The Trustee's damages, if any, are speculative and thus are not recoverable.

10.      The Trustee's losses, if any, were caused by factors other than the conduct of Defendants, for which Defendants are not responsible, and/or acts of persons for whom Defendants are not responsible, and did not result from any acts or omissions of Defendants or from any conduct of Defendants at issue in this litigation.

11.      The Trustee's claims are barred in whole or in part for lack of proximate causation between the alleged conduct of Defendants at issue in this litigation and the alleged harm, and by superseding and intervening causes.

12.      Any recovery to which the Trustee may be entitled from Defendants is limited to the percentage of responsibility of Defendants in proportion to the total fault of all covered persons.

13.      Under principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, the Trustee has sustained.

14.      The Trustee's claims against Defendants are barred, in whole or in part, based on the Special Litigation Committee's binding investigation, findings, and decision not to pursue the claims asserted by the Trustee.

15.     The Trustee's claims against Defendants are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, judicial estoppel, and/or waiver and abandonment.

16.     The Trustee's claims against Defendants must be dismissed to the extent that they have been released by the Debtors.

17.     The Trustee's claims are barred, in whole or in part, by the fact that the payment made to Defendant Beekhuizen was fully encumbered and Debtors had no cognizable interest in the funds transferred.

18.     The Trustee's claims are barred, in whole or in part, because the Debtor received reasonably equivalent value for the transfer.

19.     The Trustee's claims are barred, in whole or in part, by the statutory defense of contemporaneous exchange for new value.

20.     The Trustee's claims are barred, in whole or in part, by the statutory defense of a subsequent new value.

21.     The Trustee's claims are barred, in whole or in part, by the statutory defense of ordinary course of business.

22.     The Trustee's claims are barred, in whole or in part, because the amount received in the payment is less than the value given to the Debtors.

23.     The Trustee's claims are barred, in whole or in part, because Defendant Beekhuizen received the transfer in good faith.

24.     The Trustee's claims are barred, in whole or in part, by the statutory safe harbor of 11 U.S.C. § 546(e).

25.     The Trustee's claims are barred, in whole or in part, because the transfer did not occur within the statutory period of 11 U.S.C. § 548(a)(1).

26.    The Trustee's claims are barred, in whole or in part, to the extent the transfer was made for the satisfaction of an antecedent debt under a contractual obligation.

27.    The Trustee's claims are barred, in whole or in part, because the Debtors were mere conduits for the transfer.

28.    The Trustee's claims are barred, in whole or in part, because the transfer was not made with the actual intent to hinder, delay, or defraud a creditor.

29.    The Trustee's claims are barred, in whole or in part, because the payment was made and received in good faith and constituted an exchange for reasonably equivalent value.

30.    The Trustee's claims are barred, in whole or in part, because Defendants are entitled to a lien or right to retain the assets, enforcement of obligation incurred, and setoff.

31.    The Trustee's claims are barred, in whole or in part, by the business judgment rule.

32.    The Trustee's claims are barred, in whole or in part, by majority approval.

33.    The Trustee's claims are barred, in whole or in part, because Defendants owed no duties to any Debtor during portions of the relevant time period.

34.    The Trustee's claims are barred, in whole or in part, because Defendants breached no duties to Debtors, actual or implied.

35.    The Trustee's claims are barred, in whole or in part, to the extent Defendants lacked a fiduciary relationship with the Debtors.

36.    The Trustee's claims are barred, in whole or in part, because Defendants did not conspire with any of the other named defendants.

37.    The Trustee's claims are barred, in whole or in part, under the organizational documents of the relevant Debtors.

38.     The Trustee's claims are barred, in whole or in part, to the extent Defendant Beekhuizen was not an insider when the relevant debt was incurred.

39.     The Trustee's claims are barred because the Debtors did not violate any federal or state laws, statutes, or regulations.

40.     The Trustee's claims are barred, in whole or in part, by failure to exercise due diligence.

41.     The Trustee's claims are barred, in whole or in part, by preemption.

42.     The Trustee's claims are barred, in whole or in part, by the doctrine of standing.

43.     The Trustee's Complaint does not set forth any factual or legal basis to support an imposition of attorney fees, costs, and expenses.

44.     The Trustee's Complaint does not set forth any factual or legal basis to support an imposition of punitive damages.

45.     The Trustee's Complaint does not set forth any factual or legal basis to support joint and several damages.

46.     The Trustee's claims are barred, in whole or in part, by ratification.

47.     The Trustee's claims are barred, in whole or in part, because the real party in interest consented to and approved the acts and omissions about which the Trustee now complains.

48.     Defendants incorporate by reference any defenses asserted by any other Defendant to the extent applicable to Defendants.

49.     Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1.    That judgment be entered in favor of Defendants;

2.    The Trustee take nothing from Defendants by this Amended Complaint, and that the same be dismissed with prejudice; and

3.    For such other relief as the Court deems just and proper.

Dated: October 24, 2022                    Respectfully submitted,


                                     */s/ Marcos A. Ramos*
                                     RICHARDS, LAYTON & FINGER, P.A.
                                     Marcos A. Ramos (No. 4450)
                                     J. Zachary Noble (No. 6689)
                                     One Rodney Square
                                     920 North King Street
                                     Wilmington, Delaware 19801
                                     Telephone: (302) 651 7700
                                     Facsimile: (302) 651-7701
                                     ramos@rlf.com
                                     noble@rlf.com

                                     Michael L. Kichline, *pro hac vice*
                                     Robert H. O'Leary, *pro hac vice*
                                     1701 Market Street
                                     Philadelphia, PA 19103-2921
                                     Telephone: (215) 963-5000
                                     Facsimile: (215) 963-5001
                                     michael.kichline@morganlewis.com
                                     bob.oleary@morganlewis.com

                                     *Counsel for Defendants Edward West and Mick Beekhuizen*