IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC, *et al.*,[1]<br>Debtors. | Chapter 7<br>Case No. 18-11535 (CTG)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>TODD S. NELSON, JOHN R. McKERNAN, SAMUEL C. COWLEY, EDWARD WEST, MARK A. McEACHEN, FRANK JALUFKA, J. DEVITT KRAMER, MARK NOVAD, JOHN DANIELSON, AND MICK BEEKHUIZEN,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>Adversary Proceeding No. 20-50627 (CTG) |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS MARK McEACHEN, FRANK JALUFKA, AND JOHN DANIELSON
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
Email:  sbeach@ycst.com
kguerke@ycst.com

SIDLEY AUSTIN LLP

Chad S. Hummel (*admitted pro hac vice*)
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Facsimile: 310-595-9501
Email: chummel@sidley.com

Sam Newman (*admitted pro hac vice*)
Stacy Horth-Neubert (*admitted pro hac vice*)
Genevieve Weiner (*admitted pro hac vice*)

---

[1] Due to the large number of debtors in the above-captioned jointly-administered chapter 7 cases (the "Chapter 7 Cases"), a complete list of such debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. Such information can be found at footnote 1 of the SAC (as defined below).

Anna Gumport (*admitted pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600
Email:   sam.newman@sidley.com
           shorthneubert@sidley.com
           gweiner@sidley.com
           agumport@sidley.com


*Counsel for Defendants Mark A. McEachen,
Frank Jalufka, and John Danielson*

Defendants John Danielson, Frank Jalufka, and Mark McEachen (collectively, "Later Defendants"), through their undersigned counsel, respond as follows to the allegations of the Second Amended Complaint [Adv. D.I. 132][2] (the "SAC") filed by plaintiff George L. Miller, as chapter 7 trustee (the "Trustee" or "Plaintiff") for the estates of the above-captioned debtors ("Debtors), and aver generally that the responses contained herein are with respect to the allegations of the SAC directed to Mark McEachen, Frank Jalufka, and John Danielson only, as they are not required to respond to allegations put forth against any other defendant. Except as specifically admitted, explained, or otherwise answered herein, the Later Defendants deny each and every allegation set forth in the SAC, and respectfully state as follows:

**ANSWER**[3]

1.      Later Defendants deny the allegations contained in paragraph 1 of the SAC to the extent that they relate to Later Defendants, except admit that the SAC has been filed and proceedings have been instituted against the above-named Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the SAC.

2.      Later Defendants deny the allegations contained in paragraph 2 of the SAC to the extent that they relate to Later Defendants, except admit that Debtors operated as a for-profit provider of secondary education. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the SAC.

3.      Later Defendants aver that, because the allegations contained in paragraph 3 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent

---

[2] All docket references herein refer to the above-captioned adversary docket, No. 20-50627 (CTG).
[3] Capitalized terms not defined herein bear the meaning assigned to them in the SAC.

a response is required, Later Defendants deny the allegations contained in paragraph 3 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the SAC.

4.      Later Defendants aver that, because the allegations contained in paragraph 4 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent a response is required, Later Defendants deny the allegations contained in paragraph 4 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the SAC.

5.      Later Defendants aver that, because the allegations contained in paragraph 5 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants admit only that this Court has jurisdiction over this action.

6.      Later Defendants aver that, because the allegations contained in paragraph 6 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent a response is required, Later Defendants admit the Trustee demands a jury trial, and further state that the Trustee is not entitled to the relief sought, nor any other relief, in this action.[4]

7.      Later Defendants aver that, because the allegations contained in paragraph 7 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants admit venue is appropriate in this District.

8.      Later Defendants admit that Plaintiff George L. Miller is the appointed Chapter 7 Trustee of the Debtors.

---

[4] In further response, pursuant to Delaware Local Rule 7012-1, Later Defendants do not consent to the entry of final orders or judgments by the Court.

9.      Later Defendants admit the allegation in paragraph 9 of the SAC.

10.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the SAC and, on that basis, deny these allegations.

11.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the SAC, as they pertain to a period before Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

12.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the SAC and, on that basis, deny these allegations.

13.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the SAC and, on that basis, deny these allegations.

14.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the SAC and, on that basis, deny these allegations.

15.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the SAC and, on that basis, deny these allegations.

16.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the SAC and, on that basis, deny these allegations.

17.     Later Defendants admit only that Mr. McEachen is an individual residing in California, that he was CEO of EDMC and one or more of the Delaware Holding Companies from September 2015 until December 2017, and that Mr. McEachen also served as Chairman of the boards of EDMC and of one or more of the Delaware Holding Companies from April 2015 through August 2015. Later Defendants aver that, because the allegations contained in the second sentence of paragraph 17 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny all other allegations contained in paragraph 17 of the SAC.

18.     Later Defendants admit only that Mr. Jalufka is an individual residing in Texas, that he was CEO of EDMC and President of each Debtor from January 2018 until the Petition Date, that he signed each of the Petitions, and that he was Chief Financial Officer of EDMC and one or more of the Delaware Holding Companies from January 2016 through December 2017. Later Defendants aver that, because the allegations contained in third sentence of paragraph 18 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny all other allegations contained in paragraph 18 of the SAC.

19.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the SAC and, on that basis, deny these allegations.

20.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the SAC and, on that basis, deny these allegations.

21.     Later Defendants admit only that Mr. Danielson is an individual residing in Washington, DC, and that he was a member of the boards of EDMC and of one or more of the Delaware Holding Companies from April 2015 through December 2017. Later Defendants aver that, because the allegations contained in the third sentence of paragraph 21 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny all other allegations contained in paragraph 21 of the SAC.

22.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the SAC and, on that basis, deny these allegations.

23.     Later Defendants admit the allegations in paragraph 23 of the SAC.

24.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the SAC and, on that basis, deny these allegations.

25.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the SAC and, on that basis, deny these allegations.

26.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the SAC and, on that basis, deny these allegations.

27.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the SAC and, on that basis, deny these allegations.

28.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the SAC and, on that basis, deny these allegations.

29.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the SAC and, on that basis, deny these allegations.

30.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the SAC and, on that basis, deny these allegations.

31.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the SAC and, on that basis, deny these allegations.

32.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the SAC and, on that basis, deny these allegations.

33.     Later Defendants deny the allegations contained in paragraph 33 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the SAC, as they pre-date Later Defendants' involvement with the Debtors.

34.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

35.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

36.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

37.     To the extent the Trustee purports to characterize, reference or quote an article, the article speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

38.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

39.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

40.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

41.    Later Defendants deny the allegations contained in paragraph 41 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the SAC, as they pre-date Later Defendants' involvement with the Debtors.

42.    To the extent the Trustee purports to characterize, reference or quote the Program Review Report, the report speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

43.    To the extent the Trustee purports to characterize, reference or quote the University of Phoenix report referenced in paragraph 43 of the SAC, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

44.    Later Defendants deny the allegations contained in paragraph 44 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the SAC.

45.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

46.    Later Defendants aver that, because the allegations contained in paragraph 46 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

47.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

48.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

49.    Later Defendants deny the allegations contained in paragraph 49 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the SAC.

50.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations. To the

extent that the allegations of this paragraph purport to quote, characterize or reference training materials, those documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in Paragraph 50 inconsistent therewith.

51.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 51 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the SAC.

52.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 52 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the SAC.

53.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 53 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the SAC.

54.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every

allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 54 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the SAC.

55.     Later Defendants aver that, because the allegations contained in paragraph 55 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 55 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the SAC.

56.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the SAC and, on that basis, deny these allegations.

57.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the SAC and, on that basis, deny these allegations.

58.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the SAC and, on that basis, deny these allegations.

59.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 59 of the SAC to the extent that they relate to Later Defendants.

With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the SAC.

60.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 60 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the SAC.

61.     Later Defendants admit the allegation contained in paragraph 61 of the SAC that a qui tam action, *United States ex rel. Washington v. Education Management Corp.*, was filed in April 2007 in the United States District Court for the Western District of Pennsylvania. To the extent the Trustee purports to quote, paraphrase, or characterize the complaint and proceedings in that action, Later Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in Paragraph 61 inconsistent therewith. Later Defendants further deny all allegations made in the unsealed complaint at Exhibit B, which pre-date Later Defendants' involvement with the Debtors, to the extent that they relate to Later Defendants.

62.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the SAC and, on that basis, deny these allegations.

63.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 63 of the SAC to the extent that they relate to Later Defendants.

With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the SAC.

64.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 64 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the SAC.

65.    Later Defendants admit the allegation contained in paragraph 65 of the SAC that the complaint was unsealed but Later Defendants deny all allegations made in the unsealed complaint at Exhibit C, which pre-date Later Defendants' involvement with the Debtors, to the extent that they relate to Later Defendants.

66.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 66 of the SAC and, on that basis, deny these allegations.

67.    To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the SAC and, on that basis, deny these allegations.

68.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the SAC and, on that basis, deny these allegations.

69.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 69 of the SAC and, on that basis, deny these allegations.

70.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 70 of the SAC and, on that basis, deny these allegations.

71.     Later Defendants deny the allegations contained in paragraph 71 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the SAC.

72.     To the extent the Trustee purports to characterize, reference or quote a document, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 72 of the SAC and, on that basis, deny these allegations.

73.    Later Defendants deny the allegations contained in paragraph 73 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the SAC.

74.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the SAC and, on that basis, deny these allegations.

75.    To the extent the Trustee purports to quote, paraphrase, or characterize Title IV of the HEA, Later Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in Paragraph 75 inconsistent therewith.  Later Defendants also aver that, because the allegations contained in paragraph 75 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the SAC and, on that basis, deny these allegations.

76.    Later Defendants aver that, because the allegations contained in paragraph 76 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the SAC and, on that basis, deny these allegations.

77.    Later Defendants aver that, because the allegations contained in paragraph 77 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in paragraph 77 of the SAC and, on that basis, deny these allegations.

78.     Later Defendants aver that, because the allegations contained in paragraph 78 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the SAC and, on that basis, deny these allegations. To the extent the Trustee purports to quote, paraphrase, or characterize PPAs, Later Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in Paragraph 78 inconsistent therewith.

79.     To the extent the Trustee purports to characterize, reference or quote Title IV of the HEA, the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith.

80.     To the extent the Trustee purports to characterize, reference or quote 34 C.P.R. § 668.14(b)(22)(ii)(A), the document speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith.

81.     Later Defendants aver that, because the allegations contained in paragraph 81 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the SAC and, on that basis, deny these allegations. To the extent the Trustee purports to quote, paraphrase, or characterize written documents, Later Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in Paragraph 81 inconsistent therewith.

82.     Later Defendants aver that, because the allegations contained in paragraph 82 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the SAC and, on that basis, deny these allegations.

83.     Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the SAC and, on that basis, deny these allegations.

84.     Later Defendants deny the allegations contained the first sentence of paragraph 84 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 84 of the SAC. Later Defendants aver that, because the allegations contained in the second sentence of paragraph 84 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 84 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the SAC.

85.     To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the SAC and, on that basis, deny these allegations.

86.    To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the SAC and, on that basis, deny these allegations.

87.    To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise admit the allegations contained in paragraph 87 of the SAC.

88.    To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise admit the allegations contained in paragraph 88 of the SAC.

89.    Later Defendants aver that, because the allegations contained in paragraph 89 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent the Trustee purports to quote, paraphrase, or characterize audit or other documents, Defendants state that the documents speak for themselves and, on that basis, deny each and every allegation in Paragraph 89 inconsistent therewith.  Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 89 of the SAC, and on that basis, they are denied.

90.    Later Defendants aver that, because the allegations contained in paragraph 90 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 90 of the SAC

to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the SAC.

91.    Later Defendants deny the allegations contained in paragraph 91 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the SAC.

92.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

93.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

94.    Later Defendants deny the allegations contained in paragraph 94 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the SAC.

95.    To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 95 of the SAC and, on that basis, deny these allegations. Later Defendants aver that, because the allegations contained in the second and third sentences of

paragraph 95 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in the second and third sentences of paragraph 95 of the SAC, which pre-date Later Defendants' involvement with the Debtors, to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second and third sentences of paragraph 95 of the SAC.

96.    To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in the first sentence of paragraph 96 of the SAC, which pre-date Later Defendants' involvement with the Debtors, to the extent that they relate to Later Defendants, except admit that the SAC purports to quote several qui tam Actions. Later Defendants aver that, because the allegations contained in the second and third sentences of paragraph 96 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in the second and third sentences of paragraph 96 of the SAC, which pre-date Later Defendants' involvement with the Debtors, to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the SAC.

97.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions, those documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent

therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the SAC and, on that basis, deny these allegations.

98.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions, those documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the SAC and, on that basis, deny these allegations.

99.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions, those documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants deny the allegations contained in paragraph 99 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the SAC.

100.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions and/or other documents, those documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations.

101.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions, those documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants deny the allegations contained in paragraph 101 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the SAC.

102.    To the extent the Trustee purports to characterize, reference or quote documents from the Qui tam Actions, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants deny the allegations contained in paragraph 102 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the SAC.

103.    To the extent the Trustee purports to characterize, reference or quote documents from the Qui tam Actions, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in paragraph 103 inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 103 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the SAC.

104.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions and/or other documents, the documents speak

for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 104 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the SAC.

105.    To the extent the Trustee purports to characterize, reference or quote the complaints and proceedings in the Qui tam Actions and/or other documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise aver that, because the allegations contained in paragraph 105 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 105 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the SAC.

106.    Later Defendants deny the allegations contained in paragraph 106 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the SAC.

107.    Later Defendants deny the allegations contained in paragraph 107 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the SAC.

108.    Later Defendants deny the allegations contained in paragraph 108 of the SAC to the extent that they relate to Later Defendants. Later Defendants aver that, because the allegations contained in last sentence of paragraph 108 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 108 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the SAC.

109.    Later Defendants deny the allegations contained in paragraph 109 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the SAC.

110.    Later Defendants deny the allegations contained in paragraph 110 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the SAC.

111.    Later Defendants deny the allegations contained in paragraph 111 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the SAC.

112.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the SAC and, on that basis, deny these allegations.

113.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the SAC and, on that basis, deny these allegations.

114.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the SAC and, on that basis, deny these allegations.

115.    Later Defendants admit that Mr. McEachen was named CEO of EDMC in September 2015. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115 of the SAC and, on that basis, deny these allegations.

116.    Later Defendants admit only that Mr. McEachen was CEO of EDMC during a portion of the time period of the Company's prepetition wind-down. Later Defendants otherwise deny the allegations contained in paragraph 116 of the SAC.

117.    To the extent the Trustee purports to characterize, reference or quote Exhibit D, the exhibit speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the SAC and, on that basis, deny these allegations.

118.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the SAC and, on that basis, deny these allegations.

119.    To the extent the Trustee purports to characterize, reference or quote Exhibit E, the exhibit speaks for itself, and, on that basis, Later Defendants deny each and every allegation

in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the SAC and, on that basis, deny these allegations.

120.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the SAC and, on that basis, deny these allegations.

121.    To the extent the Trustee purports to characterize, reference or quote Exhibit F, the exhibit speaks for itself, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise deny the allegations contained in paragraph 121 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the SAC.

122.    Later Defendants deny the allegations contained in paragraph 122 of the SAC.

123.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the SAC and, on that basis, deny these allegations.

124.    Later Defendants deny the allegations contained in paragraph 124 of the SAC.

125.    Later Defendants admit the allegations contained in paragraph 125 of the SAC.

126.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence in paragraph 126 of the

SAC and, on that basis, deny the allegations in this sentence. Later Defendants admit the allegations contained in the second sentence of paragraph 126 of the SAC.

127.   Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the SAC and, on that basis, deny these allegations.

128.   Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the SAC and, on that basis, deny these allegations.

129.   To the extent the Trustee purports to characterize, reference or quote documents, the documents speak for themselves, and, on that basis, Later Defendants deny each and every allegation in this paragraph inconsistent therewith. Later Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the SAC and, on that basis, deny these allegations.

130.   Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the SAC and, on that basis, deny these allegations.

131.   Later Defendants aver that, because the allegations contained in paragraph 131 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 131 of the SAC.

132.   Later Defendants aver that, because the allegations contained in paragraph 132 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the

extent an answer is required, Later Defendants deny the allegations contained in paragraph 132 of the SAC.

133.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133(a)-(j) of the SAC, as they pre-date Later Defendants' involvement with the Debtors, and, on that basis, deny these allegations. Later Defendants deny the allegations contained in the remainder of paragraph 133 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the SAC.

134.    Later Defendants aver that, because the allegations contained in paragraph 134 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 134 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the SAC.

135.    Later Defendants deny the allegations contained in paragraph 135 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the SAC.

136.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the SAC and, on that basis, deny these allegations.

137.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the SAC and, on that basis, deny these allegations.

138.    Later Defendants aver that, to the extent paragraph 138 constitutes a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants refer to the indicated documents for a full, complete, and accurate statement of their contents and meaning and deny each and every allegation in this paragraph inconsistent therewith.

139.    Later Defendants deny the allegations contained in paragraph 139 of the SAC.

140.    Later Defendants deny the allegations contained in paragraph 140 of the SAC.

141.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 of the SAC and, on that basis, deny these allegations.

142.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the SAC and, on that basis, deny these allegations.

143.    Later Defendants deny the allegations contained in paragraph 143 of the SAC.

144.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the SAC and, on that basis, deny these allegations.

145.     Later Defendants aver that, to the extent paragraph 145 constitutes a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the SAC and, on that basis, deny these allegations.

146.     Later Defendants aver that, to the extent paragraph 146 constitutes a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 146 of the SAC.

147.     Later Defendants aver that, to the extent paragraph 147 constitutes a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 147 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the SAC.

148.     Later Defendants aver that, to the extent paragraph 148 constitutes a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 148 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the SAC.

149.     The responses and objections set forth in paragraphs 1 through 148 above are incorporated herein by reference, as if restated in their entirety.

150.     Later Defendants aver that, because the allegations contained in paragraph 150 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the

extent an answer is required, Later Defendants deny the allegations contained in paragraph 150 of the SAC to the extent they relate to Later Defendants.  With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the SAC. Later Defendants also deny the allegations contained in paragraph 150 of the SAC with respect to Mr. McEachen and Mr. Danielson to the extent that they address the period before Mr. McEachen and Mr. Danielson became directors in April 2015. Later Defendants further deny the allegations contained in paragraph 150 of the SAC with respect to Mr. Jalufka to the extent that they address the period before Mr. Jalufka joined as CFO in January 2016. Later Defendants further deny the allegations contained in paragraph 150 of the SAC with respect to each Later Defendant to the extent they address the period after such Later Defendant ceased to be a director or officer, as applicable, of any Debtor. Later Defendants further deny the allegations contained in paragraph 150 of the SAC with respect to any Debtor for which Later Defendants did not serve as a director or officer.

151.    Later Defendants aver that, because the allegations contained in paragraph 151 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 151 of the SAC.

152.    Later Defendants aver that, because the allegations contained in paragraph 152 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 152 of the SAC.

153.    Later Defendants aver that, because the allegations contained in paragraph 153 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the

extent an answer is required, Later Defendants deny the allegations contained in paragraph 153 of the SAC.

154.    Later Defendants aver that, because the allegations contained in paragraph 154 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 154 of the SAC.

155.    Later Defendants aver that, because the allegations contained in paragraph 155 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 155 of the SAC.

156.    Later Defendants aver that, because the allegations contained in paragraph 156 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 156 of the SAC.

157.    Later Defendants aver that, because the allegations contained in paragraph 157 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 157 of the SAC.

158.    Later Defendants aver that, because the allegations contained in paragraph 158 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny allegations contained in paragraph 158 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the SAC.

159.    Later Defendants aver that, because the allegations contained in paragraph 159 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny allegations contained in paragraph 159 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the SAC.

160.    Later Defendants aver that, because the allegations contained in paragraph 160 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny allegations contained in paragraph 160 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 160 of the SAC.

161.    Later Defendants aver that, because the allegations contained in paragraph 161 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 161 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the SAC.

162.    Later Defendants aver that, because the allegations contained in paragraph 161 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 162 of

the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the SAC.

163.    Later Defendants aver that, because the allegations contained in paragraph 163 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 163 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the SAC.

164.    Later Defendants aver that, because the allegations contained in paragraph 164 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 164 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the SAC.

165.    Later Defendants aver that, because the allegations contained in paragraph 165 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 165 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 165 of the SAC.

166.    The responses and objections set forth in paragraphs 1 through 165 above are incorporated herein by reference, as if restated in their entirety.

167.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 4 of the SAC. Further, Later Defendants aver that, because the allegations contained in paragraph 167 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 167 of the SAC.

168.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 4 of the SAC. Further, Later Defendants aver that, because the allegations contained in paragraph 168 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 168 of the SAC.

169.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 4 of the SAC. Further, Later Defendants aver that, because the allegations contained in paragraph 169 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 169 of the SAC.

170.    The responses and objections set forth in paragraphs 1 through 169 above are incorporated herein by reference, as if restated in their entirety.

171.    Later Defendants aver that, because the allegations contained in paragraph 171 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, to the extent the allegations in paragraph 171 of the SAC purport to address the portion of the civil conspiracy claims dismissed by the Court as acknowledged by Plaintiff in footnote 5 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 171 of the SAC to the

extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the SAC.

172.    Later Defendants aver that, because the allegations contained in paragraph 172 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, to the extent the allegations in paragraph 172 of the SAC purport to address the portion of the civil conspiracy claims dismissed by the Court as acknowledged by Plaintiff in footnote 5 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 172 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the SAC.

173.    Later Defendants aver that, because the allegations contained in paragraph 173 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, to the extent the allegations in paragraph 173 of the SAC purport to address the portion of the civil conspiracy claims dismissed by the Court as acknowledged by Plaintiff in footnote 5 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 173 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the SAC.

174.    Later Defendants aver that, because the allegations contained in paragraph 174 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further,

Later Defendants aver that, to the extent the allegations in paragraph 174 of the SAC purport to address the portion of the civil conspiracy claims dismissed by the Court as acknowledged by Plaintiff in footnote 5 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 174 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the SAC.

175.    The responses and objections set forth in paragraphs 1 through 174 above are incorporated herein by reference, as if restated in their entirety.

176.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 6 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 176 of the SAC.

177.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 6 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 177 of the SAC.

178.    The responses and objections set forth in paragraphs 1 through 177 above are incorporated herein by reference, as if restated in their entirety.

179.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 7 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 179 of the SAC.

180.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 7 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 180 of the SAC.

181.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 7 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 181 of the SAC.

182.    The responses and objections set forth in paragraphs 1 through 181 above are incorporated herein by reference, as if restated in their entirety.

183.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 8 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 183 of the SAC.

184.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 8 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 184 of the SAC.

185.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 8 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 185 of the SAC.

186.    No responsive pleading is required because this claim has been dismissed in its entirety as acknowledged by Plaintiff in footnote 8 of the SAC. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 186 of the SAC.

187.    The responses and objections set forth in paragraphs 1 through 186 above are incorporated herein by reference, as if restated in their entirety.

188.    Later Defendants aver that, because the allegations contained in paragraph 188 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 548(a)(1)(B) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive

pleading is required. To the extent an answer is required, Later Defendants otherwise deny the allegations contained in paragraph 188 of the SAC.

189.    Later Defendants aver that, with respect to the portion of the § 548(a)(1)(B) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 189 of the SAC.

190.    Later Defendants aver that, because the allegations contained in paragraph 190 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 548(a)(1)(B) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 190 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 190 of the SAC.

191.    Later Defendants aver that, because the allegations contained in paragraph 191 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 548(a)(1)(B) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 191 of the SAC.

192.    Later Defendants aver that, because the allegations contained in paragraph 192 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 548(a)(1)(B) claims dismissed with

prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 192 of the SAC.

193.    Later Defendants aver that, because the allegations contained in paragraph 193 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 548(a)(1)(B) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 193 of the SAC.

194.    The responses and objections set forth in paragraphs 1 through 193 above are incorporated herein by reference, as if restated in their entirety.

195.    Later Defendants aver that, because the allegations contained in paragraph 195 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 195 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the SAC.

196.    Later Defendants aver that, because the allegations contained in paragraph 196 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive

pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 196 of the SAC.

197.    Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required.  To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 197 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 197 of the SAC.

198.    Later Defendants aver that, because the allegations contained in paragraph 198 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the vague allegations contained in paragraph 198 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 198 of the SAC.

199.    Later Defendants aver that, because the allegations contained in paragraph 199 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations

contained in paragraph 199 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 199 of the SAC.

200.    Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 200 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 200 of the SAC.

201.    Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the Trustee and his professionals have conducted reasonable due diligence into potential affirmative defenses, and, on that basis, deny these allegations. Later Defendants further deny the alleged conclusions contained in paragraph 201 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the SAC.

202.    Later Defendants aver that, because the allegations contained in paragraph 202 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 547(b) claims dismissed with

prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 202 of the SAC.

203.    The responses and objections set forth in paragraphs 1 through 202 above are incorporated herein by reference, as if restated in their entirety.

204.    Later Defendants aver that, because the allegations contained in paragraph 204 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC or the actual fraudulent transfer claims dismissed by the Court as acknowledged by Plaintiff in footnote 10 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the characterization of the payments to them as "Excessive," and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 204 of the SAC and, on that basis, deny these allegations.

205.    Later Defendants aver that, because the allegations contained in paragraph 205 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, with respect to the portion of the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the SAC and, on that basis, deny these allegations.

206.    Later Defendants aver that, to the extent the allegations in paragraph 206 purport to state a legal conclusion and/or relate solely to the § 1305(b) claims dismissed with

prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC or the actual fraudulent transfer claims dismissed by the Court as acknowledged by Plaintiff in footnote 10 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 206 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 206 of the SAC.

207.   Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required.  To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 207 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 207 of the SAC.

208.   Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required.  To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 208 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the SAC.

209.   Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in

footnote 9 to the SAC, no responsive pleading is required.  To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 209 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 209 of the SAC.

210.    Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required.  To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 210 of the SAC to the extent that they relate to Later Defendants. With respect to all other Defendants, Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 210 of the SAC.

211.    Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required.  Further, Later Defendants aver that, because the allegations contained in paragraph 211 of the SAC purport to state a legal conclusion, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 211 of the SAC.

212.    Later Defendants aver that, because the allegations contained in paragraph 212 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no

responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 212 of the SAC.

213.    Later Defendants aver that, because the allegations contained in paragraph 213 of the SAC purport to state a legal conclusion, no responsive pleading is required. Further, Later Defendants aver that, to the extent the allegations purport to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 213 of the SAC.

214.    Later Defendants aver that, because the allegations contained in paragraph 214 of the SAC purport to state a legal conclusion, or to address the § 1305(b) claims dismissed with prejudice by the Court as acknowledged by Plaintiff in footnote 9 to the SAC or the actual fraudulent transfer claims dismissed by the Court as acknowledged by Plaintiff in footnote 10 to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 214 of the SAC.

215.    The responses and objections set forth in paragraphs 1 through 214 above are incorporated herein by reference, as if restated in their entirety.

216.    Later Defendants aver that, because the allegations contained in paragraph 216 of the SAC purport to state a legal conclusion or to address the portion of the § 550 claims based on avoidance action claims previously dismissed by the Court and not revived as acknowledged by Plaintiff in various footnotes to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 216 of the SAC.

217.    Later Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the SAC and, on that basis, deny these allegations.

218.    Later Defendants aver that, because the allegations contained in paragraph 218 of the SAC purport to state a legal conclusion or to address the portion of the § 550 claims based on avoidance action claims previously dismissed by the Court and not revived as acknowledged by Plaintiff in various footnotes to the SAC, no responsive pleading is required. To the extent an answer is required, Later Defendants deny the allegations contained in paragraph 218 of the SAC.

## GENERAL DENIAL

To the extent the Later Defendants have not admitted, explained, or otherwise answered any allegation within the SAC, the Later Defendants deny any and all such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's SAC, the Later Defendants assert the following defenses without assuming any burden that they would not otherwise have, including without admitting or acknowledging that they bear the burden of proof as to any of the defenses denominated herein. Moreover, to the extent that any of the defenses denominated herein may relate to previously dismissed claims, their inclusion is not intended to and shall not revive or otherwise restore any previously dismissed claims.  The Later Defendants reserve the right to amend their Answer with additional defenses as further information is obtained through discovery.

## FIRST DEFENSE

Plaintiff fails to state a cause of action against Later Defendants upon which relief can be granted.

## SECOND DEFENSE

The applicable statute of limitations bars, in whole or in part, the claims for relief and damages asserted in the SAC.

## THIRD DEFENSE

The claims for relief and damages asserted in the SAC are barred in whole or in part by reason of Plaintiff's laches in pursuing such claims or damages.

## FOURTH DEFENSE

The SAC fails to plead with sufficient particularity the facts necessary to support each element of the claims stated therein.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because its claimed damages, if any, were not legally or proximately caused by any acts or omissions of Later Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the real party in interest consented to and approved the acts and omissions about which Plaintiff now complains.

## SEVENTH DEFENSE

By real party in interest's conduct, representations and omissions, Plaintiff is equitably estopped to assert, any claim for relief against Later Defendants respecting the matters which are the subject of the SAC.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Later Defendants owed no duties to any Debtors during all or portions of the relevant time period.

## NINTH DEFENSE

Plaintiff's claims against Later Defendants are barred because Later Defendants breached no duties to Debtors, either actual or implied.

## TENTH DEFENSE

Plaintiff's claims against Later Defendants are barred because Later Defendants did not conspire with any Defendants.

## ELEVENTH DEFENSE

Plaintiff's claims that have been fully dismissed (Claims II, IV, V, and VI) and partially dismissed (Claims I, III, and IX) and that Trustee is not seeking to revive through amendments are barred, as are any claims under Claim X to the extent based on claims previously dismissed and not revived through amendments.

## TWELFTH DEFENSE

Plaintiff's claims against Later Defendants are barred by the business judgment rule.

## THIRTEENTH DEFENSE

Plaintiff's claims against Later Defendants are barred, in whole or in part, under the organizational documents of the relevant Debtors.

## FOURTEENTH DEFENSE

On information and belief, to the extent that the Debtors made one or more of the transfers alleged in the SAC, such transfers were (i) intended by the Debtors and the Later Defendants, to or for whose benefit such transfers were allegedly made, to be contemporaneous exchanges for new value given to the Debtors, and (ii) in fact substantially contemporaneous exchanges.

## FIFTEENTH DEFENSE

On information and belief, to the extent that the Debtors made one or more of the transfers alleged in the SAC, such transfers were (i) in payment of debts incurred by the Debtors in the

ordinary course of business or financial affairs of the Debtors and Later Defendants, (ii) made in the ordinary course of business or financial affairs of the Debtors and Later Defendants, and (iii) made according to ordinary business terms.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statutory defense of a subsequent new value under state and federal law.

## SEVENTEENTH DEFENSE

To the extent that the Debtors made one or more of the transfers alleged in the SAC, such transfers may not be avoided to the extent some or all of the payments were not made on account of antecedent debt.

## EIGHTEENTH DEFENSE

On information and belief, to the extent that any of the Debtors made one or more of the transfers alleged in the SAC, the Debtor-transferor was not insolvent on the date that the payments were made and did not become insolvent as a result of such payments; was not engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with such Debtor was an unreasonably small capital; and/or did not intend to incur, or believe that it would incur, debts that would be beyond such Debtor's ability to pay as such debts matured.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that one or more of the payments to Later Defendants was made to a non-insider more than 90 days before the petition date.

### TWENTIETH DEFENSE

To the extent that any of the Debtors made one or more of the transfers alleged in the SAC to Later Defendants, Later Defendants received the transfers in good faith and for value equal to or in excess of the amounts received.

### TWENTY-FIRST DEFENSE

The Debtors and their estates did not have an interest in the property allegedly transferred or such interest was worthless because the property was fully encumbered by third-party liens.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any of the payments were not made under an employment contract.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Later Defendants were not insiders when the relevant debts were incurred.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to initiate and/or prosecute this action.

### TWENTY-FIFTH DEFENSE

On information and belief, any damages incurred by Plaintiff in connection with the subject matter of the Complaint were not proximately caused by the acts or conduct of the Later Defendants, but, in whole or in part, by the acts or conduct of third parties beyond the control of Later Defendants.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, judicial estoppel, waiver, abandonment, and/or issue and/or claim preclusion.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because to the extent that any of the Debtors made one or more of the transfers alleged in the SAC, Later Defendants did not have reasonable cause to believe that the Debtor was insolvent.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the expiration of the limitations period specified in 11 U.S.C.§ 546.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred because Debtors did not violate any federal or state laws, statutes, or regulations.

### THIRTIETH DEFENSE

Assuming the Debtors violated any federal or state laws, statutes, or regulations (which they did not), Plaintiff's claims are barred by the doctrine of in pari delicto, unclean hands, and/or illegality.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred because Later Defendants caused the Debtors to implement a system of controls to prevent, detect and remedy improper or illegal conduct and the Debtors appropriately monitored those controls and did not ignore any supposed red flags of improper or illegal conduct.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred because Debtors did not suffer or incur any injury and did not suffer any cognizable damage.

### THIRTY-THIRD DEFENSE

Plaintiff's damages, if any, are speculative and thus are not recoverable.

### THIRTY-FOURTH DEFENSE

Any recovery to which Plaintiff may be entitled from Later Defendants is limited to the percentage of responsibility of Later Defendants in proportion to the total fault of all covered persons.

### THIRTY-FIFTH DEFENSE

Under principles of contribution and indemnity, persons or entities other than Later Defendants are wholly or partially responsible for the purported damages, if any, Plaintiff and/or any Debtor has sustained.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims against Later Defendants are barred, in whole or in part, based on the Special Litigation Committee's binding investigation, findings, and decision not to pursue the claims asserted by Plaintiff.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims against Later Defendants must be dismissed to the extent that they have been released by the Debtors.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any amounts received by Later Defendants are no greater than the value given to the Debtors.

### THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statutory safe harbor of 11 U.S.C. § 546(e).

### FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the transfer did not occur within the statutory period of 11 U.S.C. 548(a)(1).

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the transfers were made for the satisfaction of an antecedent debt under a contractual obligation.

## FORTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Later Defendants were mere conduits for the transfers.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the transfers were not made with the actual intent to hinder, delay, or defraud a creditor.

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Later Defendants are entitled to a lien or right to retain the assets, enforcement of obligation incurred, and setoff.

## FORTY -FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Later Defendants are subsequent transferees who took for value from another subsequent transferee.

## FORTY -SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the transfers were made in a good faith effort to rehabilitate Debtors and secured present value as well as an antecedent debt.

## FORTY -SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by majority approval.

## FORTY -EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by failure to exercise due diligence.

### FORTY -NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by preemption.

### FIFTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead with particularity.

### FIFTY-FIRST DEFENSE

The SAC does not set forth any factual or legal basis to support an imposition of attorney fees, costs, and expenses.

### FIFTY-SECOND DEFENSE

The SAC does not set forth any factual or legal basis to support joint and several damages.

### FIFTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by ratification.

This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

Later Defendants hereby adopt and incorporate by reference any and all other applicable defenses asserted or to be asserted by any other defendant to the extent Later Defendants may share in such defense and such defenses are not inconsistent with the defenses pled herein.

Later Defendants allege that they have not knowingly or voluntarily waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Later Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or declare affirmative defenses are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, Later Defendants respectfully request that the Court grant judgment in their favor and against Plaintiff on all claims asserted against Later Defendants in the SAC and dismiss the SAC in its entirety with prejudice, award Later Defendants their recoverable costs in this action, and grant Later Defendants such other and further relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

Later Defendants reserve the right to revise, supplement, or amend their Answer and affirmative defenses, including reserving all defenses permitted under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, the Bankruptcy Code, and/or at law or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

WHEREFORE, Later Defendants seek judgment:

    A.    dismissing with prejudice all claims asserted against Later Defendants;

    B.    awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

    C.    granting such other and further relief as this Court may deem just and proper.

Dated:  October 24, 2022

_/s/ Sean M. Beach_____

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
E-mail: sbeach@ycst.com
         kguerke@ycst.com

SIDLEY AUSTIN LLP

Chad S. Hummel (*admitted pro hac vice*)
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Facsimile: 310-595-9501
E-mail: chummel@sidley.com

Sam Newman (*admitted pro hac vice*)
Stacy Horth-Neubert (*admitted pro hac vice*)
Genevieve Weiner (*admitted pro hac vice*)
Anna Gumport (*admitted pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600
E-mail:  sam.newman@sidley.com
         shorthneubert@sidley.com
         gweiner@sidley.com
         agumport@sidley.com

*Counsel for Defendants Mark A. McEachen, Frank Jalufka, and John Danielson*

59