

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
HOUSTON, TX

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE:** 302.652.4100
FACSIMILE: 302.652.4400

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

**TELEPHONE:** 310.277.6910
FACSIMILE: 310.201.0760

SAN FRANCISCO
ONE SANSOME STREET
34th FLOOR, SUITE 3430
SAN FRANCISCO
CALIFORNIA 94104

**TELEPHONE:** 415.263.7000
FACSIMILE: 415.263.7010

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE:** 212.561.7700
FACSIMILE: 212.561.7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

**TELEPHONE:** 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

Colin Robinson                June 16, 2023                crobinson@pszjlaw.com

**VIA ECF**

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

RE:   *George L. Miller, Chapter 7 Trustee v. Todd S. Nelson, et al.*; **D. Del. Bankr. Adv. No. 20-50627 (CTG)**

Dear Judge Goldblatt:

  I write jointly on behalf of George L. Miller, Chapter 7 Trustee (the "Trustee") and Defendants to provide an update on the status of discovery in the above-referenced adversary proceeding (the "Adversary Proceeding") and to propose a process for arriving at an appropriate case management and scheduling order.

  As Your Honor will recall, the Trustee is asserting claims against numerous former officers and directors of Education Management Corporation and related entities (collectively, "EDMC") for breach of fiduciary duty, civil conspiracy, and avoidance and recovery of certain alleged pre-bankruptcy payments. The claims for breach of fiduciary duty relate to a November 2015 settlement between EDMC and the United States government (and various state governments) resolving *qui tam* litigation challenging, among other things, EDMC's compensation of admissions and recruiting personnel (the "*Qui Tam* Litigation").

  Early on, the parties recognized that – for the reasons explained below – discovery in this action will be very lengthy, challenging and burdensome in light of the enormous volume of

DOCS_DE:243442.1



potentially discoverable documents and electronically-stored information ("ESI"). The parties thus met and conferred and agreed to begin the process of (i) identifying and locating all of the potential sources of relevant documents and ESI; (ii) assessing the volume of these materials; and (iii) formulating a plan for acquiring, accessing and/or processing these materials for use in the Adversary Proceeding. The parties recognized that it would likely take months to complete this initial exploratory work. The parties also agreed that once this phase was completed the parties would meet and confer in an effort to devise a case management and scheduling order to be proposed to the Court. There are several reasons why the parties believe this is the best way to proceed.

First, the *Qui Tam* Litigation upon which the Trustee's complaint is largely based involved several years of discovery. The Trustee asserts that, all told, EDMC is estimated to have produced more than 33 million documents to the government. The Trustee has been diligently collecting these materials. The Trustee also asserts that, to date, the Trustee has produced nearly 500,000 pages of electronic documents and sixty-one boxes of hard copy documents. The Trustee further asserts that it has obtained more than sixty hard drives that are believed to include some or all of the 33 million documents produced by EDMC in the *Qui Tam* Litigation. The parties are grappling with how to process and utilize the material on these hard drives, a process made more challenging by the fact that some of the hard drives are encrypted and others are corrupted. Once these issues are resolved, the parties will have to retain vendors to process and load the relevant ESI onto a review platform. Needless to say, the sheer volume of material and the issues presented are extraordinary, and will have a significant impact on the case management and scheduling order.

Second, in 2017, EDMC sold numerous schools and other assets to the Dream Center Foundation ("DCF"). The parties believe that DCF acquired virtually all of EDMC's then-existing documents and computer servers. Ultimately, DCF was put into receivership and the documents and servers became subject to the control of a court-appointed receiver (the "Receiver"). Based on information recovered by the Trustee, the parties understand that the Receiver acquired possession of a significant portion of EDMC's records, including potentially a petabyte (1,000 terabytes) of electronic data. While the receivership has been terminated, the



June 16, 2023
Page 3

parties believe that the former Receiver remains in possession of a very substantial volume of discoverable documents and ESI. Indeed, the index provided by the Receiver is itself 4,500 pages. The parties intend to issue a joint subpoena to the Receiver because informal attempts at obtaining discovery have been unsuccessful. The parties are therefore uncertain of the volume of documents and ESI that they will recover from the Receiver and are uncertain of how that subpoena will impact case management deadlines.

Third, pursuant to consent judgments entered in connection with the November 2015 settlement, a settlement administrator (the "Settlement Administrator") was appointed. The Settlement Administrator was authorized to conduct annual post-settlement reviews of EDMC's compliance efforts. The parties believe that the Settlement Administrator may possess discoverable information. To date, the Settlement Administrator has been cooperative; however, the parties are currently uncertain as to the volume of information in his possession and the potential effect on case management.

In conclusion, while the parties are actively pursuing and exploring discovery in a cooperative manner, they remain, at this point, unable to propose an appropriate case management schedule. Accordingly, in light of the above, the parties respectfully submit that the issuance of a scheduling order is not appropriate at this time. Instead, the parties intend to continue to complete their preliminary review of the discovery situation, and then report back to the Court within ninety (90) days regarding their progress.

Of course, the parties remain available to the Court at its convenience to discuss these matters or to provide any further information to the Court.

                Respectfully submitted,

                */s/ Colin R. Robinson*

                Bradford J. Sandler (DE Bar No. 4142)
                Colin R. Robinson (DE Bar No. 5524)
                PACHULSKI STANG ZIEHL & JONES LLP



June 16, 2023
Page 4

919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  bsandler@pszjlaw.com
             crobinson@pszjlaw.com

Steven M. Coren (*pro hac vice*)
Benjamin M. Mather (*pro hac vice*)
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
(215) 735-8700

*Counsel for George L. Miller, Chapter 7 Trustee*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (DE Bar No. 4070)
Kevin A. Guerke (DE Bar No. 4096)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253
E-mail: sbeach@ycst.com
kguerke@ycst.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Thomas S. Jones (*pro hac vice*)
6 PPG Place, Suite 700
Pittsburgh, PA 15222
Telephone: (412) 730-3071
Email: thomas.jones@nelsonmullins.com

*Attorneys for Defendants John Devitt Kramer and Mark Novad*



June 16, 2023
Page 5

      RICHARDS, LAYTON & FINGER, P.A.

      Marcos A. Ramos (DE Bar No. 4450)
      Zachary J. Javorsky  (DE Bar No. 7069 )
      One Rodney Square
      920 North King Street
      Wilmington, Delaware 19801
      Telephone: (302) 651-7700
      Facsimile: (302) 651-7701
      ramos@rlf.com
      javorsky@rlf.com

      MORGAN LEWIS & BOCKIUS LLP

      Michael L. Kichline (*pro hac vice*)
      Robert H. O'Leary (*pro hac vice*)
      1701 Market Street
      Philadelphia, PA 19103-2921
      Telephone: (215) 963-5000
      Facsimile: (215) 963-5001
      michael.kichline@morganlewis.com
      bob.oleary@morganlewis.com

      *Counsel for Defendants Edward West and Mick Beekhuizen*

      YOUNG CONAWAY STARGATT & TAYLOR, LLP

      Sean M. Beach (DE Bar No. 4070)
      Kevin A. Guerke (DE Bar No. 4096)
      Rodney Square
      1000 North King Street
      Wilmington, DE 19801
      Telephone: 302-571-6600
      Facsimile: 302-571-1253
      E-mail: sbeach@ycst.com
      kguerke@ycst.com



June 16, 2023
Page 6

SIDLEY AUSTIN LLP
Chad S. Hummel (*pro hac vice*)
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: 310-595-9500
Facsimile: 310-595-9501
E-mail: chummel@sidley.com

Sam Newman (*pro hac vice*)
Stacy Horth-Neubert (*pro hac vice*)
Genevieve Weiner (*pro hac vice*)
Anna Gumport (*pro hac vice*)
555 West Fifth Street
Los Angeles, California 90013
Telephone: 213-896-6000
Facsimile: 213-896-6600
E-mail: sam.newman@sidley.com
shorthneubert@sidley.com
gweiner@sidley.com
agumport@sidley.com

*Counsel for Defendants Mark A. McEachen and John Danielson*

BLANK ROME LLP

Jose F. Bibiloni (DE Bar No. 6261)
John E. Lucian (*pro hac vice*)
1201 N. Market Street
Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
E-mail: jose.bibiloni@blankrome.com
         john.lucian@blankrome.com

*Counsel for Defendant Frank Jalufka*

DOCS_DE:243442.1