IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RTI HOLDING COMPANY, LLC, [1] | ) | Case No. 20-12456 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 79, 124, 133, 147 & 151 |

Hearing Date: October 22, 2020 at 1:00 p.m.

## DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME FOR PERFORMANCE OF OBLIGATIONS UNDER UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(3)

The above-captioned debtors and debtors in possession herein (collectively, the

"Debtors") hereby file this omnibus reply (this "Omnibus Reply") in support of the *Debtors'*

*Motion for Entry of an Order Extending Time for Performance of Obligations Under Unexpired*

*Leases of Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3)* [Docket

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: RTI Holding Company, LLC (4966); Ruby Tuesday, Inc. (5239); Ruby Tuesday, LLC (1391); RTBD, LLC (6505); RT of Carroll County, LLC (8836); RT Denver Franchise, L.P. (2621); RT Detroit Franchise, LLC (8738); RT Distributing, LLC (6096); RT Finance, LLC (7242); RT FL Gift Cards, Inc. (2189); RT Florida Equity, LLC (7159); RT Franchise Acquisition, LLC (1438); RT of Fruitland, Inc. (1103); RT Indianapolis Franchise, LLC (6016); RT Jonesboro Club (2726); RT KCMO Franchise, LLC (7020); RT Kentucky Restaurant Holdings, LLC (7435); RT Las Vegas Franchise, LLC (4969); RT Long Island Franchise, LLC (4072); RT of Maryland, LLC (7395); RT Michiana Franchise, LLC (8739); RT Michigan Franchise, LLC (8760); RT Minneapolis Franchise, LLC (2746); RT Minneapolis Holdings, LLC (7189); RT New England Franchise, LLC (4970); RT New Hampshire Restaurant Holdings, LLC (7438); RT New York Franchise, LLC (1154); RT Omaha Franchise, LLC (7442); RT Omaha Holdings, LLC (8647); RT One Percent Holdings, LLC (6689); RT One Percent Holdings II, LLC (2817); RT Orlando Franchise, LP (5105); RT Restaurant Services, LLC (7283); RT South Florida Franchise, LP (3535); RT Southwest Franchise, LLC (9715); RT St. Louis Franchise, LLC (6010); RT Tampa Franchise, LP (5290); RT Western Missouri Franchise, LLC (6082); RT West Palm Beach Franchise, LP (0359); RTTA, LP (0035); RTT Texas, Inc. (2461); RTTT, LLC (9194); Ruby Tuesday of Allegany County, Inc. (8011); Ruby Tuesday of Bryant, Inc. (6703); Ruby Tuesday of Columbia, Inc. (4091); Ruby Tuesday of Frederick, Inc. (4249); Ruby Tuesday of Linthicum, Inc. (8716); Ruby Tuesday of Marley Station, Inc. (1641); Ruby Tuesday of Pocomoke City, Inc. (0472); Ruby Tuesday of Russellville, Inc. (1601); and Ruby Tuesday of Salisbury, Inc. (5432). The Debtors' mailing address is 333 East Broadway Ave., Maryville, TN 37804.

No. 79] (the "Motion"),[2] and in response to (a) the *Objection of National Retail Property, LP;*
*Aston Properties, Inc.; Benderson Development Company, LLC; Brookfield Properties Retail,*
*Inc.; Regency Centers, LP; Tanger Outlet Centers, Inc.; Win Properties, Inc.; And Realty*
*Income Corp. To Debtors Motion Extending Time For Performance Of Obligations Under*
*Unexpired Leases Of Nonresidential Real Property Pursuant To Bankruptcy Code Section*
*365(D)(3)* (the "First Landlord Objection") [Docket No. 124] filed by National Retail Property,
LP; Aston Properties, Inc.; Benderson Development Company, LLC; Brookfield Properties
Retail, Inc.; Regency Centers, LP; Tanger Outlet Centers, Inc.; Win Properties, Inc.; And Realty
Income Corp. (the "First Objecting Landlords"); (b) the *Objection of Brixmor Operating*
*Partnership, LP, CGI 3, LP, SCF RD Funding IV, LLC, Store Master Funding XIII, LLC, Store*
*Master Funding XIV, LLC, and Store SPE Ruby Tuesday 2017-8, LLC to Debtors Motion for*
*Entry of an Order Extending Time for Performance of Obligations Under Unexpired Leases of*
*Nonresidential Real Property Pursuant to Bankruptcy Code Section 365(d)(3)* [Docket No. 133]
(the "Second Landlord Objection" and together with the First Landlord Objection, the "Landlord
Objections"), filed by Brixmor Operating Partnership, LP, CGI 3, LP, SCF RD Funding IV,
LLC, Store Master Funding XIII, LLC, Store Master Funding XIV, LLC, and Store SPE Ruby
Tuesday 2017-8, LLC (the "Second Objecting Landlords"); and (c) the "joinders" in the First
Landlord Objection and/or the Second Landlord Objection [Docket Nos. 147 & 151] (together
with all other joinders filed or asserted at the hearing, the "Joinders") filed by Simon Property
Group, Inc. and Gold Square PA, LLC (the "Joining Landlords" and together with the First

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

Objecting Landlords and Second Objecting Landlords, the "<u>Landlords</u>").  In support of this

Omnibus Reply, the Debtors represent as follows:

**<u>INTRODUCTION</u>**

1.      It is undisputed that the Debtors have been and continue to be subject to

restrictive and debilitating COVID-19 regulations that significantly limit the amount of usable

dining room space.  It is further undisputed that this has had a material impact on the Debtors'

revenue.  Over the last four weeks, the Debtors have experienced an approximately 31% drop in

same-restaurant-sales.  Moreover, no one can accurately predict the future of COVID-19.  Some

believe it will take at least six to nine months before restaurants return to prior sales levels.

Others believe there could be a second round of infections that further prolongs a return to

normal sales.

2.      The Landlords do not challenge these facts and, as such, "cause" is shown

on the basis of the continuing debilitating effects of the COVID-19 pandemic alone.  In addition,

the Debtors' path through, and to a successful exit from, bankruptcy is dependent upon the

granting of the Motion.  The Debtors' aggregate rent obligations total approximately $5.5 million

for the postpetition period from October 7, 2020, through December 6, 2020.  The Debtors' DIP

budget does not envision or permit any lease payments for the first 60 days of these cases.  The

60-day deferral was a major assumption in the DIP budget which allows the Debtors to reach the

mid-November hearing related to the rabbi trust assets.  There is no "compromise" involving the

payment of rent during the first 60 days of these cases:  the DIP budget will not allow for it and

the depletion of additional cash could jeopardize the Debtors' ability to reach plan confirmation.

3.      The Debtors recognize that valid rent claims are administrative in nature and must be paid in order to confirm a plan to the extent that such claims are enforceable obligations which have not been otherwise abated by the Court.  However, the Landlords overreach with their contention that they are entitled to immediate payment of these rents. Where, as here, "cause" is shown to defer payment, rent is not subject to the immediate payment strictures of section 365(d)(3) of the Bankruptcy Code:  the provision does not state that, upon the expiration of the deferral period, the debtors must then immediately pay the amounts deferred.  Indeed, any such requirement would render the deferral relief provided to debtors in the statute utterly meaningless.  Further, the Landlords' purported entitlement to immediate payment of November and December rent as adequate protection under sections 361 and 363(e) is not well-founded given that the Landlords are already adequately protected by virtue of their administrative expense claim and the Debtors' continued payment of utilities and insurance.  The Debtors will satisfy all valid, enforceable and unabated obligations to the Landlords that come due from and after December 6, 2020, in the ordinary course, but rent coming due before such date should be deferred and will need to be addressed at another time as pending administrative expense claims against these estates.

## COVID-19 REGULATIONS CONSTITUTE "CAUSE" TO EXTEND TIME TO PAY RENT OTHERWISE COMING UNDER SECTION 365(d)(3)

4.      As discussed above and in the Motion, the impact that the COVID-19 pandemic has had on the Debtors' revenues and, by extension, their ability to pay rent is undisputed.  The Debtors continue to pursue all alternatives to improve sales and reduce costs. The proposed deferment of fixed costs under the Leases helps the estates to preserve the more

4

than 7,000 jobs that are dependent upon the continuation of the Debtors' business operations, in addition to those jobs that may be affected at the Debtors' suppliers, and maximize the recovery for all creditors including the Landlords.

5.     As discussed in the Motion, courts nationwide, including this Court in the pending *True Religion* and *Art Van* retailer cases, have recognized that these unprecedented circumstances constitute "cause" to extend time to perform lease obligations within the meaning of section 365(d)(3).

6.     By insisting to the contrary, the Landlords press an interpretation of section 365(d)(3) that would effectively read out part of the statute.  The authorities cited by the Landlords for their contention are distinguishable.  For example, in *In re Papercraft Corp.*, 126 B.R. 926. (Bankr. W.D. Penn. 1991), cited by the Second Objecting Landlords, the issue of non-payment of rent during the first 60-day period was raised by the lessor when the debtor failed to pay rent timely without having sought relief or establishing cause under section 365(d)(3).  In that case, the creditors committee, not the debtor, moved for deferment of the estate's obligation to pay rents pursuant to section 365(d)(3) on the grounds that deferment would enhance recoveries for general unsecured creditors.  Unlike here, the debtor was withholding rent while it prepared to move to new premises and was, in the meantime, collecting rent from a subtenant that was leasing a portion of the debtor's former premises. It appears from the facts that the assets at issue were unencumbered.  Critical to the court's finding that no cause to defer rents existed, the debtor asserted at the preliminary hearing on the matter of payment to its former

5

landlord that it had the cash available to pay administrative expenses as they came due.  *Id.* at 931-32.

7.    Similarly, *In re Pyxsys Corp.*, 288 B.R. 309 (Bankr. D. Mass. 2003), is inapposite.  The *Pyxsys* case involved a motion by a landlord for payment of administrative rent against a chapter 7 trustee, not a deferment sought by a chapter 11 debtor seeking to reorganize or to sell its business.  The chapter 7 trustee was utilizing scarce estate resources to pursue speculative litigation against former officers and directors.  The chapter 7 trustee objected to the landlord's motion to compel payment of rent on the grounds that, in relevant part, if rent was paid and the trustee did not prevail in the litigation the estates "may" be administratively insolvent.  *Id.* at 316.   However, as in *Papercraft*, the assets in the estates were unencumbered and sufficient to pay both rents and other administrative expenses, such that the trustee was able to pay the rents and the risk of administrative insolvency was low.  *Id.*

8.    Here, in contrast, the Debtors are operating in accordance with a strict budget and tight timelines in order to have a chance at a successful emergence from chapter 11.  Unlike in *Papercarft* and *Pyxsys*, the Debtors' lenders have not consented to the use of cash for payments of rent during the 365(d)(3) deferral period.  The unpredictability of the COVID-19 pandemic and its impact on the Debtors' business leaves no margin for error.

9.    The Landlords' contention that Debtors should not waive the right to surcharge their DIP lenders' collateral as a "safety valve" to recover rent payments does not negate cause.  The terms of the DIP loan, which were heavily negotiated, provide for a waiver.  In any event, even if there was no waiver, unless consented to by the secured creditor, a section

506(c) surcharge to pay such rents is not guaranteed.  11 U.S.C. § 506(c); *In re Towne, Inc.*, 536

Fed. Appx. 265 (3d  Cir. 2013) (requiring a showing that, *inter alia*, the expense be "necessary"

and provides direct benefit to the secured creditor.).

### THE LANDLORDS ARE NOT ENTITLED TO IMMEDIATE PAYMENT OR ESCROWING OF RENT AS ADEQUATE PROTECTION UNDER SECTIONS 361 AND 363(e) OF THE BANKRUPTCY CODE

10.     Having failed to rebut the existence of cause for the proposed extension

under section 365(d)(3), the Landlords contend that payment of November and December rent is

nonetheless mandated as adequate protection under sections 361 and 363(e) of the Bankruptcy

Code.[3]  As discussed above, however, section 365(d)(3) specifically provides that courts may

defer the payment of rent during the first 60 days of the case if "cause" is shown.  The Landlords

cannot sidestep the plain language of section 365(d)(3) by layering additional adequate

protection obligations on the Debtors' estates pursuant to sections 361 and 363(e) of the

Bankruptcy Code.  These provisions must be interpreted with reference to section 365(d)(3).[4]

11.     In any event, given the clear mandate of section 365(d)(3), courts have

concluded that landlords must look to their remedies under section 365 in seeking adequate

protection of their interest in a lease.  *See, e.g.*, *In re Sweetwater*, 40 B.R. 733 (Bankr. D. Utah

1984), *aff'd*, 57 B.R. 743 (D. Utah 1985).  Thus, where section 365(d)(3) is satisfied, the

---

[3]  Under section 363(e) of the Bankruptcy Code, "at any time, on request of an entity that has an interest in property . . . leased . . . by the trustee, the court . . . shall prohibit or condition such . . . lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).  However, "adequate protection" is designed to compensate a non-debtor only to the extent any proposed lease "results in a decrease in the value of such entity's interest in such property."  11 U.S.C. §§ 361(1), (2).

[4]  Indeed, by its terms, the Bankruptcy Code applies the concept of adequate protection to sections 362, 363 or 364, not section 365.  *See* 11 U.S.C.§ 361.

landlord cannot resort to section 363(e) to enhance its protection.  *See P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 403-08 (Bankr. S.D.N.Y. 2001) (explaining that section 365(d)(3) provides the maximum protection for landlords and they may not augment protection under sections 361 and 363(e)); *In re Republic Technologies Int'l, LLC*, 267 B.R. 548 (Bankr. N.D. Ohio 2001) (personal property lessor's adequate protection rights defined by section 365(d)(10)).

12.    When faced with the issue of a debtor seeking to defer payment of rents coming due during the initial 60-day period, the United States Bankruptcy Court for the Eastern District of Virginia rejected the landlords' contention that deferment to a pandemic-stricken retailer be based upon sections 361 and 363(e).  *In re Pier 1 Imports, Inc.*, 2020 WL 2374539 (Bankr. E.D. Va. May 10, 2020).  The *Pier 1 Imports* court reasoned that its holding was supported by the following:  (a) the debtors' deferred payment of rent while they continue use of the leased premises, does not decrease the value of any lessor's interest in the property; (b) the debtors were paying costs to preserve and maintain the properties such as utilities, security, and insurance; (c) there was no feasible alternative to the relief sought in the motion – the debtors could not operate as a going concern and produce the revenue necessary to pay rent because they have been ordered to close their business, nor could the debtors effectively liquidate the inventory while their stores remain closed; (d) the lessors were not the only creditors in the case, yet they were the only creditors objecting to the motion; (e) the unfortunate reality of the situation was that the debtors had scarce resources currently available to them, and the severe cost reduction measures implemented by the debtors allowed them the best possible chance of effectuating a value-maximizing sale for the

8

benefit of all creditors; and (f) the lessors were merely one group among many that must make concessions in order to benefit all.

13.    Here, it is beyond dispute that cause exists to defer rents to the Landlords. The potential right to adequate protection does not undercut the existence of cause.  Moreover, as was concluded in *Pier 1 Imports*, the Landlords are adequately protected, notwithstanding deferment.  As in *Pier 1*, the DIP budget reflects the payment of utilities and insurance. Moreover, the Debtors have filed first day motions to ensure that utilities are not shutoff pursuant to section 366 of the Bankruptcy Code and that they may continue their prepetition insurance programs.  The immediate payment or escrow of rent coming due during the first 60 days of these cases is not compelled under sections 361 or 363(e) of the Bankruptcy Code.

*[Remainder of page left intentionally blank.]*

## CONCLUSION

Based on the foregoing, the Debtors respectfully request that the Court enter an

order (i) granting the Motion; (ii) overruling the Landlord Objections and Joinders; and

(iii) granting such other and further relief as the Court deems appropriate.


Dated:  October 19, 2020                PACHULSKI STANG ZIEHL & JONES LLP


                                        /s James E. O'Neill
                                        Richard M. Pachulski (CA Bar No. 90073)
                                        Malhar S. Pagay (CA Bar No. 189289)
                                        James E. O'Neill (Bar No. 4042)
                                        Victoria A. Newmark (CA Bar No. 183581)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, Delaware  19899-8705 (Courier 19801)
                                        Telephone:  302-652-4100
                                        Facsimile:  302-652-4400
                                        Email: rpachulski@pszjlaw.com
                                               mpagay@pszjlaw.com
                                               joneill@pszjlaw.com
                                               vnewmark@pszjlaw.com

                                        [Proposed] Counsel for Debtors and Debtors in Possession

DOCS_LA:333225.2 76136/0021